UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 20 P 1:04

**MARTY CALDERON**
**Plaintiff**

VS.

CASE NUMBER:
302CV1767 (SRU)

**NEW HAVEN POLICE DEPARTMENT,**
**OFFICER PAUL CAVALIER (OFFICIAL**
**CAPACITY), CITY OF NEW HAVEN**
**Defendants**

OCTOBER 17, 2003

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PAUL CAVALIER TO PLAINTIFF'S AMENDED COMPLAINT DATED JULY 28, 2003

1.  Paragraph 1 states a legal conclusion that does not require a response.

2.  As to paragraph 2, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

3.  Paragraph 3 is admitted only to the extent that defendant Paul Cavalier is employed by the defendant City of New Haven in its Department of Police Service.

4.  Paragraph 4 is admitted with the clarification that the union to which reference is made represents officers employed by the City of New Haven in its Department of Police Services.

5.  As to that portion of paragraph 5 as alleges the plaintiff sustained an injury, this defendant does not have sufficient knowledge or information upon

which to form a belief, and therefore leaves the plaintiff to her proof; as to the remaining allegations contained in said paragraph, they are admitted with the clarification that defendant Officer Paul Cavalier was, and is employed by the defendant City of New Haven in its Department of Police Service.

6. Paragraph 6 is admitted with the clarification that the union to which reference is made represents officers employed by the City of New Haven in its Department of Police Service.

7. To the extent that paragraph 7, either expressly or impliedly, alleges improper actions of misconduct, commission of unconstitutional acts, negligence, intentional acts, tortious acts or a reckless disregard of the truth against defendant Paul Cavalier, it is denied; as to any other allegations contained in this paragraph, this defendant does not answer them as they appear not to be directed against this defendant.

8. To the extent that paragraph 8, either expressly or impliedly, alleges that defendant Paul Cavalier was not properly trained, it is denied; as to any other allegations contained in this paragraph, this defendant does not answer them as they appear not to be directed against this defendant.

9. To the extent that paragraph 9, either expressly or impliedly, alleges unlawful acts on the part of defendant Paul Cavalier, it is denied; as to any other allegations contained in this paragraph, this defendant does not answer them as they appear not to be directed against this defendant.

10. To the extent that paragraph 10, either expressly or impliedly, alleges that defendant Paul Cavalier was not responsible and ethical, it is denied;

and, as to any other allegations contained in this paragraph, this defendant does not answer them as they appear not to be directed against this defendant.

11. To the extent, either expressly or impliedly, that the allegations contained in paragraph 11 are directed to defendant Paul Cavalier they are denied; to the extent that such allegations are directed to a defendant other than defendant Paul Cavalier, no response is made.

12. Paragraph 12 is admitted.

13. So much of paragraph 13 as alleges an illegal arrest in general, or an illegal arrest in violation of Section 54-1F of the General Statutes in particular, is denied; as to the remaining allegations contained in said paragraph, it is admitted that on October 7, 2000, the plaintiff was arrested at her residence at 43 Prospect Place Ext. in East Haven, Connecticut at a time subsequent to 4:16 a.m., and that defendant Cavalier was escorted to plaintiff's residence by Officer Kelly of the East Haven Police Department.

14. So much of paragraph 14 as alleges that defendant Paul Cavalier has previously responded that he had probable cause to arrest the plaintiff without a warrant is admitted; as to the remaining allegations contained in said paragraph concerning what the plaintiff "claims," this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

15. Paragraph 15 is admitted to the extent that defendant Paul Cavalier arrested the plaintiff at her home in East Haven at a time subsequent to 4:16 a.m. on October 7, 2000 without a warrant, and that the arrest arose out of a

complaint made by plaintiff's ex-husband, Christopher Santos, concerning an incident that took place at 125 Oakley Street in New Haven in the late evening hours of October 6, 2003.

16. So much of paragraph 16 as alleges that defendant Paul Cavalier did not observe the incident to which reference is made in his Case Incident Report is admitted; and as to the remaining allegations contained in said paragraph, they are admitted to the extent that the arrest arose out of a complaint made by Christopher Santos, that the Case Incident Report of defendant Cavalier further reported that the incident was observed by Iris Santos, and that Linda Santos stated that she also observed the incident.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied in that Linda Santos reported to defendant Paul Cavalier that she observed the incident; as to any other allegations contained in said paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

19. Paragraph 19 is admitted to the extent that it is reported in defendant Paul Cavalier's Case Incident Report that Iris Santos observed the incident; as to the remaining allegations contained in said paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

20. As to paragraph 20, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. As to paragraph 23, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

24. As to paragraph 24, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

25. As to paragraph 25, since a record of such an incident has not yet been located, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

