UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

**MARTY CALDERON**
    **Plaintiff**

2003 OCT 30 P 12: 21

US DISTRICT COURT
BRIDGEPORT CT

VS.

**CASE NUMBER:**
**302CV1767 (SRU)**

**NEW HAVEN POLICE DEPARTMENT,**
**OFFICER PAUL CAVALIER (OFFICIAL**
**CAPACITY), CITY OF NEW HAVEN**
    **Defendants**

**OCTOBER 29, 2003**

## DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DISCLOSURE DATED OCTOBER 17, 2003

Defendants object to plaintiff's Motion to Compel Disclosure, dated October 17, 2003, and as grounds therefore would show as follows:

1. On or about October 2, 2003, undersigned counsel requested that the police officer who operates as the liaison officer between the Office of Corporation Counsel and the New Haven Department of Police Service obtain all New Haven police reports concerning Christopher Santos, date of birth: December 22, 1955.

2. Subsequent to this request, the liaison officer provided undersigned counsel with copies of police reports concerning Christopher Santos: date of birth: December 22, 1955.

**ORAL ARGUMENT NOT REQUESTED**

3. On October 6, 2003, undersigned counsel left for the plaintiff to be picked up by her a total of eight t(8) New Haven police reports covering the time period July 4, 1978 to May 4, 1989 pertaining to Christopher Santos, date of birth: December 22, 1955.

4. Upon receipt of plaintiff's Motion to Compel, dated October 17, 2003, undersigned counsel asked the liaison officer if there were any other reports concerning Christopher Santos, date of birth: December 22, 1955, and undersigned counsel was informed by the liaison officer that no other such reports had been located.

5. Undersigned counsel believes that plaintiff has been provided with all New Haven police reports concerning Christopher Santos, date of birth: December 22, 1955, that can be located. If plaintiff believes there are other "incidents," perhaps they took place in another jurisdiction, or, they were of such a nature that no report was generated.

6. With respect to plaintiff's request for a copy of any 911 tape recording pertaining to the October 6, 2000 incident, not only is the plaintiff's motion pre-mature, it is also moot. As plaintiff's request for a copy of said tape recording was not made until she requested it in court, orally, on October 2, 2003, the Honorable Stefan Underhill gave the defendants thirty (30) days to comply if there were a copy of said 911 tape recording.

7. Said request is moot in that research into requests by the State's Attorney Office for the year 2000 shows no record of a 911 call into the City of New Haven's 911 Center on October 6, 2000 from 125 Oakley Street. Records

were also checked for October 5th and 7th, 2000 with negative results. It is possible that the call to the police from 125 Oakley Street came over the public non-emergency number, and therefore there would be no record. If there was a 911 call from 125 Oakley Street on November 6, 2000, the City of New Haven's 911 Center did not receive a request from the court, via the State's Attorney's Office, or via a request being filed with City Clerk's Office, to preserve said tape within thirty (30) days of its recording, and therefore, the tape, if one existed, would have been recycled.

                THE DEFENDANTS

BY: _/s/ Michael A. Wolak_
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of Corporation Counsel
165 Church Street
New Haven, CT 06510
(203)946-7970
Fed. Bar #ct12681
Their Attorney

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on October 29, 2003, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT 06852

_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D028\P002\00006382.DOC