FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 AUG -2  A 8:28

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MARTY CALDERON
    Plaintiff

VS.

CASE NUMBER:
302CV1767 (SRU)

NEW HAVEN POLICE DEPARTMENT,
OFFICER PAUL CAVALIER (OFFICIAL
CAPACITY), CITY OF NEW HAVEN
    Defendants

JULY 29, 2004

## JOINT STATUS REPORT[1]

**A.**    **OVERVIEW OF THE CASE**

    **1.**    **Brief Description of Matter, Relief Requested, Relationship to Other Pending Actions.**

Plaintiff Marty Calderon has brought claims against the defendants alleging various violations of the United States Constitution, the Constitution of the State of Connecticut, federal law, Connecticut statutory and common law *and any state and federal statutes as cited in the complaints.* Plaintiff has alleged false arrest, malicious prosecution, discrimination based on race, conspiracy involving the deprivation of equal protection of the law, a "Monell" claim, defamation, interference with property rights, interference with contracts and physical injury. Plaintiff is seeking monetary damages.

This lawsuit stems from plaintiff's arrest at her residence in East Haven, Connecticut by defendant Paul Cavalier, a New Haven police officer, in the early

1

morning hours of October 7, 2000, at approximately 4:30 a.m., *according to the plaintiff's statement and various police reports.* Officer Cavalier's arrest of the plaintiff was the result of a threatening complaint to which he responded in the late evening hours of October 6, 2000. According to the *plaintiff and* police report, Officer Cavalier responded to the complaint at 125 Oakley Street, New Haven, Connecticut, between approximately 10:30 p.m. and 11:00 p.m. The complaint was made by plaintiff's former husband, Christopher Santos, who allegedly reported to Officer Paul Cavalier that on or about October 6, 2000 that the plaintiff made a threat to him *around 10:30 p.m.* on that date at 125 Oakley St., New Haven, Connecticut. *However, the plaintiff has submitted a copy of Christopher Santos police arrest and conviction record which shows Mr. Santos has a felony criminal record with criminal arrests and prosecutions for crimes such as assault on the plaintiff, cocaine drug dealing, carrying guns, and threatening neighbors with guns during Christopher Santos residency in the City of New Haven which has been over 30 years, and the alleged threatening actions by the plaintiff took place at his residence in New Haven, Connecticut.*

*The plaintiff claims that Officer Paul Cavalier never witnessed any of the alleged claims made by Mr. Christopher Santos on the night of October 6, 2000 and that Paul Cavalier was not at 125 Oakley Street, New Haven, Connecticut at the time the alleged incident occurred that Mr. Santos claims happens.*

---

[1] The pro se plaintiff has insisted on the inclusion of certain language in this Join Status Report that counsel for the defendants finds either objectionable, beyond the scope of a Joint Status Report or redundent. Such language is italicized in the Joint Status Report.

2

*In addition, according to Officer Paul Cavalier's own police report, there is conflicting witness statements in that the police report states that the plaintiff's daughter, Linda Santos was a witness at 125 Oakley Street, New Haven, CT at the time Officer Paul Cavalier claims that the plaintiff made a threat to Christopher Santos. However, Officer Paul Cavalier submitted to the prosecution and the police department of which the plaintiff has already submitted evidence to this court, that Paul Cavalier had Christopher Santos sign a statement stating that Linda Santos was at work when Mr. Santos claims the plaintiff made the threat to him, so in essence Officer Paul Cavalier has submitted conflicting witness statements of an alleged threat which Officer Paul Cavalier claims the plaintiff made to Christopher Santos on October 6, 2000. In addition, the plaintiff claims that the prosecutor Jack Doyle entered a nollie of the prosecutions charge on September 17, 2002 in front of Judge Bernadette Conway and it is the plaintiff's basic claim that she cannot be prosecuted on misleading and false and conflicting evidence. In addition, the plaintiff has submitted to a polygraph examination regarding the evening in question during the week of November 6, 2000 and the results were given to Judge Stefan Underhill. The results proved according to the polygraph examiner that the plaintiff never made any threat to Mr. Christopher Santos on October 6, 2000 and Mr. Christopher Santos has never submitted to any polygraph examination.*

*The plaintiff has claimed in her complaint that Mr. Christopher Santos has a history of threatening the plaintiff and committed spousal abuse towards the plaintiff during their 10 year marriage.*

*The plaintiff has also submitted as evidence, court transcripts of Mr. Christopher Santos conflicting and lying testimony at another hearing in Superior Court in front of Judge Alander in which Christopher Santos was continuing to lie to the courts about the plaintiff in order to get his way.*

*The plaintiff has claimed that even after Officer Paul Cavalier's claims against the plaintiff were never prosecuted, Officer Paul Cavalier and the New Haven Police Dept. and the City of New Haven never retracted the "hearsay" statements made in Officer Paul Cavalier's Police Report on October 6 and October 7, 2000 regarding the plaintiff and the plaintiff has claimed defamation in that she was libeled by Officer Paul Cavalier's statements in his police report in that the plaintiff has claimed that she never made any threats to Mr. Christopher Santos and never saw him on October 6, 2000.*

The plaintiff claims that she does not have any present pending civil action that is related to her claims against Paul Cavalier and the City of New Haven.

