UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTY CALDERON, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02cv1767 (SRU) |
| | : | |
| PAUL CAVALIER, NEW HAVEN | : | |
| POLICE DEPT. AND THE CITY OF NEW | : | |
| HAVEN, | : | |
|     Defendants. | | |

### RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO COMPEL

On October 10, 2003, I heard oral argument on the several discovery motions filed by the plaintiff, Marty Calderon. I agreed with Calderon that the defendants should turn over any complaints filed by her concerning her former husband. I also agreed with her that the defendants should turn over, if they possessed it, a recording of an alleged 911 call made by Calderon's former husband. In all other respects, I denied Calderon's motions, concluding that her additional requests were not reasonably calculated to lead to the discovery of admissible evidence. Since then, Calderon has filed two motions – a motion for me to reconsider my previous ruling and a motion to compel the defendants to produce copies of the complaints against Calderon's former husband and a recording of the 911 call.

<u>Motion for Reconsideration</u>

In discovery, Calderon requested from the defendants all internal affairs complaints filed against New Haven police officers since 1993, as well as all complaints ever filed against defendant Paul Cavalier. By the October 10, 2003 oral argument, the defendants had provided Calderon with all internal affairs complaints that related to allegations of false arrest or bias, i.e., claims similar to Calderon's. The defendants had also produced a copy of the internal affairs

complaint filed against Cavalier by Calderon.[1]  I concluded that defendants were not required to produce anything else in response to Calderon's request because none of the additional documents requests were reasonably calculated to lead to the discovery of admissible evidence. Calderon asks me to reconsider that ruling.

The standard for granting a motion for reconsideration is strict.  See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir.1995).  Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Id.

Calderon has pointed me to a number of cases discussing the propriety of allowing a plaintiff to discover confidential police reports.  These cases discuss how the potential invasions of privacy and the risks to effective law enforcement that attend disclosure of police reports do not outweigh a civil litigant's discovery rights, especially when such concerns can be mitigated through protective orders and redaction.  See, e.g., Scaife v. Boenne, 191 F.R.D. 590, 595 (N.D. Ind. 2000) (describing circumstances under which litigant has a right to internal affairs complaints); Soto v. City of Concord, 162 F.R.D. 603, 614 (N.D. Cal. 1995) (use of protective order substantially reduced privacy concerns caused by production of internal affairs documents); Sasu v. Yoshimura, 147 F.R.D. 173, 175-76 (N.D. Ill. 1993) (police investigation files are confidential and should be disclosed under a protective order); King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988) (subject to appropriate redactions civil rights plaintiff entitled to relevant police documents).

---

[1] I confirmed at the October argument, by *in camera* review of all complaints filed against Cavalier, that the complaint produced was the only one relevant to Calderon's suit.

I agree with the principles set out in these cases.  I agree with Calderon that, as a general matter, she is entitled to internal affairs complaints that bear on her claim.  I agree that had defendants imposed confidentiality objections to Calderon's discovery requests, it may have been appropriate, as she suggests, for me to have ordered redacted production.  None of that causes me to question my prior ruling.  My ruling was not based on a determination that Calderon could not discover internal affairs documents, but on a determination that the additional documents she requested were not reasonably calculated to lead to the discovery of admissible evidence.  Calderon has not raised any issues of fact or law overlooked in that determination.  Accordingly, I decline to reconsider my earlier ruling.

<u>Motion to Compel</u>

Calderon's motion to compel seeks production of a tape of her former husband's 911 call and copies of complaints filed by her about her former husband.  Those things were ordered produced at the October 10, 2003 argument.  Nevertheless, so there is no ambiguity, I will grant the motion.  I note that the defendants claim they have already produced everything in their possession responsive to this request.  If so, they have no further obligation, save their obligation under Rule 26(e) to supplement their production should any further information come to light.

For the aforementioned reasons, Calderon's Motion for Reconsideration (doc. # 79) is DENIED and her Motion to Compel Disclosure (doc. # 77) is GRANTED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of September 2004.

                                          /s/ Stefan R. Underhill
                                          Stefan R. Underhill
                                          United States District Judge