UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**MARTY CALDERON**                    **CASE NO.: 3:02 CV 1767 (SRU)**

**VS.**

**PAUL CAVALIER, ET AL.**              **APRIL 20, 2005**

## JOINT TRIAL MEMORANDUM

1. **TRIAL COUNSEL**:

    a) Plaintiff:
    Marty Calderon, Pro Se
    P.O. Box 503
    Norwalk, CT  06852
    Telephone:  (860) 593-3592
    E-mail:  misscalderon@yahoo.com

    b) Defendants:
    Michael A. Wolak, III
    Assistant Corporation Counsel
    City of New Haven
    Office of the Corporation Counsel
    165 Church Street, 4th Floor
    New Haven, CT  06510
    Telephone:  (203) 946-7970 or 7958
    Fax:  (203) 946-7942
    E-mail:  mwolak@newhavenct.net

2. **JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code and the U.S. Constitution Fourth Amendment, U.S. Constitution Fourthteenth Amendment, Article 1 Section 7, Section 9 of the Connecticut Constitution, 42 U.S.C. 1983, 28 U.S.C. Section 1331, concurrent jurisdiction pursuant to Connecticut General Statutes Section 54-1F, 52-73, and 7-465.

**3.    JURY/NON-JURY**

This is a jury case.

**4.    LENGTH OF TRIAL**

a)    Plaintiff's estimate: Six weeks.

b)    Defendant's estimate: Defendants estimate that this case should not require more than two days of trial time.

**5.    FURTHER PROCEEDINGS**

a)    Plaintiff: The Plaintiff needs to file an amended complaint to add the U.S. Constitution Fourth Amendment to her jurisdictional claims of her claimed civil rights violations.

b)    Defendants: None.

**6.    NATURE OF CASE**

Plaintiff and Defendant: The Plaintiff, Marty Calderon has brought claims against the defendants alleging various violations of the United States Constitution, the Constitution of the State of Connecticut, federal law and Connecticut statutory and common law. The Plaintiff has alleged false arrest, malicious prosecution, discrimination based on race, conspiracy involving the deprivation of equal protection of the law, a "Monell" claim, defamation, interference with property rights, interference with contracts and physical injury. The Plaintiff claims the Defendants deprived her of her constitutional rights to be free from an unwarranted arrest and seizure inside her home at 43 Prospect Pl, Ext., East Haven, CT on October 7, 2000 at 4:30 a.m. The Plaintiff claims that the Defendants did not have probable cause to arrest the Plaintiff pursuant to 42 U.S.C. Section 1983, U.S. Constitution Fourth Amendment, and Connecticut General Statutes Section 54-1F. Plaintiff is seeking compensatory and punitive

damages.

Defendant Paul Cavalier has denied the claims that the plaintiff has made against him. With respect to the federal claims, he has asserted the affirmative defense of qualified immunity, under federal law. As to the plaintiff's state law claims, he has set forth the affirmative defenses of the court's lack of jurisdiction over these claims, or, in the alternative that the court should decline to exercise jurisdiction over said claims, and his immunity to these claims pursuant to the doctrine of state law qualified immunity.

Defendant City of New Haven has denied the claims of the plaintiff. Concerning the plaintiff's state law claims, this defendant has pled the affirmative defense of lack of jurisdiction of the court over these claims, or in the alternative, that the court should decline to exercise jurisdiction, and the affirmative defense of its common law and statutory immunities from liability.

**7.     STATEMENT OF CASE**

A)     <u>Defendant</u>:    This lawsuit stems from plaintiff's arrest at her residence in East Haven, Connecticut by defendant Paul Cavalier, a New Haven police officer, at approximately 4:30 a.m., on October 7, 2000. Officer Cavalier's arrest of the plaintiff was the result of threatening complaint to which he responded at approximately 11:20 p.m. on October 6, 2000. Plaintiff's former husband, Christopher Santos, made the complaint. Plaintiff's alleged threatening actions took place at the Santos residence located at 125 Oakley Street in New Haven, Connecticut. Plaintiff's federal and state law claims against the defendants arise from her contentions that her arrest was without probable cause, was improper because it was made in East Haven by a New Haven officer without a warrant, and that she had to defend herself in court against the criminal charges.     B.) Plaintiff:  On October 6, 2000 the Defendants claimed they received a

