**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARTY CALDERON** | : | **CASE NO.: 3:02CV1767 (SRU)** |
| **VS.** | : | |
| **PAUL CAVALIER, ET AL.** | : | **APRIL 20, 2005** |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**I.**

The plaintiff's federal claims against defendant Paul Cavalier are brought under a section of the federal law, 42 U.S.C. §1983, known as the Civil Rights Act. This statute, which I will refer to as "Section 1983" allows lawsuits to be brought for money damages when a person, acting under the color of state law, deprives another person or corporation, of constitutional or federal rights. Specifically, Section 1983 provides that:

> Every person who, under color of any statute…of any State…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish her claims under Section 1983 against defendant Paul Cavalier, the plaintiff must prove the following three elements by a preponderance of the evidence:

 (1) that this defendants acted under color of state law;

 (2) that this conduct of this defendant deprived her of a right secured by the Constitution of the United States; and

(3)     that the actions of this defendant was the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that defendant Paul Cavalier was acting under color of Connecticut state law.  Both sides agree that at the time of the incident alleged in plaintiff's complaint, defendant Paul Cavalier was acting in his capacity as a police officer with the New Haven Department of Police Service, and therefore, he was acting under color of state law.  Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that this defendant deprived her of a constitutional right, and that such conduct proximately caused her injuries and damages.  In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that this defendant had any specific intent to deprive the plaintiff of her constitutional rights in order for you to find for the plaintiff.  Ms. Calderon is entitled to relief if Officer Paul Cavalier intended to perform the actions that resulted in a violation of her rights, if you find her rights have been so violated.  She is also entitled to relief if you find that this defendant acted with a reckless disregard of her rights.  Reckless disregard of a plaintiff's rights means not caring whether or not those rights were being violated.  However, if this defendant acted negligently, mistakenly, or inadvertently, then he cannot be said to have violated plaintiff's rights.  Thus, if you determine that defendant Paul Cavalier acted negligently, mistakenly, or inadvertently,

even if you find that the plaintiff was injured as a result of those actions, you must find

for this defendant.

**Authority:**

> Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3; Schwartz and Pratt.

> Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.

> Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).

> Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and 3-5; Schwartz and Pratt.

> Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.

> Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.

> Brower v. County of Inyo, 489 U.S. 593, 596 (1989).

> This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

## II.

Ms. Calderon claims that Officer Cavalier violated her Fourth Amendment right to

be free from an unlawful arrest, by taking her into custody without probable cause.  In

general, the Fourth Amendment guarantees "the right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures."

Typically, an officer may make an arrest without a warrant if the arrest is based on

probable cause, which simply means "a reasonable ground for belief." Probable cause exists when, at the time of the incident, all the facts and circumstances known to the officer, or of which he had reasonably reliable information, are sufficient to permit a reasonable police officer to believe that the person taken into custody had committed, or was committing, an offense under state or federal law. A police officer does not need to be certain of a person's guilt nor does he need to have proof beyond a reasonable doubt. Also, the facts known to the officer need not be enough to convict the person arrested. But the officer must have more than a hunch, guess, conjecture, or suspicion. The plaintiff has the burden of establishing by a preponderance of the evidence that she was taken into custody without probable cause. If probable cause existed for the arrest, then the plaintiff was not subjected to an unreasonable seizure.

In order for you to determine whether the arresting police officer had probable cause to arrest the plaintiff for any of the charges made against her, I shall instruct you as to the elements of the offenses that the plaintiff was initially charged with committing when she was taken into custody.

The defendant police officer took the plaintiff into custody based upon the alleged violation of two Connecticut criminal statutes, these being threatening (Section 53a-62 of the Connecticut General Statutes) and simple trespass (Section 53a-110a of the Connecticut General Statutes). The threatening statute in effect at the time of plaintiff's arrest, in pertinent part, provides as follows:

"(a) A person is guilty of threatening when: (1) By physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury, or (2) he threatens to commit any crime of violence with the intent to terrorize another, to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or (3) he threatens to commit such crime in reckless disregard of the risk of causing such terror or inconvenience."

