**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARTY CALDERON** | : | **CASE NO.: 3:02CV1767 (SRU)** |
| **VS.** | : | |
| **PAUL CAVALIER, ET AL.** | : | **APRIL 20, 2005** |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE, RE: IRRELEVANT, IMMATERIAL AND PREJUDICIAL EVIDENCE

Plaintiff in her complaint has alleged false arrest, malicious prosecution, discrimination based on race, conspiracy involving the deprivation of equal protection of the law, a "Monell" claim, defamation, interference with property rights, interference with contracts and physical injury.  Plaintiff's complaint is also replete with irrelevant factual allegations concerning her former husband, Christopher Santos, the individual who initiated the criminal complaint against her, and to which defendant Paul Cavalier responded, and other irrelevant matters.  These factual allegations include, but are not limited to, their pre-marital, marital and post-marital difficulties and relationship, and allegations concerning Mr. Santos' past criminal behavior.  Defendants believe that such evidence, based upon the claims of the plaintiff, would be irrelevant, immaterial and prejudicial.

Rule 401 of the Federal Rules of Evidence defines relevant evidence to mean:

> ". . . evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The allegations of the plaintiff concerning her pre-marital, marital, and post-marital difficulties with Christopher Santos, and allegations concerning his criminal behavior, pre-date the events of October 6, 2000 and October 7, 2000, in some instances by more than twenty years, and are not germane to the claims that she has brought against the defendants.

Only relevant evidence should be admitted with respect to causes of action alleged by the plaintiff.

> The trial court has considerable discretion in determining whether to admit or exclude evidence, see, e.g., Perry v. Ethan Allen, Inc., 115 F.3d 143, 150 (2d Cir. 1997); Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 619 (2d Cir. 1991), and to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion, or by its cumulative nature, see Fed.R.Evid. 403. Further, "[e]rror may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected . . ." Fed.R.Evid. 103(a); see also Fed.R.Civ.P. 61 (erroneous evidentiary ruling will not justify the grant of a new trial unless allowing the judgment to stand would be "inconsistent with substantial justice").

Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998).

For the foregoing reasons, the plaintiff should not be permitted to introduce evidence concerning her pre-marital, marital and post-marital difficulties and relationship with Christopher Santos, or allegations concerning Mr. Santos' past criminal behavior. In the event that the court does not grant this motion in full, the defendant asks that the

court, at a minimum, order the plaintiff to present such evidence to the court, outside of the presence of the jury, in order to avoid undue prejudice to the defendant in the event that it is disallowed.

THE DEFENDANT, PAUL CAVALIER
AND THE CITY OF NEW HAVEN

/s/:_____
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
Tel #:  (203) 946-7970 or 7958
Fax #: (203) 946-7942
E-mail: mwolak@newhavenct.net
Fed. Bar #ct12681
Their Attorney

## **CERTIFICATION**

**THIS IS TO CERTIFY** that a copy of the foregoing was hand delivered and/or mailed, postage prepaid, on April 20, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT  06852

/s/_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D015\P003\00010031.DOC