UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARTY CALDERON** | : | **CASE NO.: 3:02CV1767 (SRU)** |
| **VS.** | : | |
| **PAUL CAVALIER, ET AL.** | : | **APRIL 20, 2005** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**
**RE:  OTHER MISCONDUCT**

The defendants move the Court, *in limine*, to bar any evidence of, and prohibit any reference to, alleged "other misconduct" by the individual defendant Paul Cavalier, or any defense witness who was or is a police officer.  This memorandum of law is submitted in support of the defendants' motion.

**ARGUMENT:**

    1.    <u>Evidence Of, Or Reference to, Allegations Of Other Misconduct Should Be Barred Because Such Evidence Is Generally Inadmissible And Highly Prejudicial</u>.

The defendants believe that the plaintiff may attempt to elicit testimony at trial regarding alleged "other misconduct" by the individual defendant, who is a police officer, or by any other defense witness who was or is a police officer.   Allegations of "other misconduct" are generally not admissible under Rule 404 of the Federal Rules of Evidence.  Evidence of "other crimes, wrongs or acts" is not admissible under Rule 404(b) to prove character or propensity.  Fed. R. Evid. 404(b).  "Other misconduct" is admissible only if it is clearly probative of one of the other matters listed in Rule 404(b)

and its probative value outweighs its prejudicial effect. See <u>Ricketts v. City of Hartford</u>, 74 F.3d 1397 (2nd Cir. 1996) (holding trial court did not abuse its discretion in precluding inquiry into prior citizen's complaint against defendant that alleged conduct that was not substantially identical to the conduct at issue); <u>Berkovich v. Hicks.</u> 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding evidence of prior civilian complaints properly excluded where officer was exonerated on six of seven complaints and complaints did not show *modus operandi* claimed).

Any reference before the jury to irrelevant allegations of "other misconduct" would be severely prejudicial to the defendants. The defendant submits that, at minimum, the plaintiff should be required to seek the Court's permission out to the hearing of the jury prior to making any reference to alleged "other misconduct."

**CONCLUSION:**

For all the foregoing reasons the defendant's Motion in Limine should be granted in its entirety.

        THE DEFENDANTS, PAUL CAVALIER
        AND CITY OF NEW HAVEN

/s/:_____
        Michael A. Wolak, III
        Assistant Corporation Counsel
        City of New Haven
        165 Church Street
        New Haven, CT  06510
        Tel #:  (203) 946-7970 or 7958
        Fax #: (203) 946-7942
        E-mail: mwolak@newhavenct.net
        Fed. Bar #ct12681
        Their Attorney

## **CERTIFICATION**

    **THIS IS TO CERTIFY** that a copy of the foregoing was hand delivered and/or mailed, postage prepaid, on April 20, 2005, to the following pro se party:

Marty Calderon
P. O. Box 503
Norwalk, CT  06852

/s/_____
      Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D026\P002\00008290.DOC