

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTY CALDERON

CASE NO.: 3:02 CV 1767 (SRU)

VS.

PAUL CAVALIER, ET AL.                    JUNE 1, 2005

## MOTION TO ORDER THE DEFENDANTS TO CLARIFY THEIR MOTION IN LIMINE, RE:IRRELEVANT, IMMATERIAL AND PREJUDICIAL EVIDENCE

1. On April 20, 2005, the Defendant filed a Motion in Limine regarding Plaintiff's claims in her complaint relevant and related to the Plaintiff's ex-husband, Christopher Santos, the individual who allegedly made a complaint to the Defendant Officer Paul Cavalier on October 6, 2000 claiming that the Plaintiff had made a threat to Christopher Santos at his home at 125 Oakley Street in New Haven, Connecticut.

2. It is true that the Plaintiff had never been arrested for anything prior to the arrest of the Plaintiff by Officer Paul Cavalier on October 6, 2000.

3. It is true that the Defendant, Officer Paul Cavalier came to the Plaintiff's home at 43 Prospect Pl. Ext., East Haven, Connecticut on October 7, 2000 at 4:30 a.m., and arrested the Plaintiff allegedly based on a complaint by Christopher Santos on October 6, 2000.

4. The Plaintiff filed her complaint against the Defendants claiming false and illegal arrest in violation of several federal and state statutes including 42

1

U.S.C. Section 1983 and the U.S. Constitution Fourth Amendment to be free from unreasonable search and seizures.

5. In the Plaintiff's complaint, supplemental, and amended complaints which the Plaintiff filed in October of 2002 through 2003, well over two (2) years ago, the Plaintiff claimed that none of the witnesses in the Defendant Officer Paul Cavalier's police report were credible including Christopher Santos.

6. Attached to the Plaintiff's complaint in support of her claims that she was falsely and illegally arrested by Officer Paul Cavalier based on an alleged complaint by Christopher Santos, the Plaintiff submitted Christopher Santos' extensive criminal conviction history which included numerous arrests for assaults on the Plaintiff and domestic violence against the Plaintiff.

7. Also attached to the Plaintiff's complaint(s) were exhibits which included transcripts from a hearing in front of Judge Jon Alander in December of 2000 in Superior Court in New Haven, Connecticut at which Christopher Santos gave testimony regarding the Plaintiff and did not tell the truth when asked certain questions regarding his criminal background.

8. The Plaintiff claims that according to the Federal Rules of Civil Procedure 10c, that exhibits attached to the Plaintiff's complaint are adopted as part of the pleadings.

9. The Plaintiff claims that according to the Federal Rules of Evidence 404, 608, 609, and 613 and the Connecticut Code of Evidence Section 4-4, 4-5, 4-6, 6-4, 6-5, 6-6, and 6-7 the Plaintiff is allowed to cross examine any witnesses and allowed to introduce evidence of a witnesses' bias, motive, prejudice and

interest, prior inconsistent statements, and prior crimes.

10. Now, after more than two years has passed, the Defendants want to exclude the Plaintiff's evidence related to claims in the Plaintiff's complaint that the Plaintiff's ex-husband, Christopher Santos is not a credible witness, had a motive to lie, and the Defendants should have known about Mr. Christopher Santos criminal background because all of his convictions were arrests in the City of New Haven.

11. The Plaintiff has also submitted a restraining order against Christopher Santos that was issued by Judge Jones in the New Haven Superior Court in 1993 that was valid until July 5, 2000, the eighteenth birthday of the Plaintiff's youngest child, Linda Santos which was just just three months prior to the date the Plaintiff was illegally arrested by the Defendants based on an alleged complaint by Christopher Santos.

12. The Plaintiff plans to use all of her exhibits at trial that have already been submitted to this court with the Plaintiff's complaint(s).

13. The Plaintiff's Motion in Limine is unclear and vague, and the Plaintiff claims she needs clarification of the Motion In Limine in order to properly object to it and respond to it.

14. Wherefore the Plaintiff respectfully asks the court to order the Defendants to clarify their Motion in Limine so as to identify exactly which pieces of evidence or testimony that the Defendants are trying to keep from the jury.

15. The Plaintiff suggests that the Defendants make a list of each exhibit that they want excluded as evidence to the jury.

16. The Plaintiff suggest that the Defendants make a list of what testimony they want excluded as evidence to the jury.

17. The Plaintiff claims if the Defendants break down exactly what exhibits and testimony they want withheld from the jury it will be easier and clearer for the judge to rule as a matter of law which piece of evidence should or should not be excluded from the jury's presence.

18. The Plaintiff does not think any of the exhibits that she has already submitted to the court should be excluded or withheld from the jury, however, giving the Defendant(s) the benefit of the doubt, the Plaintiff is asking the Defendants to exactly state clearly what they are trying to exclude and why.

19. The Plaintiff claims that if the Defendants are ordered to clarify their Motion In Limine, it will save time and eliminate confusion during trial in that both the Defendants and the Plaintiff can argue efficiently issues related to the exclusion of evidence, which is the purpose for filing Motions in Limine pretrial.

20. It is for the foregoing reasons that the Plaintiff is respectfully requests the court to order the Defendants to clarify exactly what testimony and which pieces of evidence they want to exclude because the Plaintiff claims their Motion In Limine is too vague.

PLAINTIFF _____
Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

## CERTIFICATION

I certify that the aforementioned motion was sent via U.S. Mail on June 1, 2005 to the following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Telephone: (203) 946-7970 or 7958
Fax: (203) 946-7942
E-mail: mwolak@newhavenct.net

PLAINTIFF *[signature]*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

## ORDER

The Plaintiff's motion is hereby granted.

_____
Honorable Judge Stefan R. Underhill