UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTY CALDERON | : | CASE NO.: 3:02CV1767 (SRU) |
| VS. | : | |
| PAUL CAVALIER, ET AL. | : | JULY 14, 2005 |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS

Defendants, pursuant to the order of this court, set forth the following objections to plaintiff's exhibits:

### 1.    Christopher Santos' conviction and arrest record (#3)

**OBJECTION:** The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant.  If the purpose of such evidence is for impeachment, then, other than for a felony conviction taking place within the last ten years and its denial by the witness, defendants object pursuant to Federal Rule of Evidence 609.  If the purpose of such evidence is for character reasons, then the objection is pursuant to Federal Rules of Evidence 404 and 608 that pertain to the admission of character evidence.  Additionally, defendants object to such evidence for lack of relevance under Federal Rules of Evidence 401 and 402.

2. **Restraining order against Christopher Santos that was ordered by Judge Jones dated December 13, 1993 (#4)**

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Defendants object to such evidence for lack of relevance under Federal Rules of Evidence 401 and 402. Further, if the purpose of such evidence is for character reasons, then the objection is pursuant to Federal Rules of Evidence 404 and 608 that pertain to the admission of character evidence.

3. **CR6-307109 and CR6-307060 Superior Court Failure to Appear charges for Christopher Santos (#5 and #6)**

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. If the purpose of such evidence is for impeachment, then the objection of the defendants is pursuant to Federal Rules of Evidence 609. If the purpose of such evidence is for character reasons, then the objection is pursuant to Federal Rules of Evidence 404 and 608 that pertain to the admission of character evidence. Additionally, defendants would object to such evidence for lack of relevance under Federal Rules of Evidence 401 and 402.

4.    **10 page judicial record dated 5/9/89 of warrant issued for Christopher Santos for possession of narcotics (#7) and New Haven Register article of narcotics arrest of Christopher Santos (#8)**

**OBJECTION:** The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. If the purpose of such evidence is for character reasons, then the objection is pursuant to Federal Rules of Evidence 404 and 608 that pertain to the admission of character evidence. Additionally, defendants object on grounds of hearsay, Federal Rule of Evidence 802, and lack of relevance under Federal Rules of Evidence 401 and 402.

5.    **New Haven Police Department Complaint No. 496448, 6/5/86 (#9); New Haven Police Department Complaint No. 112711, 12/3/85 (#10); East Haven Police Department Complaint No. 15230, 11/29/85 (#11); New Haven Police Department Complaint No. 99993, 11/14/84 (#12); East Haven Police Department Complaint, 12/2/93 (#13); New Haven Police Department Complaint No. 58243, 7/4/78 (#14); East Haven Police Department Complaint No. 07365, 6/14/85 (#15); New Haven Police Department Complaint #54095 (#17), Bridgeport Connecticut Police Report (#46) and Other police reports not listed involving Christopher Santos (#53)**

**OBJECTION:** The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. If the purpose of such evidence is for character reasons, defendants, absent an offer of proof, object to said exhibits pursuant

to Federal Rules of Evidence 404 and 608 that pertain to the admission of character evidence.  Defendants also object on grounds of lack of relevance under Federal Rules of Evidence 401 and 402 and hearsay pursuant to Federal Rule of Evidence 802.

6.     **Defendant's Responses to Interrogatories, 6/20/03 (#18)**

**OBJECTION:**   Defendants, absent a showing of proof, object to the blanket admission of this exhibit for lack of relevancy under Federal Rules of Evidence 401 and 402, hearsay pursuant to Federal Rule of Evidence 802, and prejudice, confusion and misleading of the jury pursuant to Federal Rule of Evidence 403.   Responses to interrogatories contain information that may be the proper subject of discovery, but would be inadmissible at trial.

