UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARTY CALDERON** | : | **CASE NO.: 3:02CV1767 (SRU)** |
| **VS.** | : | |
| **PAUL CAVALIER, ET AL.** | : | **JULY 14, 2005** |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S WITNESSES

Defendants, pursuant to the order of this court, set forth the following objections to plaintiff's witnesses:

**1.    Linda Santos**

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant.  Defendants object to that portion of the testimony of this witness, absent a showing of relevance, that concerns events subsequent to October 6, 2000, this witness's attendance at Southern Connecticut University, and testimony regarding hearings and orders from the New Haven Probate Court.  The basis for defendants' objection is lack of relevance under Federal Rules of Evidence 401 and 402.

.

### 2. Joshua Santos

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Testimony from this witness regarding his affidavit is objected to because of hearsay (Federal Rule of Evidence 802). The balance of the offered testimony, this witness's relationship with his mother and father, is objected to for lack of relevance under Federal Rules of Evidence 401 and 402.

### 3. Michael Vignola

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Testimony concerning plaintiff's employment under this individual's supervision and income, unless it is for the purpose of a lost wage claim, is objected to for lack of relevance under Federal Rules of Evidence 401 and 402. Additionally, said description of the offered testimony is vague and is not limited as to time.

### 4. Michael Koseski

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against

the municipal defendant. Testimony of this witness concerning character is objected to for lack of relevance under Federal Rules of Evidence 401 and 402. Additionally, said testimony is objected to under Federal Rules of Evidence 404 and 608 that concern the admissibility of character evidence

    5.    **Christopher Santos**

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Defendants object to testimony concerning this witness's "present and past" criminal background. If the purpose of such testimony is for impeachment, then, with the exception of a felony conviction taking place within the last ten years, the basis of defendants' objection would be Federal Rule of Evidence 609. If the purpose of such testimony is for character reasons, then the basis of defendants' objection would be Federal Rules of Evidence 404 and 608. Additionally, defendants would object to such testimony, as well as to testimony concerning child support and divorce proceedings and proceedings in front of Judge John Alander of the New Haven Superior Court, for lack of relevance under Federal Rules of Evidence 401 and 402.

    6.    **Iris Santos**

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against

the municipal defendant. Defendants would object to testimony concerning plaintiff's lien on 125 Oakley Street, New Haven, Connecticut and a quit claim deed for lack of relevance under Federal Rules of Evidence 401 and 402.

### 7.  Albert Roman

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Testimony of this witness concerning character is objected to for lack of relevance under Federal Rules of Evidence 401 and 402. Additionally, said testimony is objected to under Federal Rules of Evidence 404 and 608 that concern the admission of character evidence.

### 8.  Robert Torello

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Testimony of this witness concerning character is objected to for lack of relevance under Federal Rules of Evidence 401 and 402. Additionally, said testimony is objected to under Federal Rules of Evidence 404 and 608 that concern the admission of character evidence.

9. **Expert Witness** (Police policy and procedure/police brutality)

Defendants object to such unnamed expert witness for failure of the plaintiff to comply with Rule 26(2) of the Federal Rules of Civil Procedure pertaining to the disclosure of expert testimony. Defendants have no idea who this "mystery" witness may be, his or her qualifications, the substance of his or her opinions, and the relevancy of such opinions to the instant matter.

10. **Expert Witness** (Spousal abuse)

Defendants object to such unnamed expert witness for failure of the plaintiff to comply with Rule 26(2) of the Federal Rules of Civil Procedure pertaining to the disclosure of expert testimony. Defendants have no idea who this "mystery" witness may be, his or her qualifications, and the substance of his or her opinions. Additionally, the basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Such spousal abuse testimony, even if it were properly disclosed, would be objected to for lack of relevance under Federal Rules of Evidence 401 and 402.

11. **Bernie Soldate Investigator** (Expert witness)

Defendants object to this named expert witness for failure of the plaintiff to comply with Rule 26(2) of the Federal Rules of Civil Procedure pertaining to the disclosure of expert testimony. There is no indication as to what field this witness is an

expert, his qualifications, the substance of his or her opinions, and the relevancy of such opinions to the instant matter.  Additionally, defendants object to this witness because his testimony would not meet the standard of admissibility of scientific evidence set forth in Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  See also State v. Porter, 241 Conn. 57 (1997)

### 12. East Haven Police Department Human Resource Department Supervisor

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant.  Plaintiff's claims are brought against a City of New Haven police officer and the City of New Haven.  Defendants object to testimony regarding hiring qualifications for East Haven police officers, the racial makeup of the East Haven Police Department during the years 2000-2005, and testimony regarding the policy and procedure manual and required training for lack of relevance under Federal Rules of Evidence 401 and 402.

