UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2005 JUL 29 A 9: 44

**MARTY CALDERON**  CASE NO. 3:02 CV 1767 (SRU)
    **PLAINTIFF**
**VS.**

**PAUL CAVALIER, ET AL.**  JULY 28, 2005
    **DEFENDANT**

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO DEFENDANT'S WITNESSES POLICE OFFICER MISCONDUCT

The Plaintiff objects to the Defendant's Motion In Limine to exclude evidence related to the Defendant's Police misconduct in the community in that such evidence is relevant and probative to the Plaintiff's claims that the Defendants engage in a policy, custom, and practice of police misconduct.

The Plaintiff filed this complaint In October of 2002, against the Defendants and the Plaintiff objects to and opposes the Defendants Motion in Limine to exclude evidence of Police Officer's Misconduct for the following reasons based on law.

The Plaintiff filed this action pursuant to claims of civil rights violations under the U.S. Constitution, Connecticut law, and 42 U.S.C. Section 1983. The Plaintiff has claimed in her pleadings that both Officer Paul Cavalier and the City of New Haven violated her civil rights by illegally arresting her in violation of the law on October 7, 2000 based on an alleged complaint made by the Plaintiff's ex-husband, Christopher Santos on October 6, 2000.

1

The Plaintiff claims that in she has stated in her claims that Officer Paul Cavalier and the City of New Haven violated her civil rights, the Plaintiff has a right to argue and prosecute her claims with admissible evidence pertaining to the issues in the Plaintiff's complaint.

In defense of the the Plaintiff's claims, the Defendants claim that they are immune from liability and the Defendants had probable cause to arrest the Plaintiff without a warrant on October 7, 2000 based on an alleged complaint from Christopher Santos, Iris Santos, and Linda Santos. The statements of the complainants in the Defendants police report are conflicting and the Plaintiff has submitted evidence that the Defendants should have known that the complainant, Christopher Santos' complaint was false in that he had a history of being violent towards the Plaintiff who is his ex-wife and has a long conviction record of being violent and dealing drugs and all of the convictions of Christopher Santos were for arrests by the New Haven Police Department in the Town of New Haven.

According to the law, in order for the City of New Haven to be liable for Officer Paul Cavalier's conduct, the Plaintiff has to prove to the jury that the Defendant City of New Haven engaged in a custom, policy and practice of misconduct towards citizens and failed to properly train their police officers.

The Plaintiff claims that the Defendants are trying to exclude the evidence that is necessary to prove liability of the Defendants and the Plaintiff claims that is improper in order to avoid liability to the Plaintiff for a violation of

2

her civil rights. The Plaintiff has claimed that the Defendants engage in a policy and custom or practice of violating the civil rights of other citizens and according to the Federal Rules of Evidence 401 and 402, all misconduct on the part of the Defendants towards U.S. citizens should be admissible in that it is relevant to the Plaintiff's claims against the Defendants. The Plaintiff claims that the exclusion of such evidence would deprive her of the opportunity to her case against the municipality Defendant(s) and is error, see Fletcher v. O'Donnell, 867 F.2d. 791 (3rd Circuit 1989).

The Plaintiff claims that liability of a municipality for constitutional violations results from acquiescence and condonement of same, and the Plaintiff should be allowed to present such evidence to prove her claims, see Britton v. Maloney, 901 F.Supp. 444, 450 (D.Mass. 1995), McNabola v. Chicago Transit Authority, 10 F.3d. 501, 511 (7th Circuit 1993). The Plaintiff claims that she may establish her claims against the Defendants by offering evidence that the misconduct of the Defendant(s) is widespread within the Defendant(s) police department and that the Defendants knew about it, see Sorlucco v. New York City Police Department, 971 F.2d. 864, 871 (2nd Circuit 1992), Bielevicz v. Dubinson, 915 F.2nd. 845, 854 (3rd Circuit 1990), Burge v. St. Tammany Parish, 336 F.3d. 363, 370 (5th Circuit 2003). (Refer to Police Misconduct, Law and Litigation, 3rd Edition, Michael Avery, David Rudowsky, Published by West (2004).

In Eagleston v. Guido, 41 F.3d. 865, (2nd circuit 1994), the District Court erred in excluding a county report of arrestee in domestic violence cases,

3

relevant to existence of municipal practice. According to Granstaff v. City of Berger, 767 F.2d. 161 (5th circuit 1985), the subsequent acceptance of dangerous or recklessness by the policy maker tends to prove his pre-existing disposition and policy. According to Blair v. City of Pomona, 223 F.3d. 938, 1074, 1081 (9th Circuit 2000), Ware v. Jackson County, 150 F.3d. 873, 886 (8th Circuit 1998), Parrish v. Luckie, 963 F.2d. 201 (8th Circuit 1992), Vineyard v. County of Murray, 990 F.2d. 1207 (11th Circuit 1993), Gentile v. County of Suffolk, 926 F.2d. 142 (2nd. Circuit 1991), Leach v. Shelby County Sheriff, 891 F.2nd. 499 (8th Circuit 1997), a jury can conclude from the evidence that the police department had a custom, approved by its policy-makers not to report misconduct of other officers or do anything about the misconduct. According to McNabols v. Chicago Transit Authority, 10 F.3d. 501, 511 (7th Circuit 1993), a municipal custom may be established by proof of the knowledge of policy making officials and their acquiescence to the established practice. However, the Plaintiff claims that if she is not allowed to present evidence of such misconduct it is a denial of her right to present probative and relevant evidence to the policies and customs of the Defendant(s) police department.

