**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2005 AUG -3 P 1: 01

MARTY CALDERON                          CASE NO.: 3:02 CV 1767 (SRU)
        **PLAINTIFF**
**VS.**

PAUL CAVALIER, ET AL.                   **AUGUST 1, 2005**
        **DEFENDANT**

## PLAINTIFF'S OBJECTION TO DEFENDANT'S OBJECTION TO EXCLUDE PLAINTIFF'S EXHIBITS

The Plaintiff claims that the Defendant(s) are liable to the Plaintiff for damages resulting from an illegal arrest made without a warrant in the town of East Haven outside the jurisdiction of New Haven.

The Defendant(s) claim that the basic liability issues are probable cause for an arrest, an arrest without warrant outside the jurisdiction where the offense occurred with an East Haven Police officer, Qualified Immunity for the Defendant and a "Monell" claim against the municipal defendant.

The Plaintiff claims that in addition to the Defendants claim of liability issues, the Plaintiff claims that she needs to prove that the injuries she sustained as a result of the illegal arrest by the Defendant's were a proximate cause of her injuries and monetary damages.

The Plaintiff also intends to prove that the defendant(s) violated her constitutionally protected rights by 1) specific inadequacies in the way the city trained its police officers in making warrantless arrests, 2) that the inadequate training was the result of deliberate indifference on the part of the city toward the federal rights of persons with whom the police officers come into contact; and 3)

1

the inadequate training was the proximate cause of the violation of the plaintiff's federally protected rights.

The Plaintiff also intends to prove that the Defendant(s) with an East Haven police officer, intentionally and without a right to do, falsely arrested the Plaintiff and took her into custody without her consent from her home at 43 Prospect Pl. Ext., East Haven, CT at 4:30a.m. On October 7, 2000 after an alleged complaint by the Plaintiff's ex-husband, Christopher Santos, that the Plaintiff came to Mr. Santos house at 125 Oakley Street, New Haven, CT for the purpose of threatening him.

The Defendant's police report and taken statements of their main witness, Christopher Santos shows inconsistencies, conflicting statements, and statements of Linda Santos, an alleged witness who was not at 125 Oakley Street, New Haven, CT at the time of the alleged event.  Basically, the Plaintiff intends to show that the Defendant(s) conspired with Christopher Santos to infringe upon the Plaintiff's constitutional rights to be free from search and seizure in her home in that the Plaintiff never made a threat to Mr. Christopher Santos and that both he and the New Haven and East Haven Police Department are biased against the Plaintiff.

The Plaintiff claims she has a right to cross examine and offer impeachment evidence against the Defendant's witnesses and they do not have a right to "cover up" the events surrounding the false arrest of the Plaintiff on October 7, 2000.

The Plaintiff also claims she has a right to prove and offer evidence of

2

Oakley St., New Haven, CT. Christopher Santos, the Defendant's main witness in their defense of the Plaintiff's complaint is a)a convicted felon for the intent to sell narcotics (cocaine); b)the ex-husband of the Plaintiff, who was married to the Plaintiff for almost 10 years of which Mr. Santos subjected the Plaintiff to physical domestic assaults of which the Defendant, New Haven Police Department (City of New Haven) had arrested Mr. Santos on numerous occasions for domestic violence against the Plaintiff;c) an individual of which the Plaintiff had caused numerous arrests and capias' for unpaid child support obligations to the Plaintiff after the Plaintiff and Mr. Santos separated.

The Plaintiff claims that according to the FRE 103(a) she is allowed to make an offer of proof at trial to have Mr. Santos' conviction and arrest record admitted as evidence. The Plaintiff claims that if the court overrules the Defendant's objections to such evidence, the evidence will be used for impeachment of Mr. Santos as a credible witness in that Mr. Santos is biased as a witness against the Plaintiff because the Plaintiff had Mr. Santos arrested and convicted for domestic abuse pursuant to Connecticut Code of Evidence Section 6-5, see State v. Santiago, 224 Conn. 325, 332, 618 A.2d. 32 (1992), State v. Asherman, 193 Conn. 695, 719-20, 478 A.2d. 227 (1984), 470 U.S. 1050, Beardsley v. Wildman, 41 Conn. 515, 517 (1874). The Plaintiff claims that the Plaintiff can establish the relevancy of impeachment evidence in by, 1) making an offer of proof; or, 2) the record independently my establish the relevance of the proffered evidence, or, 3) stating a good faith belief that there is an adequate basis for the inquiry, see State v. Byrnes, 232 Conn. 747.

