

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2005 AUG 15 A 7: 35

U.S. DISTRICT
BRIDGEPORT

| | |
|---|---|
| MARTY CALDERON | CASE NO.: 3:02 CV 1767 (SRU) |
| VS. | |
| PAUL CAVALIER, ET AL. | AUGUST 15, 2005 |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S OBJECTION TO PLAINTIFF'S WITNESSES

The Plaintiff claims that the Defendant(s) are liable to the Plaintiff for damages resulting from an illegal arrest made without a warrant in the town of East Haven outside the jurisdiction of New Haven.

The Defendant(s) claim that the basic liability issues are probable cause for an arrest, an arrest without warrant outside the jurisdiction where the offense occurred with an East Haven Police officer, Qualified Immunity for the Defendant and a "Monell" claim against the municipal defendant.

The Plaintiff claims that in addition to the Defendants claim of liability issues, the Plaintiff claims that she needs to prove that the injuries she sustained as a result of the illegal arrest by the Defendant's were a proximate cause of her injuries and monetary damages.

The Plaintiff also intends to prove that the defendant(s) violated her constitutionally protected rights by 1) specific inadequacies in the way the city trained its police officers in making warrantless arrests, 2) that the inadequate training was the result of deliberate indifference on the part of the city toward the

1

federal rights of persons with whom the police officers come into contact; and 3) the inadequate training was the proximate cause of the violation of the plaintiff's federally protected rights.

The Plaintiff also intends to prove that the Defendant(s) with an East Haven police officer, intentionally and without a right to do, falsely arrested the Plaintiff and took her into custody without her consent from her home at 43 Prospect Pl. Ext., East Haven, CT at 4:30a.m., October 7, 2000 after an alleged complaint by the Plaintiff's ex-husband, Christopher Santos, that the Plaintiff came to Mr. Santos house at 125 Oakley Street, New Haven, CT for the purpose of threatening him. Iris Santos and Linda Santos are also witnesses for the Defendants.

The Defendant's police report and taken statements of their main witness, Christopher Santos shows inconsistencies, conflicting statements, and statements of Linda Santos, an alleged witness who was not at 125 Oakley Street, New Haven, CT at the time of the alleged event. Basically, the Plaintiff intends to show that the Defendant(s) conspired with Christopher Santos, to infringe upon the Plaintiff's constitutional rights to be free from search and seizure in her home in that the Plaintiff never made a threat to Mr. Christopher Santos and that both he and the New Haven and East Haven Police Department are biased against the Plaintiff.

The Plaintiff also intends to prove at trial that Iris Santos did not witness the Plaintiff making any threat to Christopher Santos on October 6, 2005 and that she is a biased witness who was married to Christopher Santos on October

6, 2000. The Plaintiff also intends to prove at trial that Linda Santos was not at 125 Oakley Street, New Haven, CT at the time Christopher Santos claims the Plaintiff made a threat to him in that she was away at work which has already been attested to by Christopher Santos own statements to the Defendants.

The Plaintiff claims she has a right to cross examine and offer impeachment evidence against the Defendant's witnesses and the witnesses do not have a right to "cover up" the events surrounding the false arrest of the Plaintiff on October 7, 2000. The Plaintiff claims that the Plaintiff can establish the relevancy of impeachment evidence by, 1) making an offer of proof; or, 2) the record independently may establish the relevance of the proffered evidence, or, 3) stating a good faith belief that there is an adequate basis for the inquiry, see State v. Byrnes, 232 Conn. 747.

The Plaintiff claims that the Defendant(s) never witnessed the Plaintiff making any threats to Mr. Santos on October 6, 2000 and the Defendant(s) illegally arrested the Plaintiff at her home on October 7, 2000 at 4:30 a.m. Without a warrant based only mainly on a complaint by Mr. Santos, the Plaintiff's ex-husband and the Plaintiff claims that is clearly in violation of her U.S. Constitution Fourth Amendment right to be free from search and seizures and C.G.S. Section 54-1f. Therefore, the Plaintiff claims that the evidence is relevant to these issues of law and to determine the credibility of the Defendant(s) witnesses, the jury should be allowed to know of such evidence the Plaintiff has against the Defendants.

The Plaintiff also claims she has a right to prove and offer evidence of

3

racism and bias in the New Haven and East Haven Police departments toward minorities pursuant to the FRE 406.

On July 14, 2005, the Defendant filed Objections to the Plaintiff's Witnesses and potential testimony by the Plaintiff's witnesses that will prove the Plaintiff's complaint against the Defendants.

The Plaintiff objects to the Defendant's Objections to the Plaintiff's Witnesses testifying at trial in that any testimony given by the witnesses either on direct examination, cross-examination, or rebuttal will be testimony that is relevant according to the FRE 402 and 403 and will additionally be used for impeachment, motive, bias, intent, character, and proof of the Plaintiff's compensatory damages.