26. As to paragraph 26, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

27. As to paragraph 27, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

28. As to paragraph 28, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

29. To the extent that paragraph 29 alleges that New Haven police should have known of the events described in this paragraph, it is denied; as to the remaining allegations contained in this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

30. As to paragraph 30, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

31. Paragraph 31 is denied.

32. As to paragraph 32, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

33. As to paragraph 33, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

34. As to paragraph 34, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

35. Paragraph 35 is denied.

36. As to paragraph 36, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

37. As to paragraph 37, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

38. Paragraph 38 is admitted.

39. Paragraph 39 is admitted.

40. Paragraph 40 is admitted.

41. Paragraph 41 is admitted to the extent that the discovery requests to which reference is made were objected to and that no answers were required until such time as the objections were resolved; it is denied that such discovery requests were relevant to this U.S.C. Section 1983 complaint, that said requests were not beyond the scope of discovery and that any evidence obtained from these interrogatories would be admissible under the Federal Rules of Evidence, Sections 404(b), 402, 401, 406 and 803.

42. Paragraph 42 is admitted.

43. Paragraph 43 is admitted to the extent that certain discovery requests, to which objections had been interposed have not been answered within thirty days; and in one other instance, where it was believed an objection had been interposed, a response was not forthcoming within thirty days.

44. As to paragraph 44, defendant Paul Cavalier waived service of the summons and complaint against him, however, and such waiver took place prior to November 13, 2002; as to the remaining allegation in this paragraph, as it is directed against another defendant, defendant Paul Cavalier does not respond to it.

45.     Paragraph 45 is admitted to the extent that defendant Paul Cavalier has a recollection that at some point during the arrest process, prior to the plaintiff refusing to talk further to him, she claimed that she had not made any threats; as to any other allegation, either express or implied in this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

46.     As to paragraph 46, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied.

49.     Defendant Paul Cavalier denies the making of any defamatory or slanderous statements with respect to the plaintiff and, therefore, it is denied that there is anything to retract; as to the remaining allegations contained in this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

50.     As to paragraph 50, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to her proof.

51.     Paragraph 51 is denied.

52.     Paragraph 52 is denied.

**FIRST COUNT**

To the extent that what is set forth in what is denoted as paragraph 1 amounts to allegations against defendant Paul Cavalier, they are denied, and his answers to paragraphs 1 through 52 are incorporated herein as if they were fully set forth; to the extent that what is set forth amounts to a claim for relief, no response is required.

**SECOND COUNT**

To the extent that what is set forth in what is denoted as paragraph 2 amounts to allegations against defendant Paul Cavalier, they are denied, and his answers to paragraphs 1 through 52 are incorporated herein as if they were fully set forth; to the extent that what is set forth amounts to a claim for relief, no response is required.

**THIRD COUNT**

To the extent that what is set forth in what is denoted as paragraph 3 amounts to allegations against defendant Paul Cavalier, they are denied, and his answers to paragraphs 1 through 52 are incorporated herein as if they were fully set forth; to the extent that what is set forth amounts to a claim for relief, no response is required.

**FOURTH COUNT**

To the extent that what is set forth in this Count amounts to allegations against defendant Paul Cavalier, they are denied, and his answers to paragraphs 1 through 52 are incorporated herein as if they were fully set forth; to the extent that what is set forth amounts to a claim for relief, no response is required.

**FIFTH COUNT**

To the extent that what is set forth in this Count amounts to allegations against defendant Paul Cavalier, they are denied, and his answers to paragraphs 1 through 52 are incorporated herein as if they were fully set forth; to the extent that what is set forth amounts to a claim for relief, no response is required.

**ATTORNEY'S FEES**

To the extent that what is set forth in this paragraph under what is denoted as "Attorney Fees" amounts to allegations against defendant Paul Cavalier, they are denied; to the extent that what is set forth amounts to claims for relief, no response is required.

**FIRST AFFIRMATIVE DEFENSE**

1.  At all relevant times, the defendant was a government employee whose actions were discretionary, and additionally, one or both of the following would apply:

    (a) the defendant's actions did not violate any of the plaintiff's clearly established rights under the Constitution and laws of the United States;

    (b) it was objectively reasonable for the defendant to believe that his actions were not unlawful.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the claims alleged by the plaintiff under the laws of the State of Connecticut, or in the alternative, should decline to exercise jurisdiction over said claims.

**THIRD AFFIRMATIVE DEFENSE**

This defendant asserts his common law and statutory immunities from liability for the actions alleged to have violated the laws of the State of Connecticut.

THE DEFENDANT, OFFICER PAUL CAVALIER

BY: _____
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of Corporation Counsel
165 Church Street
New Haven, CT 06510
(203)946-7962
Fed. Bar #ct12681
His Attorney

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on 17th day of October, 2003, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT 06852

_____
Michael A. Wolak, III

11