2. **Concise Summary of Disputed Issues of Fact and Law.**

a) Did defendant Paul Cavalier have probable cause to arrest the plaintiff?

b) Assuming that he had probable cause to do so, could defendant Paul Cavalier arrest the plaintiff at her residence in East Haven, without a warrant, for a misdemeanor offense that allegedly occurred in New Haven according to Connecticut General Statute Section 54-1f and the 14th Amendment of the U.S. Constitution and the Connecticut Constitution.

c) Was the plaintiff subject to malicious prosecution?

d) Was the plaintiff defamed?

e) Should the defendant's have retracted the police report in question and it's conflicting and misleading statements made against the plaintiff?

f) Was the plaintiff subject to discrimination based upon race and was she denied equal protection of the laws of the United States in that Officer Paul Cavalier took Christopher Santos as true and ignored any of the plaintiff's denial of Christopher Santos allegations and refused to retract the statements made in his police report despite the conflicting evidence already presented to this court?

g) Was the plaintiff deprived of equal protection of the law?

h) Were plaintiff's property rights interfered with?

i) Were the plaintiff's contract rights interfered with?

j) Did the defendant City of New Haven, through its police department, have a custom or persistent practice of deliberately indifferent training of its police officers?

k) Did the defendant City of New Haven, through its police department, have a custom or practice of failing to discipline police officers with respect to violations of constitutional rights of citizens?

l) Should Officer Paul Cavalier's past history of excessive force with arrestee's be admissible as evidence in the event of a trial?

m) Assuming that a violation of the United States Constitution is found, is defendant Paul Cavalier entitled to qualified immunity?

n) With respect to the state law claims brought by the plaintiff, is defendant Paul Cavalier entitled to common-law qualified immunity?

o) With respect to the state law claims brought by the plaintiff against defendant City of New Haven, acting through its police department, is defendant City of New Haven entitled to statutory or common law governmental immunity?

p) Did plaintiff suffer any physical injuries as a result of the incident that took place on October 7, 2000?

q)   What are the foreseeable monetary damages as a result of the failure of Officer Paul Cavalier and the City of New Haven to retract the "hearsay" statements of Christopher Santos in the police report in question?

**3.   Discovery.**

Defendants have deposed the plaintiff and they do not believe that they require any further discovery. Plaintiff has served upon defendants written discovery requests to which the defendants have either responded or interposed objections. Plaintiff would like to take depositions. This will necessitate a modification of the Scheduling Order.

**4.   Court Facilitation.**

Defendants would request a conference with the court to discuss the viability of plaintiff's claims in the hopes of excising from the case those claims for which the plaintiff has no proof or legitimate legal theory according to the defendants. *According to the plaintiff, she has submitted several police reports, statements of alleged witnesses, court transcripts of prior court hearings, a polygraph examination of the plaintiff and in the plaintiff's view she has presented so much evidence that the complainant, Christopher Santos lied to Officer Paul Cavalier and that by now both Officer Paul Cavalier and the New Haven Police Department should retract the "hearsay" statements of Christopher Santos made on October 6, 2000 so as not to further harm the plaintiff.* Also, such a conference would aid in having discovery completed.

**B.   SETTLEMENT**

1. **Good Faith Settlement Discussions.**

The parties have never discussed the possibility of settlement, but the defendants, because of the present posture of the case, are not in a position to make a settlement offer.

2. **Settlement Conference Held?**

A settlement conference has not been held in this case.

3. **Settlement Conference Requested.**

Defendants believe that reference of this matter to Magistrate Judge William I. Garfinkle might be beneficial to explore the possibility of settlement, and for discussion of the matters set forth in Section A.4.

4. *Damages.*

*The plaintiff has claimed more than $15,000 in damages and the plaintiff wants the defendants to retract the "hearsay" statements in the police report in question in that Officer Paul Cavalier never witnessed any of the alleged claims made by Christopher Santos else or anyone on October 6, 2000.*

C. **TRIAL PREPARATION**

1. **Trial Readiness.**

Assuming plaintiff is able to obtain the depositions that she believes are necessary, matter could be ready for trial by the beginning of February, 2005. (It should be noted that this date also takes in defendants' counsel's trial schedule between now and that date).

2.  **Additional Preparation Needed Other than Previously Discussed.**

None.

3.  **Additional Pleadings.**

None presently contemplated.

THE PLAINTIFF,

BY: *Marty Calderon* 8/1/04
Marty Calderon, Pro se
P. O. Box 503
Norwalk, CT 06852
(860) 593-3592
E-mail: centoriacalderon@hotmail.com
E-mail: misscalderon@yahoo.com

THE DEFENDANTS,

BY: *Michael C. Wolak*
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of Corporation Counsel
165 Church Street
New Haven, CT 06510
(203) 946-7970
Fax #: (203) 946-7942
E-mail: mwolak@newhavenct.net
Fed. Bar #ct12681
Their Attorney

J:\CYCOM32\WPDOCS\D029\P002\00004040.DOC

8