call from Christopher Santos, the Plaintiff's ex-husband who claimed that the Plaintiff had trespassed his property and made a threat to him at 125 Oakley Street in New Haven, CT.  Officer Paul Cavalier with the assistance of the Officer John Kelly from the East Haven Police Department went to the Plaintiff's place of residence at about 4:30 a.m. in the morning on October 7, 2000 without a warrant and arrested the Plaintiff in her home.  The Plaintiff claims that the the town of East Haven is outside the jurisdiction of the New Haven Police Department and neither the City of New Haven, the New Haven Police Department, nor Officer Paul Cavalier had jurisdiction to make a warrantless arrest of the Plaintiff in violation of her constitutional rights to be free from search and seizure in her home.  The Plaintiff after being arrested, was detained at the New Haven Police Department lockup from Saturday until Monday and the Plaintiff claims that she has been slandered and libeled by such warrantless arrest, without sufficient probable cause from reliable witnesses pursuant to case law, and that such arrest and malicious prosecution has interfered with the Plaintiff's future business expectancy to practice law in the United States of America in that the Plaintiff was pursuing a law degree at the time of the warrantless arrest and has graduated in December of 2004 and the Plaintiff has reason to believe such slanderous and libelous accusations made by the Defendants has interfered with her right to practice law due to the fact that even though the charges brought against the defendant nollied at New Haven Superior court in 2002, the Defendants have failed to retract such libelous statements made against the Plaintiff in the Defendant's police report dated October 7, 2000.  The Plaintiff herewith claims that the arrest was made against her constitutional rights to be free from an unwarranted arrest outside the jurisdiction of the Defendant, New Haven Police Department.  Therefore, the Plaintiff is claiming damages for same.

Plaintiff's Relief sought: a) Retraction and/or expulsion of arrest records of said unlawful arrest. b) monetary relief for damages resulting from said unlawful arrest in the form of compensatory, punitive damages pursuant to the law.

**8.   TRIAL BY MAGISTRATE JUDGE**

Plaintiff:  The Plaintiff respectfully would like Judge Stephen R. Underhill to preside over the case through trial in that Judge Underhill is very familiar with this case and he has presided over the case since the Plaintiff filed her complaint and is familiar with the issues.

Defendants:  Defendants would agree to a trial by magistrate judge.

**9.   LIST OF WITNESSES**

a)   Plaintiff's List of Witnesses:

1) Linda Santos, New Haven. CT (Fact Witness as to her whereabouts on the night of April 6, 2000 and events that occurred with her father Christopher Santos from October 6, 2000 until 2005. Testimony will be given regarding her attendance at Southern Connecticut University.  Testimony will also be given regarding the New Haven Probate hearings in front of Judge Keyes and orders made).

2) Joshua Santos, Enfield, CT (Testimony will be given regarding his affidavit already given to the court in the Plaintiff's pleadings. Testimony will also be given regarding his relationship with his father, Christopher Santos and Mother, Christopher Santos.)

3) Michael Vignola, Milford, CT (Testimony will be given regarding the Plaintiff's employment under his supervision and the Plaintiff's

income while employed under his supervision.)

4) <u>Michael Koseski</u>, Woodbridge, CT (Testimony will be given regarding the Plaintiff's character and the character of her children.)

5) <u>Christopher Santos</u>, New Haven, CT (Nature of his present and past criminal background, the Plaintiff's child support and divorce proceedings during 2004, his testimony at the New Haven Superior Court hearing in December of 2004 in front of Judge Jon Alander.

6) <u>Iris Santos,</u> New Haven, CT (Nature of her relationship with Christopher Santos, Linda Santos, the Plaintiff's lien on her property at 125 Oakley Street, New Haven, CT, and her quit-claim deed to Christopher Santos of same property.)

7) <u>Albert Roman</u>, New Haven, CT (Testimony will be given regarding the Plaintiff's character, and the character of the Plaintiff's ex-husband Christopher Santos.)

8) <u>Robert Torello</u>, Branford, CT (Testimony will be given regarding the Plaintiff's character).