The simple trespass statute, in pertinent part, provides as follows:

"(a) A person is guilty of simple trespass when, knowing that he is not licensed or privileged to do so, he enters any premises without intent to harm any property."

I instruct you that if there was probable cause to arrest the plaintiff on the charge of either threatening or simple trespass, and Officer Cavalier was authorized to make this arrest, then the plaintiff was not unlawfully taken into custody, and your verdict must be in favor of the defendant Paul Cavalier on plaintiff's Section 1983 claim for false arrest.

**Authority:**

Section 1983 Litigation Jury Instructions, Vol. 4, Instruction 8.01.1, pp. 8-5, 8-6 and 8-7, Instruction 8.01.3, pp 8-12 and 8-13; Schwartz and Pratt.

Baker v. McCollan, 443 U.S. 137, 145 (1979).

Smith v. Gonzalez, 670 F. 2d 522 (5th Cir.), cert denied, 459 U.S. 10055 (1982).

This is in essence a portion of the instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio,, Civil Action No. 3:98cv678 (WIG), United States District Court, District of Connecticut.

**III.**

In determining the reasonableness of defendant Cavalier's warrantless arrest of the plaintiff in this particular case, other Connecticut statutory authority must be examined. As the complaint made by Mr. Santos to Officer Cavalier involved a domestic violence incident, Section 46b-38b of the Connecticut General Statute becomes applicable. This statute requires that a police officer make an arrest in domestic violence situations when the officer determines, upon speedy information, a domestic violence crime has been alleged to have been committed within his jurisdiction. Section 46b-38a of the Connecticut General Statutes defines "crime" as felonies and misdemeanors that include assault or acts of threatened violence.

Section 54-1f(a) of the Connecticut General Statutes provides the authority by which a police officer "shall arrest, without previous complaint and warrant, any person for any offence in their jurisdiction," Section 54-1f(c) authorizes a police officer from one jurisdiction to pursue an individual into another jurisdiction for the purpose of making an arrest for an offense that occurred in the arresting officer's jurisdiction. It suffices for the purposes of this statute that the "pursuit" is conducted without undue delay and is accomplished at the earliest safe opportunity. No chase is required under this statute to comport with the term "immediate pursuit" as used in this statute.

Therefore, it is incumbent upon the plaintiff to show, by a preponderance of the evidence that it was unreasonable, under all the circumstances, for Officer Paul

Cavalier to effectuate a warrantless arrest of her at her residence in East Haven for an alleged domestic violence incident that occurred in New Haven.

**Authority:**

Section 46b-38b of the Connecticut General Statutes.

Section 54-1f of the Connecticut General Statutes.

State v. McCollough, 88 Conn. App. 110 (2005).

## IV.

The plaintiff in this action is seeking to recover damages against defendant Paul Cavalier for his having been prosecuted for the offense of threatening (Section 53a-62 of the Connecticut General Statutes) and simple trespass (Section 53a-110a of the Connecticut General Statutes),  that is, the plaintiff is asserting a cause of action which in law is known as a malicious prosecution.  I shall first state broadly the elements of the cause of action which the plaintiff must prove in order to recover and later discuss them in some detail.  In substance, she must prove that the defendant officer instigated the criminal proceedings, that it was done without probable cause and that it was done with malice.  Additionally, where a plaintiff has brought a claim pursuant to Section 1983, as was done here, she must prove that she suffered a significant deprivation of liberty.

With respect to the first element that plaintiff must prove, there is no dispute that the plaintiff was arrested.