7.     **Notre Dame High School Letter – Joshua Santos, 12/6/93 (#16); Plaintiff's divorce and child support pleadings and Christopher Santos divorce and child support pleadings from New Haven Superior Court (#19); Probate order dated May 14, 2001 that Linda Santos obtain counseling from Judge Keyes at New Haven Probate Court (#20); Linda Santos medical records (#22); Prax Air employment records for Christopher Santos (#24); Home Depot, Inc. employment records for Linda Santos (#25); Southern Connecticut State University School records for Linda Santos (#26); Financial Affidavits of Christopher Santos (#47); Videos and pictures of the Plaintiff and her children (#55)**

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant.  Defendants, without an offer of proof, cannot determine the relevance of these materials to the events of October 6, 2000 and October 7, 2000.

Objection is made to them for lack of relevance under Federal Rules of Evidence 401 and 402, and hearsay pursuant to Federal Rule of Evidence 802.

8. **Plaintiff's medical records (#21); Plaintiff's employment records (#27); Plaintiff's college transcripts (#28); Plaintiff's contract of sale of property located at 43 Prospect Place, Ext., East Haven, Connecticut from 2001 (#29); Appraisal of house at 43 Prospect Place, Ext., East Haven, CT (#30); Plaintiff's unemployment records (#31); Several Bar Examination Applications (#41); MPRE March 2005 Examination Results (#42); Juris Doctorate from Quinnipiac University dated December, 2004 (#43); Plaintiff's student loan bills from law school (#44); Plaintiff's credit report (#45); Tax returns of the Plaintiff 1998-2005 (#48); and the Plaintiff's job searches and interviews and job applications (#54)**

**OBJECTION:** Defendants object to these exhibits as to relevance and hearsay. It is presumed that these exhibits are being offered by plaintiff in support of her claim for damages. Without an offer of proof, defendants cannot determine the relevancy of these exhibits to any claimed damages, and therefore they object under Federal Rules of Evidence 401 and 402, and as to hearsay pursuant to Federal Rule of Evidence 802.

9. **Affidavit of Joshua Santos (#23)**

**OBJECTION:** Defendants object to this exhibit, pursuant to Federal Rule of Evidence 802, as being hearsay, and improper character evidence pursuant to Federal Rule of Evidence 608.

10. **Plaintiff's pleadings from the criminal prosecution of Officer Cavalier's arrest of the plaintiff (#32); Transcript from hearings of the criminal prosecution of Officer Cavalier's arrest of the Plaintiff (#33); New Haven Superior Court Transcript dated 1/24/01 with Prosecutor Joseph Lamotta and the Plaintiff, re: Motion to Dismiss the criminal prosecution (#50) and Documents related to Prosecution's nolle of criminal charges (#56)**

**OBJECTION:** The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Defendants object, absent a showing of proof, as to the relevancy of said materials, and also would object as to a lack of specificity. Whether or not the criminal charges that arose out of this incident were disposed of via a nolle is not determinative of the issues presented by this case, and therefor said exhibits are objected to for lack of relevance under Federal Rules of Evidence 401 and 402. Also, plaintiff in some respects is vague, and not specific, as to what documents, portion of transcripts and pleadings to which she is making reference. Additionally, certain of these materials may be self serving, prejudicial and of little probative value.

11.    **Norwalk Police Department reports related to assaults on the Plaintiff and interference with the Plaintiff's civil rights (#39) and Lawsuits and complaints against the East Haven Police Department related to civil rights (#49)**

**OBJECTION:** The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. These issues concern a New Haven Police Officer and the City of New Haven. Without a showing a proof, defendants cannot determine the relevance of Norwalk Police Department reports related to

assaults on the plaintiff and interference with plaintiff's civil rights and lawsuits and complaints against the East Haven Police Department related to civil rights.  Defendants object to these exhibits for lack of relevance under Federal Rules of Evidence 401 and 402, and prejudice and lack of probative value under Federal Rule of Evidence 403.

12.  **Internal Affairs complaints against the Defendants made by the Plaintiff and other individuals (#34)**

**OBJECTION:** Internal affairs complaints made by the plaintiff against the defendants are objected to as being self-serving and without probative value under Federal Rule of Evidence 403 and hearsay under Federal Rule of Evidence 802.  As to internal affairs complaints made against the defendants by others, without a show of proof, defendants object to such exhibits for lack of relevance under Federal Rules of Evidence 401 and 402, as being of no probative value and creating a danger of unfair prejudice under Federal Rule of Evidence 403, inadmissible character evidence under Federal Rule of Evidence 404, and hearsay under Federal Rule of Evidence 802.