### 13. New Haven Police Department Human Resource Department Supervisor

Defendants object to that portion of the offered testimony regarding qualifications for New Haven police officers, the racial makeup of the New Haven Department of Police Service that goes beyond the year 2000, for lack of relevance under Federal Rules of Evidence 401 and 402.  As to testimony regarding Officer Paul Cavalier's

personnel file, employment blemishes and complaints against this officer, defendants object under Federal Rule of Evidence 404(b) concerning alleged "wrongs or acts" being used to prove character or propensity, and for lack of relevance under Federal Rules of Evidence 401 and 402.

14. **Robert Molloy**

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Defendants object to this witness testifying as to plaintiff's employment at his company, unless it is for the purpose of a lost wage claim, for lack of relevance under Federal Rules of Evidence 401 and 402.

15. **Expert Witness regarding applications for admittance to the Bar for the practice of law.**

Defendants object to such unnamed expert witness for failure of the plaintiff to comply with Rule 26(2) of the Federal Rules of Civil Procedure pertaining to the disclosure of expert testimony. Defendants have no idea who this "mystery" witness may be, his or her qualifications, the substance of his or her opinions, or whether such opinions would be admissible as relevant under Federal Rules of Evidence 401 and 402.

16. **Marty Calderon**

The basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Defendants object to any testimony regarding Christopher Santos, Iris Santos and Linda Santos that it is not relevant, pursuant to Federal Rule of Evidence 401 and 402, to the issue of whether or not Officer Paul Cavalier had probable cause to arrest the plaintiff. Defendants object, on relevancy grounds, pursuant to Federal Rules of Evidence 401 and 402, to testimony regarding plaintiff's medial records and job searches that are not related to the claims for damage made as a result of the October 7, 2000 incident. Further, defendants, without an offer of proof, would object to plaintiff's testimony concerning her "personal knowledge of the New Haven and East Haven Police Departments" due to the vagueness of the description of this testimony, a lack of relevance under Federal Rules of Evidence 401 and 402, and as being prejudicial, without probative value, pursuant to Federal Rule of Evidence 403. Defendants also would object to plaintiff's testimony concerning internal affairs complaints that she has made against the New Haven Police Department as being self-serving and without probative value. Finally, defendants would object for lack of relevance under Federal Rules of Evidence 401 and 402 to plaintiff's testimony regarding the sale of her house at 43 Prospect Place Extension in East Haven, Connecticut, her living circumstances since then, her sexual relationship with Christopher Santos and his abuse of her. If plaintiff's testimony concerning Christopher

Santos is for the purpose of character, then defendants would further object pursuant to Federal Rules of Evidence 404 and 608 that pertain to the admission of character evidence.

      17.     **Rape victims by New Haven and East Haven Police Officers**

At the outset, defendants object to such witnesses for the reason of plaintiff's failure to comply with the standing orders of the court concerning the Joint Trial Memorandum. A party's witnesses must be identified and a description of their testimony must be provided. Plaintiff has done neither with respect to these so-called witnesses. As a result, defendants do not know the identities of these witnesses, the purpose of their testimony, nor its nature. Additionally, the basic liability issues presented by this case concern probable cause for an arrest, an arrest without warrant outside of the jurisdiction where the offense allegedly occurred, qualified immunity for the individual defendant, and a "Monell" claim against the municipal defendant. Defendants also object to such witnesses and their testimony for lack of relevance under Federal Rules of Evidence 401 and 402.

      18.     **Any other witnesses with knowledge of the Plaintiff and/or the Defendants' witnesses as deemed necessary according to the Federal Rules of Civil Procedure**

At the outset, defendants object to such witnesses for the reason of plaintiff's failure to comply with the standing orders of the court concerning the Joint Trial Memorandum. A party's witnesses must be identified and a description of their testimony must be provided. Plaintiff has done neither with respect to these so-called

witnesses. As a result, defendants are prejudiced because they do not know the identities of these witnesses, the purpose of their testimony, nor its nature. Plaintiff's disclosure of these witnesses prior to trial will not be in compliance with the Joint Trial Memorandum standing order, nor will it do away with the prejudicial effect on the defendants. Defendants would further object to the unknown testimony of these unknown witnesses for lack of relevance under Federal Rules of Evidence 401 and 402 and under Federal Rules of Evidence 404 and 608 that pertain to the admission of character evidence.

THE DEFENDANTS, PAUL CAVALIER
AND THE CITY OF NEW HAVEN

/s/:_____
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
Tel. #:  (203) 946-7970 or 7958
Fax #:  (203) 946-7942
E-mail: mwolak@newhavenct.net
Fed. Bar #ct12681
Their Attorney

-11-

**CERTIFICATION**

  **THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered and/or mailed, postage prepaid, on July 14, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT  06852

            /s/_____
              Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D015\P003\00011855.DOC