In Guiterrez Rodriguez v. Cartagena, 822 F.2d. 553, (1st circuit, 1989), upheld the admission of 13 civilian complaints against police officers. The Plaintiff claims that evidence of police officers other violent acts even if not precisely of the same nature as that at issue before the court, see Parrish v. Luckie, 963 F.2d. 201 (8th circuit 1992). Additionally according to Henry v. County of Shasta, 132 F.3d. 512 (9th circuit 1997), past incidents of misconduct

can be highly probative of municipal policy or practice see also <u>Webster v. City of Houston</u>, 735 F.838 (5th circuit 1984). In <u>Washington v. Vigel</u>, 880 F.Supp. 1534 (MD 1995), the court held that the Plaintiffs could introduce evidence of Hispanic traffic stops to prove, custom, policy or practice by the municipality.

The Plaintiff claims she needs to advance evidence that there was a pattern of similar violations that the village was aware, but also that the defendants were deliberately or recklessly indifferent to complaints of improper conduct in order to subject the municipality to liability, see <u>Wilson V. City of Chicago</u>, 6 F.3d. 1233, 1249 (7th circuit 1993), <u>Lockhart v. Village of Riverdale</u>, 2003 U.S. Dist. Lexis 8701 (2003).

In addition the Plaintiff claims that she can use evidence of other settlements and/or judgments against the Defendants for violations of civil rights and to show misconduct, custom of policy or practice and theory of liability, see <u>Spell v. McDaniel</u>, 824 F.2d. 1380 (4th Circuit 1987).

In <u>Powell v. Denver</u>, 973 F.Supp. 1198, 1205 (D.Colorado, 1997), it was held correct to deny the city's Motion in Limine to exclude evidence of all incidents of alleged unconstitutional police misconduct that took place more than two years before the Plaintiff filed the case. That court held the evidence relevant to prove a municipal custom or practice is admissible. Other courts have also ruled that the failure to admit evidence of other acts to support the existence of a custom may be reversible error, see <u>Fletcher v. O'Donnell</u>, 867 F.2d. 691 (2nd circuit), <u>Anthony v. Sacramento</u>, 898 F.Supp. 1435, 1452 (1995). The Plaintiff also claims that evidence of settlements of other police brutality

5

claims is admissible to show custom and theory of liability, see Spell v. McDaniel, 824 F.2d. 1380 (4th Circuit 1987).

The Plaintiff claims that according to the Federal Rules of Evidence, the public interest in discriminatory conduct outweighs the defendant's reasons for refusal to produce documents that are relevant to the litigation, see Gordon v. City of County of San Francisco, 2004 U.S. Dist. Lexis 20021.

In determining whether to compel the defendants to release misconduct reports, the court must weigh the governments interest of confidentiality against the needs of the adversary litigant for the information, the societal interest in an accurate judicial fact finding and in some cases the public interest in opening for scrutiny the government's decision making progress, see Burke v. New York Police Dept., 115 F.R.D. 220, 232 (SDNY 1987).

The Plaintiff also claims that there is a checklist of some factors when determining the issue of compelling the Defendants to turn over police misconduct reports which includes, 1) the relevance of the evidence sought to be protected, 2) the availability of other evidence, 3) the seriousness of the litigation to the issues involved, see Spinner v. City of New York, 2004 U.S. Dist. Lexis 2541, (2004).

In Kelly v. San Jose, 114 F.R.D. 653 (1987), the court ordered the Defendant city and police officers to produce training materials and citizen complaints against police officers. See Scott v. Edinburg, 1001 F.Supp.2nd. 1017 (2000). In Wood v. Brier, 54 FRD 7, (1972), the court held that information in the documents requested was reasonably calculated to lead to the

discrepancy of admissible evidence.

Finally, according to Williams v. City of Boston, 214 FRD 99 (2003), the court held that the Defendants cannot preclude discovery of relevant information and complaints are admissible evidence, see Vann v. City of New York, 72 F.3d. 1040 (1995). It was also held in Hampton v. City of San Diego, 147 F.R.D. 227 (1993), that defendant police officer(s) personnel files and internal affair files were relevant to the allegations in the Plaintiffs lawsuit. Additionally, in Mason v. Stock, 869 F.Supp. 828 (1994), the court granted the citizens motion to compel the production of personal and internal affairs files of the city's police department but the court granted a protective order for use of the records outside of the trial.

It is for the foregoing reasons that the Plaintiff respectfully requests the court deny the Defendants Motion in Limine in that misconduct evidence of the Defendants is relevant and admissible evidence to prove liability of the Defendants to engage in a custom, policy, or practice to violate a citizens civl rights.

**HEARING REQUESTED**

PLAINTIFF *Marty C*
Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

## CERTIFICATION

I certify that the aforementioned motion was sent via U.S. Mail on July 28, 2005 to the following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510
Telephone:  (203) 946-7970 or 7958
Fax:  (203) 946-7942
E-mail:  mwolak@newhavenct.net

PLAINTIFF  *[signature]*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592