The Plaintiff also claims that Mr. Santos' conviction for selling cocaine in 1989 and served his reduced five year sentence until 1995 is admissible pursuant to the FRE , 607 and 609 and the FRE 401, FRE 402, FRE 405(a)(b), FRE 406, and FRE 803(6)(8) in that he was not released from prison until 1995 which is within the ten year period and is admissible as evidence.

The Plaintiff has stated in her complaint(s) that the Defendants should not have made an illegal arrest outside their jurisdiction of the City of New Haven based on a non credible complaint made by Mr. Santos in that they should have known of his criminal background and nature based on the fact that his conviction record stems from arrests made by the City of New Haven's police department. In that the Plaintiff has made these claims and attached Mr. Santos conviction record and arrest reports to her complaint(s) as part of the pleadings pursuant to the Federal Rules of Civil Procedure 10c, the Plaintiff claims that the exhibits are relevant and admissible as evidence to the Plaintiff's claims and also for impeachment purposes.

The Plaintiff claims that the Defendant(s) never witnessed the Plaintiff making any threats to Mr. Santos on October 6, 2000 and the Defendant(s) illegally arrested the Plaintiff at her home on October 7, 2000 at 4:30 a.m. Without a warrant based only mainly on a complaint by Mr. Santos, the Plaintiff's ex-husband and the Plaintiff claims that is clearly in violation of her U.S. Constitution Fourth Amendment right to be free from search and seizures and C.G.S. Section 54-1f. Therefore, the Plaintiff claims that the evidence is relevant to these issues of law and to determine the credibility of the Defendant(s)

5

witnesses, the jury should be allowed to know of such evidence the Plaintiff has against the Defendants.

2. **The Plaintiff's Restraining Order against Christopher Santos that was ordered by the Honorable Judge Jones on December 13, 1993.**

The Plaintiff claims that this evidence is admissible to impeach the Defendant's main witness, Christopher Santos who is the ex-husband of the Plaintiff and the father of their children. The Plaintiff's only relationship to the Defendant's main witness, Christopher Santos was a ten year marriage to him of which Mr. Santos was a violent father and husband to his family. He was so violent to the Plaintiff and her children that on December 13, 1993 Judge Jones ordered Mr. Santos not to have contact with the Plaintiff and her children from 1993 until July of 2005 the date of majority of the Plaintiff's youngest child, Linda Santos. Linda Santos was only 11 years old when the Honorable Judge Jones granted the restraining order against Mr. Santos.

The Plaintiff claims that the Plaintiff can establish the relevancy of impeachment evidence by, 1) making an offer of proof; or, 2) the record independently my establish the relevance of the proffered evidence, or, 3) stating a good faith belief that there is an adequate basis for the inquiry, see State v. Byrnes, 232 Conn. 747.

The Plaintiff claims that she has included this exhibit with her pleadings pursuant to the Federal Rules of Civil Procedure 10c and that is is relevant for impeachment purposes and goes to the credibility of the the witness, Mr. Santos. The restraining order only expired three months prior to the Defendant (s) making an illegal arrest on the Plaintiff on October 7, 2000 and the Plaintiff

6

claims the fact that the restraining order was in existence and requested by the Plaintiff against Mr. Santos is relevant to the credibility of the Defendant's witness.

The Plaintiff also claims that this evidence is admissible pursuant to the, FRE 401, FRE 402, FRE 405(a)(b), FRE 406, FRE 607, FRE 608(a)(b) and FRE 803(23). The Plaintiff claims that the evidence is also admissible to show motive, intent, or bias see Connecticut Code of Evidence Section 6-5, see State v. Santiago, 224 Conn. 325, 332, 618 A.2d. 32 (1992), State v. Asherman, 193 Conn. 695, 719-20, 478 A.2d. 227 (1984), 470 U.S. 1050, Beardsley v. Wildman, 41 Conn. 515, 517 (1874).