The Plaintiff claims that the evidence is also admissible to show motive, intent, or bias see Connecticut Code of Evidence Section 6-5, see State v. Santiago, 224 Conn. 325, 332, 618 A.2d. 32 (1992), State v. Asherman, 193 Conn. 695, 719-20, 478 A.2d. 227 (1984), 470 U.S. 1050, Beardsley v. Wildman, 41 Conn. 515, 517 (1874).

According to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the Plaintiff claims that she can object during trial to any admissible and relevant testimony not allowed to be introduced as evidence to preserve her claims for appellate purposes.

The Plaintiff Objects to all of the Defendant's Objections to the Plaintiff's Witnesses for trial in that all of the testimony elicited by the Plaintiff from these witnesses on direct examination or cross examination or rebuttal is relevant

pursuant to the FRE 401 and 402 and probative to the Plaintiff's claims in her complaint.

The Plaintiff Objects to the Defendant's Objections to the Plaintiff's Witnesses' testimony for the following legal reasons:

### 1. Linda Santos

The Plaintiff has claimed in her complaint that the Defendant's witnesses are not credible. The Plaintiff claims that testimony of Linda Santos regarding a probate proceeding in May of 2001 is relevant towards Linda Santos mental capacity at the time of October 6, 2000. The Plaintiff claims that Linda Santos was having problems at her college in the Spring of 2001 and the Plaintiff claims that this is relevant to Linda Santos competency on October 6, 2000.

### 2. Joshua Santos

The Plaintiff claims that Mr. Santos affidavit of his conversation with his sister, Linda Santos regarding the fact that Linda Santos was not present at 125 Oakley Street in New Haven, CT at the time that Christopher Santos claimed the Plaintiff made a threat to him is relevant to the fact that Linda Santos could not have been a witness to Mr. Santos allegations and statement made to the Defendants on October 6, 2000.

Joshua Santos' affidavit and his testimony is relevant as an excited utterance and can be used for impeachment purposes if necessary to impeach any untruthful testimony on the part of Linda Santos if necessary. The Plaintiff also claims that Joshua Santos' testimony can be introduced on

examination pursuant to the FRE 608(a)(b) if probative of the truthfulness of a witness.

### 3. Michael Vignola

The Plaintiff claims that she has lost wages due to the Defendant's actions on October 7, 2000. The Plaintiff claims that testimony from Michael Vignola, the Plaintiff's prior supervisor for a two year period is relevant to the Plaintiff's earning capacity at the time of the Plaintiff's arrest on October 7, 2000. Mr. Vignola can testify to what the Plaintiff earned while she was employed by him and what her duties were.

The Plaintiff claims that Mr. Vignola's testimony is relevant to prove that the Plaintiff has been damaged economically as a result of the Defendant's actions on October 7, 2000 and is admissible pursuant to the FRE 701.

### 4. Michael Koseski

This witness testimony will be relevant to the Plaintiff's character as needed for rebuttal.

The Plaintiff claims that this witness' testimony is admissible pursuant to the FRE 405(a)(b) and 701.

### 5. Christopher Santos

The Plaintiff claims that any testimony of Christopher Santos regarding his criminal convictions is admissible for a civil action. The Plaintiff claims that his drug convictions of which he was incarcerated from 1989 until 1995 is admissible in that his last date of incarceration is within the 10 year time frame pursuant to the FRE 609.

The Plaintiff claims that any testimony of Christopher Santos regarding his other criminal convictions for assaults against the Plaintiff over 10 years ago is relevant to the relationship between the Plaintiff and the Defendant and is admissible.

The Plaintiff claims that Mr. Santos testimony regarding child support proceedings is relevant as to motive and bias of Mr. Santos against the Plaintiff. The Plaintiff also claims that testimony of Mr. Santos to Judge Jon Alander will be relevant and probative of the fact the Mr. Santos lies and is not a credible witness.

The Plaintiff claims that Christopher Santos testimony may be elicited on cross-examination of Mr. Santos pursuant to the FRE 608(a)(b) and probative of Mr. Santos truthfulness.

The Plaintiff also claims that Mr. Santos testimony is probative of his habit to abuse the Plaintiff and lie about her pursuant to the FRE 406.

### 6. Iris Santos

This witness testimony will be relevant for impeachment, bias, and motive purposes. The Plaintiff's only relationship with the Defendant's witness Iris Santos is the fact that Iris Santos Quit Claimed the Deed of 125 Oakley Street, New Haven, CT into her name when the Plaintiff was putting a lien on this property for unpaid child support that was owned by Iris Santos and Christopher Santos. The Plaintiff claims that Iris Santos testimony is relevant to prove that she is biased against the Plaintiff and that she is not a credible witness.