9) <u>Expert Witness</u> ( Police policy and procedure/police brutality)

10) <u>Expert Witness</u> (Spousal abuse)

11) <u>Bernie Soldate Investigator</u> (Expert witness)

12) <u>East Haven Police Department Human Resource Department Supervisor</u>. (Testimony will be given regarding qualifications for hiring East Haven Police officers and the racial makeup of the East Haven Police Department during the relevant years of 2000-2005. Testimony will be given regarding the Defendant's policy and

procedure manual and training required.)

13) <u>New Haven Police Department Human Resource Department Supervisor</u>. (Testimony will be given regarding qualifications for hiring New Haven Police officers and the racial makeup of New Haven Police Department during the relevant years of 2000-2005. Testimony will also be given regarding Officer Paul Cavalier's personnel file and blemishes on his employment at the New Haven Police Department and prior complaints against Officer Paul Cavalier. Testimony will be given regarding the Defendant's policy and procedure manual and training required.)

14) <u>Robert Molloy, Madison, CT</u> (Testimony will be given if needed regarding the Plaintiff's employment at his company.)

15) <u>Expert Witness</u> regarding applications for admittance to the Bar for the practice of law.

16) <u>Marty Calderon, Norwalk, CT</u> (Testimony will be given regarding her arrest on October 7, 2000, regarding her ex-husband, Christopher Santos, regarding Iris Santos, and regarding Linda Santos. Testimony will also be given regarding the Plaintiff's education, work experience, medical records, job searches, and the Plaintiff's personal knowledge of the New Haven and East Haven Police Departments including Internal Affairs complaints the Plaintiff has made against the New Haven Police Department. The Plaintiff will give testimony regarding the sale of her house at 43 Prospect Pl. Ext., East Haven, CT and her living circumstances since then.

        Testimony will be given regarding the Plaintiff's sexual relationship with her ex-husband Christopher Santos and his abuse of the Plaintiff.)

17) Rape victims by New Haven and East Haven police officers.

18) Any other witnesses with knowledge of the Plaintiff and/or the Defendant's witnesses as deemed necessary according to the Federal Rules of Civil Procedure. Disclosure will be made prior to trial.

b) <u>Defendants' List of Witnesses</u>:

(i) Witnesses who are expected to be called to testify:

1. <u>Officer Paul Cavalier</u>, 1 Union Avenue, New Haven, CT 06519. Officer Cavalier Smith will testify as to his knowledge of, and participation in the events as outlined in plaintiff's Amended Complaint.

2. <u>Christopher Santos</u>, 125 Oakley Street, New Haven, CT. Mr. Santos will testify as to the events that took place at his home in the evening hours of October 6, 2000, and the information that he supplied to Officer Cavalier.

3. <u>Sgt. Kevin Emery (ret.)</u>, 1 Union Avenue, New Haven, CT 06519. Former Sgt. Emery, who was Officer Cavalier's supervisor on the date of this incident will testify as to his involvement in this incident, including his discussions with Officer Cavalier.

(ii) Witnesses that may be called to testify:

  1. <u>Iris Santos</u>, 125 Oakley Street, New Haven, CT. Mrs. Santos will testify as to the events that took place at her home in the evening hours of October 6, 2000, and the information that was supplied to Officer Cavalier.

  2. <u>Linda Santos,</u> 125 Oakley Street, New Haven, CT. Ms. Santos will testify as to the events that took place at 125 Oakley Street in the evening hours of October 6, 2000, and the information that was supplied to Officer Cavalier.

  3. <u>Officer John Kelly</u>, East Haven Police Department, East Haven, CT 06512. Officer Kelly will testify as to the assistance he provided to Officer Cavalier during the arrest of the plaintiff on October 7, 2000.

**10. <u>DEPOSITION TESTIMONY</u>**

 a) <u>Plaintiff</u>: Prior to the trial the Plaintiff may depose Christopher Santos and Linda Santos and Sargeant Kevin Emery. Plaintiff reserves her right to amend her complaint or supplement her complaint pursuant to the Federal Rules of Civil Procedure 15 to make additional claims if necessary prior to trial in that the Plaintiff claims that she has damages that are foreseeable to reoccur.

 b) <u>Defendants</u>: None.

**11. <u>EXHIBITS</u>**

 a) <u>Plaintiff</u>: Exhibits to be offered as evidence:

  1) Officer Cavalier's case incident report dated October 6-7, 2000.