The second element of the case which the plaintiff must prove is that she was arrested without probable cause. When we speak of probable cause in this connection we mean that the defendant Paul Cavalier had knowledge of facts which would be sufficient to justify a reasonable man in believing that there were reasonable grounds for instituting the criminal proceeding. You see it would not be enough if you should find that the defendant himself believed, no matter how sincerely, that he had such grounds. The question is: would a reasonable person, situated as was the defendant, under the circumstances then existing, believe that there were reasonable grounds for the proceedings? Certainly mere conjecture or suspicion would not satisfy the requirement of reasonable grounds. In judging the defendant's conduct you are to consider only the facts and circumstances which existed at the very time the proceedings were instituted. Facts subsequently occurring or information subsequently acquired are to be disregarded by you. The burden to prove that the defendant acted without probable cause rests on the plaintiff. This may seem to you to cast upon her something in the nature of an obligation to prove a negative; but the law is so that she cannot recover unless, upon all the evidence, you find it proven that the defendant acted without probable cause. In this context you must remember that even if the charges were ultimately nolled, that is not evidence that the defendant lacked probable cause when the prosecution was commenced.

With respect to the third element, to show malice, the plaintiff must show that the criminal prosecution was initiated for a purpose other than to secure a conviction of a

guilty person, or that it was initiated out of ill will or reckless disregard for the rights of the accused.  A prosecution is initiated with reckless disregard for the rights of the accused when it is initiated without any reasonable belief that the accused has actually committed the offenses for which he is charged.  If you find that the defendant Paul Cavalier did not have probable cause to believe that the plaintiff committed the crimes for which she was charged, you may, but are not required, to infer that the defendant acted maliciously.  Remember, however, that lack of probable cause does not establish malice, but if, in view of all the circumstances and in light of all the evidence, you conclude that it is reasonable to make that inference, it is your right to do so.  You cannot, however, bring in a verdict for the plaintiff unless you find the defendants acted with malice from all the evidence in the case, including such reasonable inferences as you may draw from a conclusion, if you make such a conclusion, that the defendants acted without probable cause.

Lastly, the plaintiff has testified that she was taken into custody after her arrest. The plaintiff claims, additionally, that she had to make various court appearances between the time of her arrest and the time that the criminal action against her was ultimately nolled and that this amounted to a deprivation of her liberty.  While you may consider the requirement to appear in court as being a restriction on liberty, it is still the plaintiff's burden to show that she suffered a significant deprivation of liberty.

You may return a verdict for the plaintiff only if you find that she has satisfied all four elements of her claim for relief.  If she has failed to satisfy any element of his claim then your verdict must be for the defendant, Paul Cavalier.

**<u>Authority:</u>**

<u>Connecticut Jury Instructions (Civil),</u>, Fourth Edition, Section 490, pp. 746-750; Wright and Ankerman.

<u>Section 1983 Litigation:  Jury Instructions</u>, Vol. 4, Instruction 8.03.1, pp. 8-97 and 8-98; Schwartz and Pratt.

<u>Cosgrove Development co., Inc. v. Cafferty</u>, 179 Conn. 670 (1980).

<u>Thompson v. Beacon Valley Rubber Co.</u>, 56 Conn. 493, 498 (1888).

<u>Zitkov v. Zaleski</u>, 102 Conn. 439, 446 (1926).
<u>See v. Gosselin</u>, 133 Conn. 158, 160 (1946)

<u>Murphy v. Lynn</u>, 118 F. 3d 938 (2d Cir. 1997), cert denied, 118 S. Ct. 105 (1998).

## <u>V.</u>

Plaintiff claims that defendant Paul Cavalier arrested her and initiated criminal proceedings against her because of her race.  Plaintiff claims that these actions by Officer Cavalier violated her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  The Equal Protection Clause requires the state to treat similarly situated individuals alike.  The Equal Protection Clause protects against selective enforcement of the law based upon impermissible criteria, such as race.

In order to prove her claim, the plaintiff must prove by a preponderance of the evidence two elements:

1.  That the plaintiff, compared with others similarly situated, was selectively treated by Officer Cavalier, and

2.  That Officer Cavalier's selective treatment of the plaintiff was deliberately based on the plaintiff's race.

For the first element, you have heard the evidence with respect to Officer Cavalier's conduct toward the plaintiff. You must determine if Officer Cavalier selectively treated the plaintiff on this occasion. If he did not, then your verdict will be for the defendant. If he did selectively treat the plaintiff then you will consider the second element; whether the selective treatment was deliberately based on the plaintiff's race.