13.  **The Policy and Procedure manual for the City of New Haven Police Department (#35)**

**OBJECTION:** Plaintiff has failed to specify what sections of such policy and procedure manual she is intending to offer into evidence.  Absent a showing of proof and this specificity, defendants cannot determine the relevance of what the plaintiff intends to place into evidence by this exhibit, and therefore defendants object to this exhibit for lack of relevance under Federal Rules of Evidence 401 and 402.

**14.** **Officer Paul Cavalier's personnel record from his employer the City of New Haven Police Department (#36)**

**OBJECTION:** Without a showing of proof defendants cannot determine the relevance of this exhibit, and is unable to discern what portions of the personnel file the plaintiff is seeking to introduce into evidence. It would be next to impossible to list the objectionable material contained in a personnel file in response to the "scatter gun" approach of the plaintiff. The main objections are based on relevance, Federal Rules of Evidence 401 and 402, lack of probative value and possible prejudice under Federal Rule of Evidence 403 and hearsay under Federal Rule of Evidence 802.

**15.** **History of Federal lawsuits brought against the City of New Haven and the New Haven Police Department and State lawsuits brought against the City of New Haven and the New Haven Police Department (#38)**

**OBJECTION:** The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Without a showing of proof defendants cannot determine the relevance of this exhibit to the instant case. Said exhibit is without time limitation and it is not specified as to what types of cases are to be included. Additionally, it cannot be determined what is meant by "history." Said exhibit is objected to as to relevance pursuant to Federal Rules of Evidence 401 and 402, lack of probative value and possible prejudice under Federal Rule of Evidence 403 and hearsay under Federal Rule of Evidence 802.

**16.**    **Bernie Soldate Private Investigator Polygraph Report from November of 2004 (#40)**

**OBJECTION:** The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant.  Said exhibit is objected to for lack of relevance under Federal Rules of Evidence 401 and 402.  Furthermore, defendants object to this exhibit for the failure of the plaintiff to comply with Rule 26(2) of the Federal Rules of Civil Procedure pertaining to the disclosure of experts and their reports.  Lastly, defendants object to this exhibit on the grounds that it does not meet the standard of admissibility of scientific evidence set forth in <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

**17.**    **The Defendant's answers and pleadings and Plaintiff's pleadings from this civil case (#52)**

**OBJECTION:** "The Federal rules recognize that pleadings are not an end in themselves . . ..  Under the Rules . . . a case consists not in the pleadings, but the evidence, for which the pleadings furnish the basis.  Cases are generally to be tried on the proofs rather than the pleadings.  Thus, the function of a pleading in Federal practice is to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in a case of an affirmative pleadings, the relief being demanded."  (Internal quotation marks omitted.)  <u>Wright & Miller</u> Federal Practice and Procedure: Civil 3d § 1182.  Defendants object to these exhibits because

pleadings, as noted above, are not evidence.  What is contained in them can be viewed as the self-serving statements of the party responsible for its drafting.  The probative value of pleadings, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.   As such, these exhibits are objectionable under Federal Rule of Evidence 403.

**18.   New Haven Superior Court transcript dated 12/15/00, with the Plaintiff and Christopher Santos with Judge Jon Alander presiding (impeachment purposes) (#51)**

**OBJECTION:** Defendants, without a showing of proof, object to such an exhibit under Federal Rule of Evidence 608 that pertains to attacking the credibility of a witness.

THE DEFENDANTS, PAUL CAVALIER
AND THE CITY OF NEW HAVEN


/s/:_____
          Michael A. Wolak, III
          Assistant Corporation Counsel
          City of New Haven
          165 Church Street
          New Haven, CT  06510
          Tel. #:  (203) 946-7970 or 7958
          Fax #:  (203) 946-7942
          E-mail: mwolak@newhavenct.net
          Fed. Bar #ct12681
          Their Attorney

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered and/or mailed, postage prepaid, on July 14, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT  06852

/s/_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D015\P003\00011948.DOC