The Plaintiff claims that this evidence is admissible pursuant to the Federal Rules of Evidence 403. In U.S. v. Lopez, 979 F.2d. 1024 (5th Cir. 1993), the court held that evidence can be admitted to contradict a witnesses testimony on a material issue.

Additionally, pursuant to the FRE 803(6)(8), the restraining order is admissible as an exception to the hearsay rule.

### 3. Exhibit of Christopher Santos' Failure to Appear charges for child support arrearage.

The Plaintiff claims that this evidence is admissible to impeach the Defendant(s) main witness, Christopher Santos. The Plaintiff claims that she has filed these exhibits as part of her complaint(s) and pleadings pursuant to the Federal Rules of Civil Procedure 10c and that they should be admitted as evidence against the Defendants main witness, Christopher Santos for impeachment purposes.

The Plaintiff claims that the Plaintiff can establish the relevancy of impeachment evidence by, 1) making an offer of proof; or, 2) the record independently my establish the relevance of the proffered evidence, or, 3) stating a good faith belief that there is an adequate basis for the inquiry, see State v. Byrnes, 232 Conn. 747.

The Plaintiff has claimed in her complaint that Mr. Christopher Santos is not a credible witness, was arrested by the City of New Haven Police Department on numerous occasions and convicted for same arrests and that the Defendants should have known that he was not a credible witness when the Defendant(s) illegally arrested the Plaintiff on October 7, 2000 based on a complaint by Mr. Santos against the Plaintiff.

The Plaintiff claims that the evidence is admissible as an issue of law and the jury as the trier of fact should be allowed to see the evidence the Plaintiff has against the Defendant's witness, Mr. Santos and the Defendant, City of New Haven and Officer Paul Cavalier.

The Plaintiff also claims that this evidence is admissible pursuant to the, FRE 401, FRE 402, FRE 405(a)(b), FRE 406, FRE 607, FRE 608(a)(b) and FRE 803(23). The Plaintiff claims that the evidence is also admissible to show motive, intent, or bias see Connecticut Code of Evidence Section 6-5, see State v. Santiago, 224 Conn. 325, 332, 618 A.2d. 32 (1992), State v. Asherman, 193 Conn. 695, 719-20, 478 A.2d. 227 (1984), 470 U.S. 1050, Beardsley v. Wildman, 41 Conn. 515, 517 (1874).

The Plaintiff claims that this evidence is admissible pursuant to the

8

Federal Rules of Evidence 403.  In <u>U.S. v. Lopez</u>, 979 F.2d. 1024 (5th Cir. 1993),

the court held that evidence can be admitted to contradict a witnesses testimony

on a material issue.

### 4. <u>Ten (10 page) Judicial Record of Warrant issued for Christopher Santos for Possession of Narcotics and New Haven Register Article of Narcotics arrest.</u>

Admissible as evidence pursuant to the FRE 401, FRE 402, 405(a)

(b) and 406 and FRE 607, 609.  (Admissible as evidence pursuant to same

reasons listed under paragraph <u>No.1, Christopher Santos' Conviction and

arrest record.)</u>

### 5. <u>NHPD Complaint No. 496448 dated 6/5/86; NHPD Complaint No. 112711 dated 12/3/85; East Haven Police Dept. Complaint No. 15230 dated 11/29/85; NHPD Complaint No. 99993 dated 11/14/84; East Haven Police Dept. Complaint dated 12/2/93; NHPD Complaint No. 58243 dated 7/4/78; East Haven Police Dept. Complaint No. 07365 6/14/85; NHPD Complaint No. 54095; and other police department reports against the Defendant(s) main witness, Christopher Santos.</u>

The Plaintiff claims that this evidence is admissible to impeach the

Defendant(s) main witness, Christopher Santos.  The Plaintiff claims that she

have filed these exhibits as part of her complaint(s) and pleadings pursuant to

the Federal Rules of Civil Procedure 10c and that they should be admitted as

evidence against the Defendants main witness, Christopher Santos for

impeachment purposes.