The Plaintiff claims that Iris Santos' testimony can be elicited pursuant to the FRE 608(a)(b) on cross-examination of this witness and is probative to the truthfulness of this witness and is probative of bias of the witness towards the Plaintiff.

### 7. Albert Roman

This witness testimony will be relevant to the Plaintiff's character as needed for rebuttal pursuant to the FRE 405(a)(b).

The Plaintiff claims that this witness' testimony is admissible pursuant to the FRE 701.

### 8. Robert Torello

The witness' testimony will be relevant to the Plaintiff's claims that she has been damaged for future job expectancies as a result of the Defendant's actions on October 7, 2000.

The Plaintiff claims that Mr. Torello was a professor which taught the Plaintiff and gave her a recommendation for the admittance to law school and is relevant to the Plaintiff's claim for the Defendant's interference with future job expectancy.

The Plaintiff claims that this witness' testimony is admissible pursuant to the FRE 701.

### 9. Expert Witness (Police and procedure/police brutality)

The Plaintiff claims that this witness testimony will be relevant to the Defendants practice and custom to make illegal arrests customarily and to commit assaults on the public unnecessarily.

The Plaintiff claims that this witness testimony is admissible pursuant to the FRE 702 and 703.

### 10. Expert Witness (Spousal abuse)

The Plaintiff claims that in that the Defendant's witness abused the Plaintiff over a 10 year period during the Plaintiff's marriage to Mr. Santos, the Plaintiff claims that this testimony is relevant to prove Mr. Santos is not a credible witness, is biased against the Plaintiff, and will be relevant to Mr. Santos frame of mind.

The Plaintiff claims that this witness testimony is admissible pursuant to the FRE of 702 and 703.

### 11. Bernie Soldate Investigator (Expert Witness)

Mr. Soldate is an expert in the field of polygraph examinations. The Plaintiff claims that Mr. Soldate's testimony would prove that the Plaintiff was willing to submit to a polygraph examination on November 10, 2000 shortly after the Plaintiff's arrest by the Defendants and is relevant to same.

The Plaintiff claims that this witness' testimony is admissible pursuant to the FRE 702 and 703.

### 12. East Haven Police Department Human Resource Department Supervisor

The Plaintiff claims that the Defendant's witness an East Haven police officer accompanied the Defendant(s) to the Plaintiff's home at 4:30 a.m., on October 7, 2000 to make an illegal arrest of the Plaintiff outside of the Defendant's jurisdiction without a warrant.

The Plaintiff claims that the East Haven police officers have had

complaints filed against them for improper policy, custom or practices against civilians and the Plaintiff claims that any testimony given by this witness is relevant that the East Haven Police Department have a custom of engaging in violating the civil rights of citizens and is probative that they make mistakes.

This witness' testimony is admissible pursuant to the FRE 406.

### 13. New Haven Police Department Human Resource Department Supervisor

The Plaintiff claims that the New Haven police officers have had complaints filed against them for improper policy, custom or practices against civilians and the Plaintiff claims that any testimony given by this witness is relevant that the New Haven Police Department have a custom of engaging in violating the civil rights of citizens and is probative that they make mistakes.

This witness testimony is admissible pursuant to the FRE 406.

### 14. Robert Molloy

The Plaintiff claims that she has lost wages due to the Defendant's actions on October 7, 2000. The Plaintiff claims that testimony from Robert Molloy, the Plaintiff's prior supervisor for over an eight year period is relevant to the Plaintiff's earning capacity at the time of the Plaintiff's arrest on October 7, 2000. Mr. Molloy can testify to what the Plaintiff earned while she was employed by him and what her duties were.

The Plaintiff claims that Mr. Molloy's testimony is relevant to prove that the Plaintiff has been damaged economically as a result of the Defendant's actions on October 7, 2000.

The Plaintiff claims that this witness' testimony is admissible pursuant to

the FRE 701.

## 15. Expert Witness regarding applications for admittance to the Bar for the practice of law

The Plaintiff claims that she has been financially damaged due to the actions of the Defendants on October 6 and October 7, 2000. The Plaintiff was pursuing a law degree at the time the Defendants arrested her. The Plaintiff had no prior arrests on her record. The Plaintiff graduated from law school in December of 2004. The Plaintiff claims that it is foreseeable that she will not be admitted to any bar for the practice of law due to the libelous statements the Defendants made against the Plaintiff in their police report regarding their arrest of the Plaintiff on October 7, 2000.

The Plaintiff claims that most Bar applications for the practice of law require that the applicant state the dates and reasons for prior arrests and the Plaintiff will have to disclose the Defendant's arrest of the Plaintiff which more likely than not will affect the Bar examining committee's decision to admit the Plaintiff to the bar or not.

Therefore, the Plaintiff claims that this testimony is relevant to the Plaintiff's loss of future job expectancy in the practice of law.