2)  Family violence Offense Report dated October 7, 2000 signed by Christopher Santos.

3)  Christopher Santos' conviction and arrest record as already filed as an exhibit with the Plaintiff's pleadings.

4)  Restraining order against Christopher Santos that was ordered by Judge Jones dated 12/13/93.

5)  CR6-307109 Superior Court Failure to Appear Charge for Christopher Santos.

6)  CR6307060 Superior Court Failure to Appear Charge for Christopher Santos.

7)  10 page judicial record dated 5/9/89 of warrant issued for Christopher Santos for Possession of narcotics.

8)  New Haven Register article of narcotics arrest of Christopher Santos.

9)  New Haven Police Dept. Complaint No. 496448, 6/5/86.

10) New Haven Police Department Complaint No. 112711, 12/3/85.

11) East Haven Police Dept. Complaint No. 15230, 11/29/85.

12) New Haven Police Dept. Complaint No. 99993, 11/14/84.

13) East Haven Police Dept. Complaint, 12/2/93.

14) New Haven Police Dept. Complaint No. 58243, 7/4/78.

15) East Haven Police Dept. Complaint No. 07365 6/14/85.

16) Notre Dame High School Letter-Joshua Santos, 12/6/93.

17) New Haven Police Dept. Complaint #54095.

18) Defendant's Responses to Interrogatories, 6/20/03.

19) The Plaintiff's Divorce and child support pleadings and Christopher Santos divorce and child support pleadings from New Haven Superior Court.

20) Probate order dated May 14, 2001 that Linda Santos obtain counseling from Judge Keyes at New Haven Probate court.

21) Plaintiff's medical records.

22) Linda Santos medical records.

23) Affidavit of Joshua Santos.

24) Prax Air employment records for Christopher Santos.

25) Home Depot, Inc. employment records for Linda Santos.

26) Southern Connecticut State Univ. school records for Linda Santos.

27) Plaintiff's employment records.

28) Plaintiff's college transcripts.

29) Plaintiff's contract of sale of property located at 43 Prospect Pl. Ext., East Haven, CT from 2001.

30) Appraisal of house at 43 Prospect Pl. Ext., East Haven, CT.

31) Plaintiff's unemployment records.

32) Plaintiff's pleadings from the criminal prosecution of Officer Cavalier's arrest of the Plaintiff.

33) Transcript from hearings of the criminal prosecution of Officer Cavalier's arrest of the Plaintiff.

34) Internal Affairs complaints against the Defendants made by the Plaintiff and other individuals.

35) The Policy and Procedure manual for the City of New Haven Police Department.

36) Officer Paul Cavalier's personnel record from his employer the City of New Haven Police Department.

37) The Town of East Haven Police incident report dated October 7, 2000.

38) History of Federal lawsuits brought against the City of New Haven and the New Haven Police Department and State lawsuits brought against the City of New Haven and the New Haven Police Department.

39) Norwalk Police Department reports related to assaults on the Plaintiff and interference with the Plaintiff's civil rights.

40) Bernie Soldate Private Investigator Polygraph report from November of 2000.

41) Several Bar Examination Applications

42) MPRE March 2005 Examination Results

43)   Juris Doctorate from Quinnipiac University Dated December, 2004.

44)   Plaintiff's student Loan bills from law school.

45)   Plaintiff's credit report.

46)   Bridgeport, CT Police Report.

47)   Financial Affidavit's of Christopher Santos.

48)   Tax returns of the Plaintiff 1998 –2005.

49)   Lawsuits and complaints against the East Haven Police Department related to civil rights.

50)   New Haven Superior Court transcript dated 1/24/01 with Prosecutor Joseph Lamotta and the Plaintiff, re: Motion to Dismiss the criminal prosecution.

51)   New Haven Superior court transcript dated 12/15/00, with the Plaintiff and Christopher Santos with Judge Jon Alander presiding (impeachment purposes).

52)   The Defendant's answers and pleadings and Plaintiff's pleadings from this civil case.

53)   Other police reports not listed involving Christopher Santos.

54)   The Plaintiff's job searches and interviews and job applications.

55)   Videos and pictures of the Plaintiff and her children.