The second element is satisfied if you find, by a preponderance of the evidence, that Officer Cavalier's conduct toward the plaintiff was motivated, at least in substantial part, by the plaintiff's race. Officer Cavalier must have acted deliberately, with this impermissible purpose in mind. If the plaintiff has not proven this claim, then your verdict will be for the defendant.

If plaintiff does prove this claim, then you must also consider whether Officer Cavalier has proved, by a preponderance of the evidence, that he would have taken the same action even if he was not motivated by the plaintiff's race. If you find that Officer Cavalier would have arrested the plaintiff or initiated criminal proceedings against her regardless of whether he had any racially motivated animus against the plaintiff, then your verdict will be for the defendant. If Officer Cavalier has not proved by a preponderance of

the evidence that he would have engaged in the same conduct toward the plaintiff regardless of her race, then your verdict will be for the plaintiff.

**Authority:**

> Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 5.01.2, p.5-8, Schwartz and Pratt.

## VI.

The plaintiff seeks to hold the defendant police officer who she claims violated her federal constitutional rights liable under § 1983.  She also seeks to hold the defendant City of New Haven liable for those violations of the federal constitution because, she claims, the city inadequately trained its police officers to handle the factual situation she has alleged.  I have already instructed you about the constitutional standard for the conduct of an individual police officer with respect to the federal claims alleged by the plaintiff.

To recover on her claim against the city, in addition to showing that the individual officer violated her federally protected rights, the plaintiff must also demonstrate, by a preponderance of the evidence: (1) specific inadequacies in the way the city trained its police officers to respond to the factual situation that she has alleged; (2) that the inadequate training was the result of deliberate indifference on the part of the city toward the federal rights of persons with whom the defendant police officer came into contact; and (3) that the inadequate training was the proximate cause of the violation of the plaintiff's federally protected rights.   Proximate cause means a close causal

connection between inadequate training and the violation of the plaintiff's federally protected rights.

Deliberate indifference does not require you to find that any of the city's officials in charge of training the police had a wrongful motive or state of mind. Rather, deliberate indiferrence is defined by what the Supreme Court calls an "objective obviousness" test. Let me explain. A plaintiff might establish deliberate indiferrence by showing a pattern of certain specific violations of federally protected rights that puts the city's policymakers on notice that its training program was inadequate.

A plaintiff, however, may also establish the city was deliberately indifferent by showing that her federally protected rights were violated and that the city failed to train its employees to handle recurring situations that present an obvious potential for such a violation.

You must decide, based upon all of the evidence in the case, whether the plaintiff has established that: (1) the city's training of its police officers on how to handle a situation such as that involving the plaintiff was inadequate; (2) if there were inadequacies, whether they were the result of the city's deliberate indifference to the rights of person with whom the police come in contact; and (3) if the city was deliberately indifferent in its training, whether that deliberate indifference was the proximate cause of the violation of the plaintiff's federally protected rights. Proximate cause means that there must be a close connection between the city's deliberately indifferent training and the excessive force used on the plaintiff.

**Authority:**

Adapted from Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 15.05.1, pp.15-30 and 15-31, Schwartz and Pratt.

## VII.

In this case the plaintiff alleges that her substantive due process rights as secured by the Fourteenth Amendment to the United States Constitution were violated.

The due process clause of the Fourteenth Amendment to the United States Constitution states that no state "shall deprive any person of life, liberty, or property, without due process of law." This due process clause contains what is referred to as a substantive component. The substantive component of the due process clause places an outer limit on the legitimacy of governmental action. It prohibits the government from depriving a person of qualified property interest in an outrageously arbitrary manner.

In order to prevail on a claim that a government violated a persons substantive due process rights, the plaintiff must prove two elements. First, she must identify a valid property interest.

Second, she must prove this property interest was infringed upon in an outrageously arbitrary manner. That is to say that you must determine whether the conduct in this case is so outrageously arbitrary as to constitute a gross abuse of governmental authority. The conduct must be intended to injure in some way, unjustifiable by any governmental interest. The conduct must be outrageously arbitrary,

wholly irrational, tainted by an improper motive, or so egregious that it shocks the conscience.