The Plaintiff has claimed in her complaint that Mr. Christopher Santos is

not a credible witness, was arrested by the City of New Haven Police

Department on numerous occasions and convicted for same arrests and that the Defendants should have known that he was not a credible witness when the Defendant(s) illegally arrested the Plaintiff on October 7, 2000 based on a complaint by Mr. Santos against the Plaintiff.

The Plaintiff claims that the evidence is admissible as an issue of law and the jury as the trier of fact should be allowed to see the evidence the Plaintiff has against the Defendant's witness, Mr. Santos and the Defendant, City of New Haven and Officer Paul Cavalier.

If the Plaintiff is allowed to show this evidence to the jury, it will show that the Defendant(s) had knowledge that Mr. Santos was not a credible witness at the time the Defendant(s) illegally arrested the Plaintiff on October 7, 2000 and it will also be used for impeachment purposes of Mr. Santos.

The Plaintiff also claims that this evidence is admissible pursuant to the FRE 401, FRE 402, FRE 405(a)(b), FRE 406, FRE 607, FRE 609, and FRE 803 (23).

The Plaintiff claims that this evidence is admissible pursuant to the Federal Rules of Evidence 403. In U.S. v. Lopez, 979 F.2d. 1024 (5th Cir. 1993), the court held that evidence can be admitted to contradict a witnesses testimony on a material issue and also to prove bias or motive against the Plaintiff.

Additionally, pursuant to the FRE 803(6)(8), the reports are admissible.

## 6. Defendant's Responses to Interrogatories

The Plaintiff claims this evidence is admissible pursuant to the FRE 401,

402, 403, and 801(d)(2).

**7. a)Notre Dame High School Letter-Joshua Santos dated 12/6/93; b) Plaintiff's Divorce and Child Support Pleadings and Christopher Santos' Divorce and Child Support Pleadings from New Haven Superior Court; c) Probate Order Dated May 14, 2001 that Linda Santos obtain Counseling from Judge Keyes at New Haven Probate Court; d)Linda Santos Medical Records; e)Prax Air Employment records for Mr. Santos; f)Home Depot Employment Records for Linda Santos; g)Southern CT State Univ. School Records for Linda Santos; h)Financial Affidavits of Christopher Santos; i)Videos and pictures of the Plaintiff and her children.**

The Plaintiff claims that this evidence is admissible pursuant to the Federal Rules of Evidence 403. In U.S. v. Lopez, 979 F.2d. 1024 (5th Cir. 1993), the court held that evidence can be admitted to contradict a witnesses testimony on a material issue.

The Plaintiff also claims that this evidence is admissible pursuant to the FRE 803(3)(5)(6)(8)(23).

a) The Plaintiff claims that she has included with her complaint(s) and pleadings the exhibit of Notre Dame High School letter dated 12/6/93 of which the Plaintiff claims that a guidance counselor at the Notre Dame High School of which the Plaintiff's son, Joshua Santos was attending at the time wrote for the New Haven Superior Court that Joshua Santos did not want to see his father and that it would be emotionally disturbing in that Joshua Santos was trying to attend high school.

The Plaintiff claims that this evidence is relevant to the character of the Defendant's main witness, Christopher Santos and his propensity to cause emotional distress to his children.

11

The Plaintiff also claims that she will also make an offer of proof to refresh the recollection of Joshua Santos, the Plaintiff's witness, of Christopher Santos character and propensity for violence against the Plaintiff and her children.

The Plaintiff claims that the testimony of Joshua Santos and this letter should be shown and heard by the trier of fact, the jury, so that they can determine the credibility of the Defendant(s) main witness.

Joshua Santos has no contact with his father, Christopher Santos, but has contact with his sister, Linda Santos. On the night of October 6, 2000, Linda Santos called Joshua Santos on her cell phone and told him that she was at work and not home at the time the Defendant's main witness, Christopher Santos made his alleged complaint to the Defendants on October 6, 2000 and was not at 125 Oakley Street, New Haven, CT when the Defendant's main witness, Christopher Santos claims that the Plaintiff made a threat to Christopher Santos.

The Plaintiff claims that all this evidence is also admissible for impeachment purposes against, Christopher Santos, and if necessary against Linda Santos who never witnessed the Plaintiff making any threats against the Defendant's main witness Christopher Santos on October 6, 2000.