## 16. Marty Calderon

The Plaintiff claims that any testimony that she will offer will be relevant pursuant to the Federal Rules of Evidence 401 and 402. The Plaintiff claims that the only contact she has had with Christopher Santos is during the time she was married to him, at divorce or child support proceedings, probate

proceedings concerning the Plaintiff's daughter Linda Santos, and contact with Mr. Santos from April of 2000 through October of 2000 in that Mr. Santos was starting to visit with his daughter, Linda Santos after over 14 years of not seeing her. Christopher Santos took Linda Santos to live with him in August of 2000 and the Plaintiff had contract with Mr. Santos, Iris Santos, and Linda Santos regarding Linda Santos well being and her attendance at Southern Connecticut State University in her freshman year. Linda Santos became ill after she went to live with Christopher Santos and at a Probate Court Hearing in New Haven with Judge Keyes presiding, in May of 2001, Judge Keyes ordered Linda Santos to obtain counseling.

The Plaintiff claims that the Defendant's Objection to the Plaintiff's testimony is too vague in that the Plaintiff should be allowed to prove to the court that Christopher Santos was not telling the truth when he complained about the Plaintiff to the Defendants on October 6, 2000 and that Christopher Santos and Iris Santos are biased witnesses against the Plaintiff and the Defendants should have known that they are biased for several reasons.

The Plaintiff claim that while the Plaintiff was married to Christopher Santos, she had him arrested by the New Haven Police Department and he was convicted for making assaults upon the Plaintiff, therefore the Plaintiff claims that Mr. Santos is not a credible witness and the Plaintiff should be able to testify of her relationship with Christopher Santos. The Plaintiff also claims that in December of 2000, Christopher Santos continued to harass the Plaintiff by lying in New Haven Superior Court to Judge Jon Alander stating that he had never

been convicted of a crime and bringing the Plaintiff to court to ask for a restraining order despite the fact that Christopher Santos had testified that the Plaintiff had not been to his house after October 6, 2000. The Plaintiff claims that her testimony regarding these facts are relevant and probative of the fact that Christopher Santos was using the legal system to harass the Plaintiff and the Defendants should have known about Mr. Santos actions and motives based on his New Haven criminal conviction record which is comprised of assaultive behavior towards the Plaintiff and serious drug dealing.

The Plaintiff also claims that the Defendant's other witness, Iris Santos is also a biased witness in that at the time of the Plaintiff's arrest by the Defendants on October 7, 2000, Christopher Santos and Iris Santos had filed pleadings in New Haven Superior Court in an effort to get the Plaintiff to settle an over $20,000 child support arrearage owed to the Plaintiff for only $12,000 but the Plaintiff refused. The Plaintiff claims that Christopher Santos only wanted to settle the arrearage so that the Plaintiff would take her child support lien off of his and Iris Santos property located at 125 Oakley Street, in New Haven, CT. This property was eventually foreclosed upon by the bank.

The Plaintiff claims that her testimony regarding all of these facts is relevant and probative of the fact that Christopher Santos and Iris Santos are biased witnesses against the Plaintiff and had a motive to lie against the Plaintiff.

The Plaintiff has submitted to a polygraph test on November 10, 2000 and neither Christopher Santos or Iris Santos have submitted to any polygraph tests for their allegations against the Plaintiff on October 6, 2000.

The Defendants have shown no legally sufficient reason why the Plaintiff cannot properly testify and offer her relevant testimony to the bias of the Defendant's witnesses towards the Plaintiff in that it is relevant to the fact that the Defendants should have known that their witnesses were not credible in that the Defendants New Haven Police Department has the criminal record of Christopher Santos and they have access to the child support and New Haven Superior Court proceedings.

### 17. Rape victims by the New Haven and East Haven Police Officers

The Plaintiff claims that the New Haven and East Haven Police Department officers have had complaints filed against them for improper policy, custom or practices against civilians and the Plaintiff claims that any testimony given by this witness is relevant that the East Haven and New Haven Police Department have a custom of engaging in violating the civil rights of citizens and is probative that they make mistakes.

The Plaintiff claims that this evidence is admissible pursuant to the FRE 406.

### 18. Any other witnesses with knowledge of the Plaintiff and/or the Defendant's witnesses as deemed necessary according to the Federal Rules of Civil Procedure

The Plaintiff claims that in the interest of justice if a witness is needed and has relevant and probative evidence to offer, the Plaintiff claims she has a right to present such a witness for relevant and probative testimony.

PLAINTIFF *[signature: Marty Cal]*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

## CERTIFICATION

I certify that the aforementioned motion was sent via U.S. Mail on August 15, 2005 to the following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Telephone: (203) 946-7970 or 7958
Fax: (203) 946-7942
E-mail: mwolak@newhavenct.net

PLAINTIFF *[signature: Marty C.]*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592