56)   Documents related to Prosecution's nollie of criminal charges.

      b)    <u>Defendants</u>:

          (i)    Exhibits expected to be offered:

              None presently anticipated.

          (ii)    Exhibits that may be offered if need arises:

              1.    Officer Paul Cavalier's Case Incident Report with attached Victim Account Report and Family Violence Offense Report all dated October 6- 7, 2000.

## 12. **ANTICIPATED EVIDENTIARY PROBLEMS**

**Plaintiff**: The Plaintiff will be objecting to the Defendant's two (2) motions limine with supporting memorandums of law in that the Plaintiff will claim that any testimony or reference to any misconduct, Internal Values and Ethics complaints or proceedings, or any other type of proceedings with the New Haven police Department and Defendants is relevant to the type of civil rights violations the Plaintiff has made in her complaints.

The Plaintiff also claims that the Defendant's main witness, Christopher Santos' conviction and arrest record is relevant in that the Plaintiff has already claimed in her proceedings that the Defendants made a warrantless arrest on the Plaintiff based on non credible witnesses statements and Christopher Santos' arrest and conviction arrest record is therefore relevant. The Plaintiff has also claimed in her pleadings that Christopher Santos has historically abused the Plaintiff and her children. The Plaintiff claims that she has already filed most of the arrest and conviction records of Christopher Santos as exhibits with her pleadings and the Defendant did not object to them and the pleadings and exhibits have already been file with this court. Plaintiff will

also claim that in similar Federal District Court cases the Plaintiff's are allowed to admit relevant evidence pertaining to police misconduct and a pattern and/or practice of same to prove municipality liability pursuant to case law.

**Defendants**: Defendant will be filing two (2) motions in limine with supporting memorandums of law. The first motion will seek to exclude any testimony or reference to any misconduct, Internal Values and Ethics complaints or proceedings, or any other type of disciplinary proceedings with respect to the defendant police office. The second motion will seek to exclude from evidence any non-relevant and/or non-probative testimony or reference by the plaintiff, including but not limited to, the particulars of her relationship with Christopher Santos, or his prior criminal record.

**13.    STIPULATIONS OF FACT AND LAW**

    a)    As proposed by plaintiff:

    b)    As proposed by defendants:

        1.    At all relevant times defendant Paul Cavalier was a police officer employed by the New Haven Department of Police Service.

        2.    At all relevant times defendant Paul Cavalier was acting under color of law.

        3.    On October 6, 2000, at approximately 11:20 p.m., defendant Paul Cavalier was dispatched to 125 Oakley Street, New Haven, Connecticut, due to a complaint made by Christopher Santos, the former husband of the plaintiff.

        4.    On October 7, 2000, at approximately 4:30 a.m., defendant Paul Cavalier arrested the plaintiff on the charges of threatening and simple trespass at her residence at 43 Prospect Place Ext. in East

    Haven, Connecticut.

  5. The plaintiff's arrest by defendant Paul Cavalier was not pursuant to a warrant.

**14. TRIAL BY JURY**

 (1) Proposed Voir Dire Questions:

  a) Plaintiff:

   1) State your name, address, and occupation and age and nationality.

   2) Do you have any children and their ages.

   3) Are you married or divorced.

   4) Have you ever been divorced.

   5) If the juror is a woman: Have you ever been abused by any husband or boyfriend in the past.

   6) If the juror is a woman: Have you ever been sexually assaulted by anyone.

   7) Have you ever been arrested, if yes by what police department.

   8) Have you ever been pulled over by a police officer while driving your car, if yes state what police department.

   9) Have you ever had your civil rights violated by a police officer.

   10) Have you ever been slandered or libeled.

   11) If woman, has the father of the children ever been delinquent in child support payments. Attached.

        12)    Do you have any friends or family that work for any Police Department either now or in the past.

        13)    Do you feel that police officers can make mistakes while on duty to the public or do you feel that police officers are always right in their decision making.

        14)    Do you feel that the city or state should be liable for damages to the public caused by their police officers.

   b)    Defendant: Attached.