Not all governmental conduct that causes harm to an individual's property right is a violation of due process. Mere error on the part of the governmental official that may cause injury to a property right is not enough to violate due process. Merely being mistaken or wrong is not enough. Negligent conduct is not enough.

Rather, as I stated before, the conduct must be so outrageously arbitrary as to constitute a gross abuse by the governmental actor.

**Authority:**

> This is essentially the same instruction given by the Hon. Alfred V. Covello, Senior Judge, in Passarelli v. New Haven Board of Education, Civil Action No. 3:99cv1399 (AVC).

## VIII.

Now I have just explained to you the specific allegations the plaintiff is making with respect to her federal claim under Section 1983. In order to prevail on these federal claims, the plaintiff must also prove that the conduct of the defendants was the proximate cause of the injuries she claims she suffered. The term "proximate cause" means the cause or act which, as a natural consequence, produces the injury or damage, and without which, the injury or damage would not have occurred. In other words, the conduct of defendant Paul Cavalier and the City of New Haven must have been a substantial factor in producing the injury to the plaintiff. This does not mean,

however, that the law recognizes only one proximate cause of an injury or damages. On the contrary, many factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a proximate cause.

**Authority:**

> This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

## IX.

I have now completed my instructions to you on the elements of plaintiff's Section 1983 claims.  If you find that the plaintiff has proved the elements of her Section 1983 claims against the defendant you must proceed to consider whether the defendant Paul Cavalier is entitled to what the law calls "qualified immunity" for each claim that the plaintiff has proved.  The defendant has alleged such an affirmative defense to the plaintiff's federal law claims.  Under qualified immunity, the issue is not the correctness of the defendant's conduct, but rather the objective reasonableness of his chosen course of action given the circumstances confronting him at the scene.

The defendant has the burden of demonstrating that his conduct did not violate clearly established federal law.  The fact that the defendant acted with subjective good faith does not entitle the defendant to the protection of qualified immunity.  The defendant is entitled is entitled to immunity only if a reasonable public official in

defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confronted him.

Thus, you must ask yourself what a reasonable official in the particular situation of the defendant would have believed about the legality of his conduct. As I stated earlier, you should not, however, consider the defendant's subjective good faith or bad faith. If you find that a reasonable officer in the defendant's situation would have believed that his conduct was lawful, then that officer is protected from liability by qualified immunity.

To summarize, if the defendant convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim. This is so even though you may have previously found that the defendant in fact violated a federally protected right of the plaintiff. If you find that the defendant has not proved entitlement to qualified immunity on a particular claim, then you should proceed to consider the issue of damages on that federal law claim.

I again caution you that constitutional violation such as that alleged by the plaintiffs do not occur where the defendant's actions, even though in error, were due to negligence.

**Authority:**

> Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 17.02.1, pp 17-5, 17-6 and 17-7; Schwartz and Pratt.

> Lennon v. Miller, 66 F. 3d 416, 421 (2d Cir. 1995).

> Harlow v. Fitzgerald, 457 U.S. 800 (1982).

The plaintiffs have also made a claim based on Connecticut law that I will now discuss with you.

## X.

Generally, before a party will be held liable for defamation, there must be an unprivileged publication of a false and defamatory statement.  A communication is defamatory it if tends so to harm the reputation of another as to lower him or her in the estimation of the community or to deter third persons from associating with him or her. Words claiming to be defamatory are to be given their mutual and ordinary meaning and to be understood in the sense which hearers of common and reasonable understanding would ascribe to them.  Words which charge a crime are only actionable in themselves when they charge a crime which involves moral turpitude, or subjects a person to infamous punishment.

The contents of a police report are subject to privilege.  The only way that the author of a police report, in this case defendant Paul Cavalier, can lose this immunity of privilege, and therefore be liable to the plaintiff for defamation, is if he deliberately fabricated the contents of the report, and that the claimed defamatory utterances were made for a purpose other than that for which the immunity was designed to afford protection.