The Plaintiff is basically claiming that the Defendant's police report is fabricated and that the Defendant's main Christopher Santos fabricated his complaint against the Plaintiff and the Defendant(s) should have known of the fabrication.

The Plaintiff claims that also not admitting this evidence is an obstruction

c) The Plaintiff claims that the Probate Order which was issued in May of 2001
   will be offered as evidence to the credibility and competency of the
   Defendant's witness, Linda Santos.

The Plaintiff claims that in May of 2001, after a hearing in front of Judge
Keyes, the Judge ordered Linda Santos to obtain counseling. The Plaintiff
claims that according to the Defendant's police report claiming that the Plaintiff
made a threat to Christopher Santos on October 6, 2000, Linda Santos made
some statements to Officer Paul Cavalier of which he put into his police report.
The Plaintiff has claimed in her complaint(s) and pleadings that the hearsay
statements in the police reports are not credible and that they are conflicting with
Mr. Christopher Santos' additional statement to Officer Paul Cavalier in that Mr.
Christopher Santos has already given the statement to Officer Paul Cavalier that
Linda Santos was not home at the time Mr. Santos claims that the Plaintiff made
a threat to him. Therefore, the Plaintiff claims the Probate Court order that Linda
Santos obtain counseling is relevant to the competency of the Defendant's
witness, Linda Santos on October 6, 2000 and for impeachment purposes
against the Defendant's witness, Linda Santos if necessary.

The Plaintiff claims that the trier of fact, the jury has a right to determine
the credibility of all witnesses at trial.

The Plaintiff claims that she also has the right to cross examine any of the
defense witnesses.

d) The Plaintiff claims that she is offering the medical records of Linda Santos as
   an offer of proof of the competency and emotional stability of Linda Santos on

14

g) The Plaintiff claims that the Southern CT Univ. School records of Linda

Santos are relevant for impeachment purposes of Linda Santos.  The Plaintiff

claims that after Linda Santos moved in with her father after not seeing him for

14 years in August of 2000, Linda Santos started missing classes at Southern

CT State University and received very poor grades at that point in time.

The Plaintiff claims that the school records of Linda Santos will be offered

as proof to refresh the recollection of Linda Santos, cross examination of Linda

Santos, and to impeach Linda Santos if necessary.

h)The Plaintiff claims that the financial affidavits of Christopher Santos will

be used for impeachment purposes of Christopher Santos in that he has lied on

his financial affidavits at the Plaintiff's child support proceedings against Mr.

Santos.

i) The Plaintiff claims that she will offer as proof video tapes and pictures of her

family to prove the family relationship between the Plaintiff and her daughter,

Linda Santos during the period of time when the Defendants illegally arrested

the Plaintiff

The Plaintiff claims that this evidence is admissible pursuant to the

Federal Rules of Evidence 403.  In U.S. v. Lopez, 979 F.2d. 1024 (5th Cir.

1993), the court held that evidence can be admitted to contradict a witnesses

testimony on a material issue.

8. **Plaintiff's medical records; Plaintiff's employment records; Plaintiff's
college transcripts; Plaintiff's contract of sale of property located at 43
Prospect Place Ext., East Haven, CT from 2001; Appraisal of house at 43
Prospect Pl., Ext., East Haven, CT; Plaintiff's unemployment records;
Several Bar Examination Applications; MPRE March 2005 Examination**

16

**Results; Juris Doctorate form Quinnipiac University School of Law dated December of 2004; Plaintiff's student loan bills from law school; Plaintiff's credit report; Tax returns of the Plaintiff; and the Plaintiff's job searches and interviews and job applications.**

The Plaintiff claims that all these records will be offered pursuant to the FRE 103, 401, 402, and 405(a)(b) to prove compensatory damages against the Defendant(s), for injuries to the Plaintiff as a result of the Defendant's actions against the Plaintiff and for loss of income and property rights of the Plaintiff due to the Defendant's actions. The Plaintiff claims that she has lost income due to the Defendant(s) actions and a loss of future income expectancy.

The Plaintiff claims that this evidence is admissible pursuant to the Federal Rules of Evidence 403. In U.S. v. Lopez, 979 F.2d. 1024 (5th Cir. 1993), the court held that evidence can be admitted to contradict a witnesses testimony on a material issue. The Plaintiff claims that the evidence is admissible pursuant to the FRE (6)(8)(14).