(2)    Proposed Jury Instructions:

Plaintiff:

<u>Jury Instructions on the charge</u>:

### A.    Plaintiff's Charge against Defendant Officer Paul Cavalier and Defendant, City of New Haven:

If you find that Officer Paul Cavalier arrested the Plaintiff in her home without probable cause and in violation of C.G.S. Section 54-1f(c), which states members of any local police department or the office of state capitol security, sheriffs, deputy sheriffs, special deputy sheriffs and constables who are certified under the provisions of sections 7-294a to 7-294e, inclusive, and who perform criminal law enforcement duties, when in immediate pursuit of one who may be arrested under the provision of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest. Such person may then be returned in the custody of such officer to the precinct in which the offense was committed, then you may find for the Plaintiff that Defendants are guilty of violating the Plaintiff's civil rights to be free from an unwarranted arrest inside her home.

In addition, if the jury finds that the Plaintiff had not committed any crime in the presence of the Defendant Officer Paul Cavalier on the night of October 6, 2000 in the Town of New Haven, the jurisdiction of the Defendants, then the jury must find that Officer Paul Cavalier did not have authority to arrest the Plaintiff in her home outside of the jurisdiction of the City of New Haven.

**B.** **Plaintiff's Charge against the Defendant Officer Paul Cavalier and the City of New Haven:**

If you find that the Defendants Officer Paul Cavalier and the City of New Haven violated the Plaintiff's U.S. Constitution Fourth Amendment rights and 42 U.S.C. Section 1983 to be free from unreasonable search and seizure in the Plaintiff's home and place of residence at 4:30 a.m., then the jury must find for the Plaintiff.

**C.** **Plaintiff's Charge against the City of New Haven (Municipal Liability):**

Plaintiff's Charge against the Defendant's City of New Haven, if you find that the Defendant, City of New Haven, had a policy and custom or practice to violate civilian's civil rights such as making illegal arrests and causing personal injury to civilians in violation of 42 U.S.C. Section 1983 and the U.S. Constitution Fourth Amendment, C.G.S. Section 54-1F, 52-73, and 7-465 and the Plaintiff's injuries resulted from such execution of an official policy and/or custom then you must find for the Plaintiff.

**D.** **Plaintiff's Charge against the Defendant Officer Paul Cavalier and the City of New Haven:**

Plaintiff's Charge against the Defendant's City of New Haven and Officer Paul Cavalier, if you find that the Defendants libeled and slandered the Plaintiff causing damage to her reputation for the accusations made in Officer Paul Cavalier's Police Report dated October 6-7, 2000 against the Plaintiff and such accusations were in

reckless and/or negligent disregard for the truth, then you must find for the Plaintiff.

    **E.    Plaintiff's Charge against the Defendant Officer Paul Cavalier and the City of New Haven:**

Punitive Damages:

Punitive and Compensatory damages:

If you find the Defendants guilty of violating the Plaintiff's civil rights pursuant to the 42 U.S.C. Section 1983 and the U.S. Constitution Fourth Amendment, then you can award the Plaintiff compensatory damages to compensate her for lost wages, personal injuries, costs, and lost future wages, and legal fees.

If you find the Defendants guilty of violating the Plaintiff's civil rights pursuant to 42 U.S.C. Section 1983 and the U.S. Constitution Fourth Amendment and C.G.S. Section 7-465, then you can also award the Plaintiff punitive damages to punish the Defendants for their illegal conduct.

        b)    Defendant: Attached.

    (3)    Jury Interrogatories/Proposed Verdict Form:

        a)    Plaintiff and Defendants would request that this be deferred until after May 12, 2005 calendar call so that issues to be tried can be more clearly defined.

    (4)    Proposed Case Statement:

        a)    Plaintiff and Defendants agree that the statement provided in the "Nature of Case" section of the Joint Trial Memorandum would be the proposed case statement.

THE PLAINTIFF, MARTY CALDERON

BY:_____
    Marty Calderon, Pro Se
    P.O. Box 503
    Norwalk, CT  06852
    Telephone:  (860) 593-3592
    E-mail:  misscalderon@yahoo.com

THE DEFENDANTS, PAUL CAVALIER
AND THE CITY OF NEW HAVEN

BY:_____
    Michael A. Wolak, III
    Assistant Corporation Counsel
    165 Church St., 4th floor
    New Haven, CT  06510
    Federal Bar # ct12681
    Telephone: (203) 946-7970 or 7958
    Fax # (203) 946-7942
    E-mail:  mwolak@newhavenct.net
    Their Attorney