Therefore, in order for the plaintiff to recover on this claim she must first show by a preponderance of the evidence that defendant Paul Cavalier fabricated what he wrote in his police report, and did not report what was told to him by Christopher Santos, thereby losing the immunity of privilege.   Next, the plaintiff must prove, by a preponderance of the evidence, that what was written by Officer Cavalier was false and defamatory, and that such false and defamatory statements were made public, thereby causing harm to her reputation and standing in the community.

**Authority:**

Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316 (1984).

Lizotte v. Walker, 45 Conn. Supp. 217, 221 (1996).

Ventresca v. Kissner, 105 Conn. 533, 535 (1927).

Yakavicze v. Valentukevicious., 84 Conn. 350, 353 (1911).

Armstrong v. Town of Cheshire, 2001 WL 1098161 (Conn. Super.) (Blue, J., August 22, 2001).

## XI.

Where the tortious act of a defendant interferes with financial expectancies of a plaintiff, then the plaintiff may recover for the resultant damages.  In this matter, the plaintiff has alleged such a cause of action against the defendant, alleging that there has been an interference with her right of contract.

In order for the plaintiff to recover for this interference, she must show, by a preponderance of the evidence, a tortious act or acts on the part of the defendants, or either of them, a direct causal relationship between the tortious act or acts and her loss, and she must also show that was a reasonable expectancy that she would have profited in some way from the rights which she claims were subject to interference.  To this end, the plaintiff must prove that the loss is not one of "mere possibility," but rather is one of "actual damage" suffered.

**Authority:**

Hartford National Bank & Trust Co. v. Essex Yacht Sale, Inc., 4 Conn. App. 58 (1985).

Taylor v. Sugar Hollow Park, Inc., 1Conn. App. 38 (1983).

Goldman v. Feinberg, 130 Conn. 671, 674, 675 (1944).

## XII.

If you find that the defendants are liable to the plaintiff based on the federal Section 1983 claims or on the state-law claims, then you shall consider the issue of damages.  The fact that I give you instructions on damages should not be taken as an

indication that I think damages should be, or should not be, awarded.  This is a determination which is left entirely to you, the jury.  I am instructing you on the principles governing damage awards so that, in the event you should find the defendant liable, you will know on what basis to consider any award of damages.

You may only award damages as are justified by the pleadings and the proof. That is, the plaintiff must prove to you by a preponderance of the evidence the nature and extent of her damages.  And, you shall award damages only for those injuries which you find that the plaintiff has proven were the direct result of the defendants' conduct.

There are two kinds of damages that you may consider – compensatory and punitive damages.

### A.    Compensatory Damages

Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a person for harm proximately caused by another's conduct.  With respect to the plaintiff, compensatory damages may be awarded for any physical injury and emotional harm that they suffered during and after the events at issue in this case, including:  money actually spent or debts incurred as a result of the injury; lost earnings; pain and suffering, emotional distress, humiliation, injury to one's reputation, embarrassment, fear, anxiety and/or anguish that you find the plaintiffs have suffered or that you find the plaintiffs will, with reasonably certainty, suffer in the future.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiffs insofar as money will compensate them for the damages

that they have sustained.  Determining damages in a case of this sort involves a certain degree of estimation.   Often, certain types of damages cannot be proven with mathematical certainty.   You have to apply sound judgment and common sense in reaching he proper amount of damages.  However, there must be evidence to establish damages with at least a reasonable degree of certainty.   You are not to guess or speculate what the damages were.   You must use you best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of damages to which she is entitled.