9. **Affidavit of Joshua Santos:**  The Plaintiff claims that Joshua Santos' Affidavit is relevant and admissible to refresh the recollection of Mr. Santos, the Plaintiff's witness and as evidence if necessary to impeach the testimony of the Defendant's witness, Linda Santos in that she was not at home at the time the Defendant(s) claim that the Plaintiff made a threat to their main witness, Christopher Santos. Linda Santos made a telephone call to Joshua Santos on the night of October 6, 2000 stating that she was not home at 125 Oakley Street, New Haven, CT at the time of the alleged incident state by the Defendant(s) and the affidavit was provided to the New Haven Superior Court

17

Defendants.

The Plaintiff also claims that the Defendants illegally arrested the Plaintiff based on a false complaint by the main witness, Christopher Santos and according to C.G.S. Section 54-1f, this was in violation of both state and federal law in that the Defendants never witnessed the Plaintiff making any threats to their main witness, Christopher Santos, but yet came to the Plaintiff's house the next day without a warrant and took her from her place of residence at 4:30a.m. To the New Haven Police Dept. lockup where she had to spend the weekend until arraignment.

The Plaintiff claims the criminal proceedings are relevant to the civil case proceedings and the Plaintiff's claims for compensatory damages.

The Plaintiff claims that this evidence is admissible pursuant to the Federal Rules of Evidence 403. In <u>U.S. v. Lopez</u>, 979 F.2d. 1024 (5th Cir. 1993), the court held that evidence can be admitted to contradict a witnesses testimony on a material issue.

## 11. Norwalk Police Department reports related to assaults on the Plaintiff and interference with the Plaintiff's civil rights and Lawsuits and complaints against the East Haven Police Department related to civil rights.

The Plaintiff claims that she has been assaulted in 2002 in the town of Norwalk, CT while walking down the street and the Plaintiff had to be taken to the hospital. Since the filing of the Plaintiff's Motion to Dismiss the criminal complaint against the Plaintiff, she has been threatened by Officer Paul Cavalier at a New Haven Dunkin Donuts, been pulled over by several East Haven Police Department officers for alleged motor vehicle infractions, and has been

19

threatened for her life. The Plaintiff was assaulted in 2002 in Norwalk and the Plaintiff claims it is related to the Defendant(s) in that both the New Haven police departments and the East Haven police departments engage in violence towards their citizens and assaults, lawsuits, and complaints related to civil rights are relevant to the Plaintiff's claims that the Defendant(s) engage in a custom, policy, or practice to violate the rights of citizens unnecessarily. The Plaintiff claims that the East Haven police officer's departmental complaints are relevant in that the East Haven Police officer assisted Officer Paul Cavalier with the arrest of the Plaintiff at her home at 43 Prospect Pl. Ext., East Haven, CT at 4:30a.m. On October 7, 2000 and the Plaintiff will use the evidence of complaints against the East Haven Police Department to show that they discriminate against minorities and violate the civil rights of citizens like the New Haven Police Department. The Plaintiff claims that the Defendant's witnesses cannot take the stand without being cross examined for bias, motive, or intent because it is against constitutional law and the Federal Rules of Evidence 401 and 402.

The Plaintiff claims the reports are admissible as evidence pursuant to the FRE 803(6)(8).

The Plaintiff claims that the complaints against the East Haven Police officers are admissible for the same legal reasons stated in paragraph <u>No. 12.</u> <u>Internal Affairs complaints against the Defendants made by the Plaintiff and</u> <u>other individuals.</u>

The Plaintiff claims that this evidence is admissible pursuant to the Federal Rules of Evidence 403. In <u>U.S. v. Lopez</u>, 979 F.2d 1024 (5th Cir. 1993),

20

the court held that evidence can be admitted to contradict a witnesses testimony on a material issue.