> ### B.   Avoiding Duplicative Damages

Because this case involves multiple claims under federal and state law, I would caution you that the plaintiff may be compensated only once for an injury.  You should not award compensatory damages more than once for the same injury, even though the injury may have been caused by a violation of different rights.  In other words, if you find that one of the plaintiff's claims for a federal law violation and one of her claims for a state law violation both provide theories for compensating one distinct injury, the plaintiff is only entitled to recover once for that injury.  For example, if a plaintiff were to prevail on both of his or her claims and establish that he or she suffered a $50 injury, you could not award him or her $50 in compensatory damages per claim – for a total of $100. Rather, you would only award him a $50 total.  With respect to compensatory damages, the plaintiff is only entitled to be made whole again, not recover more than they have lost.   Of course, if the plaintiff proves liability on more than one claim and different

injuries are attributed to different claims, then you must compensate her fully for all of her injuries.

### C.    Nominal Damages

If you find that the defendant violated the plaintiff's constitutional rights, but you do not find that he or she suffered actual injury or loss by virtue of her constitutional rights having been violated by the defendant, then the plaintiffs are entitled to nominal damages for that loss.  Nominal damages, however, are generally set in the amount of $10.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation.  Therefore, if you find that the plaintiff has suffered no damages as a result of the conduct of the defendant other than the fact of a constitutional deprivation, then you must award nominal damages of $10.00.  I caution you, however, not to consider the award of $10.00 as trivial.

### D.    Punitive Damages

I advised you earlier that there are two kinds of damages.  The second is known as punitive damages.  Punitive damages are available to the plaintiff for both her federal and state claims against defendant Paul Cavalier only.  If you find that this defendant is liable on the plaintiff's federal Section 1983 claim, you will be asked whether punitive damages are warranted.  On the plaintiff's state-law claims, you also will be asked whether or not to award punitive damages.  If you find that punitive damages should be

awarded against the defendant Paul Cavalier on a state-law claim, the amount will be determined in a separate proceeding.

[Punitive Damages – Federal Civil Rights Violations]

Before you can award punitive damages, you must first have decided to award the plaintiff compensatory or nominal damages for the plaintiff's federal civil rights claims against defendant Paul Cavalier. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful conduct. In deciding whether to award punitive damages, you should consider whether you find that the defendant Cavalier engaged in any of the following conduct:

1.    Willful or malicious violation of the plaintiff's constitutional rights;

2.    An intentional act by the defendant in gross disregard of the plaintiff's rights; or

3.    Reckless disregard by the defendant of whether he was violating the plaintiff's rights.

[Punitive Damages – State Law]

If you have decided to award the plaintiffs compensatory damages for either of the plaintiff's state claims, you may also consider awarding punitive damages for the state law claim. The standard for awarding punitive damages under state law is distinct from the standard for awarding punitive damages against defendant Paul Cavalier.

In deciding whether to award punitive damages, you should consider whether you find by a preponderance of the evidence that the defendant acted maliciously or with reckless indifference to the plaintiffs' rights or interests.  An act is done maliciously if it is prompted by a bad motive, such as ill will or spite toward the plaintiffs.  An act is done with reckless indifference if the defendant knew or should have known that the plaintiffs' rights or interests would be harmed by his acts.  Your decision should be based on whether you find that the defendant acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiffs' interests.  Because punitive damages are an exceptional award, granted only in cases of extreme or outrageous misconduct, any such damages should be awarded only with calm discretion and sound reason.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory or nominal damages or the federal civil rights action. You must also bear in mind that the law requires that punitive damages, if awarded, must be awarded with calm discretion and sound reason.  They must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case.

If you decide that the plaintiff is entitled to punitive damages on their state-law claim, the court will determine the amount of damages in a separate proceeding.  So, on the verdict sheet that you will be given, you will only be asked whether or not to award punitive damages on these claims.

**Authority:**

This is essentially the same instruction given by the Hon. William K. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

THE DEFENDANTS, PAUL CAVALIER
AND THE CITY OF NEW HAVEN


/s/:_____
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
Tel. #:  (203) 946-7970 or 7958
Fax #:  (203) 946-7942
E-mail: mwolak@newhavenct.net
Fed. Bar #ct12681
Their Attorney


**CERTIFICATION**

**THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered and/or mailed, postage prepaid, on April 20, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT  06852


/s/_____
Michael A. Wolak, III


J:\CYCOM32\WPDOCS\D015\P003\00010012.DOC