## 12. Internal Affairs Complaints Against the Defendants Made by the Plaintiff and Other Individual:

The Plaintiff claims that any civilian complaints made against the Defendants including the Plaintiff's own civilian complaints made against the Defendant(s) should be admissible to prove that the Defendant municipality engaged in a policy, custom or practice to violate the civil rights of citizens, see Parrish and Morris v. Washington Metropolitan Area Transit Authority, 702 f.2d. 1037 (1983), Fiacco v. City of Rennselaer, 783 F.2d. 319 (2nd Circuit 1986), Gutierrez-Rodriguez v. Cartagena, 882 F.F.2d. 553 (1st. Circuit 1989), Bordianaro v. McLeod, 871 F.2d. 1151 (1st Circuit), 493 U.S. 820 (1989), Torres v. McLaughlin, 966 F.Supp. 1353 (1997), 163 F.3d. 169 (1998), Spell v. McDaniel, 824 F.2d. 1380 (4th Circuit 1987), 484 U.S. 1027 (1988), Black v. Stephens, 662 F.2d. 181 (3rd Circuit 1981), 455 U.S. 1008 (1982), Eagleston v. Guido, 41 F.3d. 865 (2nd Circuit 1994), 116 S.Ct. 53 (1995), Fletcher v. O'Donnell, 867 F.2d. 791 (3rd Circuit), 492 U.S. 919 (1989), Doe v. New York City Dep't of Social Services, 649 F.2d. 134, 147 (2nd Circuit), Vineyard v. County of Murray, 990 F.2d. 1207, 1212 (11th Circuit), 510 U.S. 1024 (1993), Henry v. County of Shasta, 132 F.3d. 512, 520 (9th Circuit 1997), Powell v. Denver, 973 F.Supp. 1198, 1205 (1997). The court in Torres v. Kuzniasz, 936 F.Supp. 1201, 1211 (1996) the court stated, "Supervisory opinions and responses to civilian complaints are highly relevant to proving a 42 Section 1983 municipal liability based upon the entity's alleged failure to respond

21

adequately to complaints of police misconduct".

The Plaintiff claims that not to allow such evidence to support existence of a custom is reversible error, see <u>Anthony v. Sacramento</u>, 898 F.Supp. 1435, 1452 (1995).

The Plaintiff also claims that the evidence of the Defendant(s) other bad acts can be used for impeachment purposes, see <u>Wilson v. City of Chicago</u>, 6 F.3d. 1233, (7th Circuit 1993), 114 S.Ct. 1844 (1994), <u>Ismail v. Cohen</u>, 899 F.2d. 183 (2nd Circuit 1990).

The Plaintiff claims that she will also offer this type of evidence because it is relevant under FRE 404(b) to motive and intent of the Defendant(s) in that the Plaintiff has claimed that she is a Hispanic woman and the Defendant(s) are of the Caucasian race and they discriminated against the Plaintiff because of her race. For this reason, the complaints are probative and relevant to discrimination on the part of the defendants against Hispanic residents, see <u>Village of Arlington Heights v. Metropolitan House Dev. Corp.</u>, 429 U.S. 252, 267 (1977), <u>Brown v. Boston Univ.</u>, 891 F.2d. 337 (1st Circuit 1989), <u>Mullen v. Princess Anne Volunteer Fire Co.</u>, 853 F.2d. 1130, (4th Circuit 1988), <u>Webb. v. City of Chester</u>, 813 F.2d. 824, (7th Circuit 1987), <u>Black Law Enforcement Officers Ass'n v. Akron</u>, 824 F.2d. 475 (6th Cir. 1987), <u>Hurley v. Atlantic City Police Dept.</u>, 933 F.Supp. 396 (1996).

The Plaintiff claims that this evidence is also admissible pursuant to the FRE 803(6)(8).

The Plaintiff claims that this evidence is admissible pursuant to the

22

Federal Rules of Evidence 401, 402, and 403. In <u>U.S. v. Lopez</u>, 979 F.2d. 1024
(5th Cir. 1993), the court held that evidence can be admitted to contradict a
witnesses testimony on a material issue.

The Plaintiff also claims that this evidence is admissible to pursuant to the
FRE 404(b) and 406 to prove habit of an organization and as circumstantial
evidence of a municipal custom, policy, or practice of the Defendant(s).

### 13. The Policy and Procedure manual for the City of New Haven Police Department:

The Plaintiff has already filed a portion of the New Haven Police
Department's manual with her pleadings and complaints against the
Defendants. The Plaintiff claims that this evidence is relevant to the Plaintiff's
claims that the Defendant's fail to train their officer's properly and engage in a
pattern, policy, or custom to violate the civil rights of citizens.

The Plaintiff claims that this evidence is admissible pursuant to the
Federal Rules of Evidence 401, 402, 403, 404(b), 406, and 803(6). In <u>U.S.
v. Lopez</u>, 979 F.2d. 1024 (5th Cir. 1993), the court held that evidence can
be admitted to contradict a witnesses testimony on a material issue.

### 14. Officer Paul Cavalier's Personnel Record From his Employer the City of New Haven Police Dept.:

In <u>Carter v. District of Columbia</u>, 795 F.2d. 116 (1986), the trial court
admitted personnel files of the Defendant into evidence for the trier of fact
claiming that it was admissible under the FRE 401, FRE 402, FRE 404(b) and
FRE 803(6).

The Plaintiff claims that the Defendant Officer Paul Cavalier's personnel

23

record is relevant to show that the Defendant(s) engage in a failure to properly

hire and train their employees, and is relevant to a policy, custom, or practice

of same.

The Plaintiff claims that this evidence is admissible pursuant to the

Federal Rules of Evidence 403.  In U.S. v. Lopez, 979 F.2d. 1024 (5th Cir.

1993), the court held that evidence can be admitted to contradict a witnesses

testimony on a material issue.

### 15. History of Federal Lawsuits Brought Against the City of New Haven and the New Haven Police Dept. and State Lawsuits Brought against the City of New Haven and the New Haven Police Dept:

The Plaintiff claims this evidence is admissible pursuant to the FRE 401,

402, 403, and 803(8).

The Plaintiff claims that this evidence is admissible according to Spell v.

McDaniel, 824 F.2d. 1380 (4th Circuit 1987) and Perri v. Daggy, 776 F.Supp.

1345 (1991), to prove the awareness of misconduct in the police department.

Also see, Fiacco v. City of Rensselaer, 783 F.2d. 319 (2nd Cir. 1986).

The Plaintiff also claims that this evidence will be offered as circumstantial

evidence of a custom, policy, an practice of the Defendant(s) pursuant to FRE

404(b) and 406.

### 16. Bernie Soldate Private Investigator Polygraph Report from November of 2000:

On November 10, 2000 the Plaintiff took a Polygraph examination with Bernie

Soldate Private Investigator to prove that she did not make any threats to the

Defendant's main witness, Christopher Santos.  The Plaintiff passed the

24

admitted by the Defendant. In addition, the Plaintiff has filed interrogatories with the Defendants of which they have answered and the Plaintiff claims that this is admissible and relevant to the Plaintiff's claims against the Defendants.

The Plaintiff claims that this evidence is admissible pursuant to the Federal Rules of Evidence 401, 402, and 403. In <u>U.S. v. Lopez</u>, 979 F.2d. 1024 (5th Cir. 1993), the court held that evidence can be admitted to contradict a witnesses testimony on a material issue.

The Plaintiff also claims that the evidence is admissible pursuant to the FRE 801(d)(2).

18. **New Haven Superior court transcript dated 12/15/00, with the Plaintiff and Christopher Santos with Judge Jon Alander presiding (impeachment purposes):**

The Plaintiff claims that she has submitted the transcript of this hearing in her complaint(s) and pleadings against the Defendants pursuant to the Federal Rules of Civil Procedure 10c. The Plaintiff claims that this evidence is admissible pursuant to the FRE 401, 402, 608(a)(b), and The Connecticut Code of Evidence Sec. 4-4(3). The court is allowed to admit evidence of a witness' character for untruthfulness to attack the credibility of the witness, see State v. George, 194 Conn. 361, 368, 481 A.2d. 1069(1984), 469 U.S. 1191, 105 S.Ct. 963 (1985). The Plaintiff has claimed in her complaint(s) and pleadings that the Defendants failed to properly investigate the alleged complaint of Christopher Santos on October 6, 2000 and failed to retract any defamatory statements made against the Plaintiff. The Plaintiff claims that on December 15, 2000 the Defendant's main witness, Christopher Santos went

26