UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*FILED*

2005 AUG 16 A 9: 09

U.S. DISTRICT COURT
BRIDGEPORT. CONN

MARTY CALDERON                          CASE NO.: 3:02CV1767 (SRU)
    PLAINTIFF
VS.

PAUL CAVALIER, ET AL.                   AUGUST 16, 2005
    DEFENDANTS

## PLAINTIFF'S MOTION TO COMPEL REQUEST FOR PRODUCTION

1.      On May 20, 2005, the Plaintiff served Interrogatories and Request for Production on the Defendants. On July 11, 2005 the Defendants partially complied with the Plaintiff's Request for Production of Documents (see attached Defendant's list of Objections and Compliance, Exhibit #1). In particular on page 8 of the Defendant's answers, the Defendants have failed to furnish the document of their main witness, Christopher Santos simple assault dated on or about March 7, 2001 filed under the Defendant's complaint NO. 01-013471. Pursuant to the Federal Rules of Civil Procedure 26 et sequence and 37 et sequence, the Plaintiff therefore respectfully requests that the court order the Defendants to answer the following Requests for Production:

2.      Paragraph #2-What was Sergeant Kevin Emery's salary prior to retiring from the New Haven Police Department and what is Sergeant Kevin Emery's Present Pension from the New Haven Police Department. (The Plaintiff compels this court to order the Defendants to answer this question in that Sergeant Kevin Emery was the Defendant, Officer Paul Cavalier's supervisor at the time the

1

Plaintiff was illegally arrested by the Defendant and authorized the arrest. The Plaintiff claims that Sergeant Kevin Emery will be testifying for the Defendants and the Plaintiff has a right to Sergeant Emery's salary and present pension which is relevant to bias or possible motive to testify against the Plaintiff.)

3.     Paragraph #6-During Sergeant Kevin Emery's employment at the New Haven Police Department, did any civilians file complaints and lawsuits against Sergeant Kevin Emery for a violation of civil rights, if the answer is yes please state the name, address and date of complaint and how it was resolved. (The Plaintiff claims that any civilian complaints and/or lawsuits against Sergeant Kevin Emery are relevant pursuant to the FRE 401, 402, and 406, as to the habit or routine practice of the Defendant's City of New Haven Police Department. The Plaintiff claims that the Defendants are liable for engaging in a custom, policy, or practice to violate the civil rights of citizens, therefore any complaints filed against the Officer Paul Cavaliers, supervisor Sergeant Kevin Emery is relevant to the Plaintiff's claims in her complaint. Refer to paragraph 4 case law.)

4.     Paragraph #8-During Officer Paul Cavalier's employment at the New Haven Police Department, until May of 2005, did any civilians file complaints and lawsuits against Officer Paul Cavalier for a violation of civil rights, if the answer is yes please state the name, address and date of complaint and how it was resolved. (The Plaintiff claims that any complaints against the Defendant, Officer Paul Cavalier is not subject to privacy and is relevant to the Plaintiff's claim that the Defendants engage in a custom, policy, or practice to violate the civil rights of

2

citizens.  The Plaintiff claims that it is standard discovery procedure to request production of such documents.)

The Plaintiff claims that any civilian complaints made against the Defendants including the Plaintiff's own civilian complaints made against the Defendant(s) should be admissible to prove that the Defendant municipality engaged in a policy, custom or practice to violate the civil rights of citizens, see Parrish and Morris v. Washington Metropolitan Area Transit Authority, 702 F.2d. 1037 (1983), Fiacco v. City of Rennselaer, 783 F.2d. 319 (2nd Circuit 1986), Gutierrez-Rodriguez v. Cartagena, 882 F.F.2d. 553 (1st. Circuit 1989), Bordianaro v. McLeod, 871 F.2d. 1151 (1st Circuit), 493 U.S. 820 (1989), Torres v. McLaughlin, 966 F.Supp. 1353 (1997), 163 F.3d. 169 (1998), Spell v. McDaniel, 824 F.2d. 1380 (4th Circuit 1987), 484 U.S. 1027 (1988), Black v. Stephens, 662 F.2d. 181 (3rd Circuit 1981), 455 U.S. 1008 (1982), Eagleston v. Guido, 41 F.3d. 865 (2nd Circuit 1994), 116 S.Ct. 53 (1995), Fletcher v. O'Donnell, 867 F.2d. 791 (3rd Circuit), 492 U.S. 919 (1989), Doe v. New York City Dep't of Social Services, 649 F.2d. 134, 147 (2nd Circuit), Vineyard v. County of Murray, 990 F.2d. 1207, 1212 (11th Circuit), 510 U.S. 1024 (1993), Henry v. County of Shasta, 132 F.3d. 512, 520 (9th Circuit 1997), Powell v. Denver, 973 F.Supp. 1198, 1205 (1997). The court in Torres v. Kuzniasz, 936 F.Supp. 1201, 1211 (1996) the court stated, "Supervisory opinions and responses to civilian complaints are highly relevant to proving a 42 Section 1983 municipal liability based upon the entity's alleged failure to respond adequately to complaints of police misconduct".

The Plaintiff claims that not to allow such evidence to support existence of

3

a custom, policy, or practice, on the part of the Defendants is reversible error, see <u>Anthony v. Sacramento</u>, 898 F.Supp. 1435, 1452 (1995).

The Plaintiff also claims that the evidence of the Defendant's other bad acts can be used for impeachment purposes, see <u>Wilson v. City of Chicago</u>, 6 F.3d. 1233, (7th Circuit 1993), 114 S.Ct. 1844 (1994), <u>Ismail v. Cohen</u>, 899 F.2d. 183 (2nd Circuit 1990).

The Plaintiff claims that she will also offer this type of evidence because it is relevant under FRE 404(b) and FRE 406, as to motive and intent of the Defendant(s) in that the Plaintiff has claimed that she is a Hispanic woman and the Defendant(s) are of the Caucasian race and they discriminated against the Plaintiff because of her race.  For this reason, the complaints are probative and relevant to discrimination on the part of the defendants against Hispanic residents, see <u>Village of Arlington Heights v. Metropolitan House Dev. Corp.</u>, 429 U.S. 252, 267 (1977), <u>Brown v. Boston Univ.</u>, 891 F.2d. 337 (1st Circuit 1989), <u>Mullen v. Princess Anne Volunteer Fire Co.</u>, 853 F.2d. 1130, (4th Circuit 1988), <u>Webb. v. City of Chester</u>, 813 F.2d. 824, (7th Circuit 1987), <u>Black Law Enforcement Officers Ass'n v. Akron</u>, 824 F.2d. 475 (6th Cir. 1987), <u>Hurley v. Atlantic City Police Dept.</u>, 933 F.Supp. 396 (1996).

5.    Paragraph #9-Please state the party names, addresses, and court docket numbers of any civilian complaints filed in federal or superior court from December of 2002 until May of 2005 against any employee of the New Haven Police Department. (The Plaintiff claims that any civilian complaints against the Defendants are relevant to the Plaintiff's claims that the Defendants engage in a

4

custom, policy, or practice to violate the civil rights of citizens. Refer to case law in paragraph 4.)

6.      Paragraph #16- Produce a current copy of Officer Paul Cavalier's personnel file with his current earnings.  (The Plaintiff claims that the Defendant, Officer Paul Cavalier's personnel file is discoverable and the Plaintiff has the right to offer evidence from same personnel file for trial.  The Plaintiff claims that such information is relevant to FRE 401, 402, and 406 and the Plaintiff also claims that the Defendant Officer Paul Cavalier will be testifying against the Plaintiff in his Official capacity and his salary as a Police Officer is relevant to prove bias and motive as a witness for the Defendants).

        The Plaintiff claims that pursuant to Carter v. District of Columbia, 795 F.2d. 116 (1986), the trial court admitted personnel files of the Defendant into evidence for the trier of fact claiming that it was admissible under the FRE 401, FRE 402, FRE 404(b) and FRE 803(6).

7.      Paragraph #17- Produce a copy of Sergeant Kevin Emery's personnel file with the New Haven Police Department and state his earnings at the time of termination and state his New Haven Police retirement income.   (The Plaintiff claims that the witness, Sergeant Kevin Emery's personnel file is discoverable and the Plaintiff has the right to offer evidence from same personnel file for trial.

        The Plaintiff claims that such information is relevant to FRE 401, 402, and 406 and the Plaintiff also claims that the witness, Sergeant Kevin Emery was the supervisor at the time Officer Paul Cavalier made the illegal arrest of the Plaintiff and will be testifying against the Plaintiff for the Defendants and his salary and

pension as a Police Officer is relevant to prove bias and motive as a witness for

the Defendants. In addition, the Plaintiff claims that any information that may be

in Sergeant Kevin Emery's personnel file for disciplinary reasons or civilian

complaints are relevant that the Defendants engage in a custom, policy, or

practice to violate the civil rights of citizens ).

The Plaintiff claims that pursuant to <u>Carter v. District of Columbia</u>, 795

F.2d. 116 (1986), the trial court admitted personnel files of the Defendant into

evidence for the trier of fact claiming that it was admissible under the FRE 401,

FRE 402, FRE 404(b) and FRE 803(6).

8.      Paragraph-#18-Produce a copy of any internal affairs complaints filed

against Sergeant Kevin Emery.(The Plaintiff claims that any civilian complaints

and/or lawsuits against Sergeant Kevin Emery are relevant pursuant to the FRE

401, 402, and 406, as to the habit or routine practice of the Defendant's City of

New Haven Police Department. The Plaintiff claims that the Defendants are

liable for engaging in a custom, policy, or practice to violate the civil rights of

citizens, therefore any complaints filed against the Officer Paul Cavalier's,

supervisor Sergeant Kevin Emery is relevant to the Plaintiff's claims in her

complaint. Refer to case law in paragraph 4.)

9.      Paragraph #19- Produce a copy of any internal affairs complaints filed

against Officer Paul Cavalier up until May of 2005. (The Plaintiff claims that any

civilian complaints against the Defendant Officer Paul Cavalier are relevant to

the Plaintiff's claims that the Defendants engage in a custom, policy, or practice

to violate the civil rights of citizens. The Plaintiff claims that the time period is not

6

relevant, any complaints filed against Officer Paul Cavalier is relevant that the Defendants engage in a custom, policy, or practice to violate the civil rights of citizens and a jury is the trier of these facts.  Refer to case law in Paragraph 4.)

10.     Paragraph #20- Produce a copy of any internal affairs complaints filed against any New Haven Police Officer from October, 2000 thru May of 2005. (The Plaintiff claims that any internal affairs complaints against any New Haven Police Officer is relevant that the Defendants engage in a custom, policy, or practice to violate the civil rights of citizens and the jury which is the trier of these facts has a right to see this type of evidence which is relevant to the FRE 401, 402, and 406 as probative that the Defendants engage in a routine practice to violate the civil rights of citizens.  Refer to case law in Paragraph 4.)

11.     Paragraph #22-Produce a copy of the City of New Haven and New Haven Police Department's insurance policy with policy limits which provides insurance for lawsuit judgments against the City of New Haven and New Haven Police Department.  (The Plaintiff claims that production of the policy is relevant in that the Plaintiff has a right to know the extent of the coverage of insurance the Defendants have in relation to her claims.)

12.     Paragraph #23-Produce a copy of any civilian complaints filed with the New Haven Police Department against the Defendant's witness, Christopher Santos, from the years of 2000 thru May of 2005.  (The Plaintiff claims that the Defendants have answered that their, witness, Mr. Santos was involved in a simple assault on or about March 7, 2001 under complaint #01-013471.  The Defendants have not complied with the production of any documents requested

7

for this incident.  The Plaintiff claims that this information is relevant to the

Plaintiff's claims that Mr. Santos is a violent man who exhibits assaultive

behavior against the Plaintiff and her family and is relevant pursuant to the FRE

401, 402, and 406 and the Defendants said they would furnish the documents.)

**HEARING REQUESTED**

PLAINTIFF *Marty Cal*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592


**CERTIFICATION**

I certify that the aforementioned motion was sent via U.S. Mail on August 16, 2005 to the following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510
Telephone:  (203) 946-7970 or 7958
Fax:  (203) 946-7942
E-mail:  mwolak@newhavenct.net

PLAINTIFF *Marty*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

## **ORDER**

The Plaintiff's motion to compel is hereby granted.


_____
Honorable Judge Stefan R. Underhill

# EXHIBIT #1

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

MARTY CALDERON                  :       CASE NO.: 3:02CV1767 (SRU)

VS.                               :

PAUL CAVALIER, ET AL.         :       JULY 11, 2005

## ANSWERS, RESPONSES AND OBJECTONS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION DATED MAY 20, 2005

1. How long was Sargent Kevin Emery (ret.), Officer Cavalier's supervisor, employed by the New Haven Police Department – please state the years.

**ANSWER:** February 23, 1987 to May 1, 2003.

2. What was Sargent Kevin Emery's salary prior to retiring from the New Haven Police Department and what is Sargent Kevin Emery's present pension from the New Haven Police Department.

**OBJECTION:** The information requested by this interrogatory is not relevant to any issue raised by plaintiff's complaint and is not likely to lead to admissible evidence.

3. What is Sargent Kevin Emery's level of education.

**ANSWER:** Bachelor's degree, and it is believed that he now has a master's degree.

4. Who was Sargent Kevin Emery's supervisor on October 6, 2000 and does he still work for the New Haven Police Department.

**ANSWER:** It is believed that Sgt. Emery's supervisor on October 6, 200 was then Captain Francisco Ortiz, who was then in charge of the Patrol Division, and who is now Chief of the New Haven Department of Police Service.

    5.    Did Sargent Kevin Emery authorize Officer Paul Cavalier on October 6, 2000 to make a warrantless arrest on the Plaintiff at her home in East Haven, Connecticut.

**ANSWER:** Sgt. Emery authorized Officer Paul Cavalier to arrest plaintiff at her residence in East Haven, Connecticut.

    6.    During Sargent Kevin Emery's employment at the New Haven Police Department, did any civilians file complaints and lawsuits against Sargent Kevin Emery for a violation of civil rights, if the answer is yes please state the name, address and date of complaint and how it was resolved.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of personal data requested.

    7.    Please state the name of Officer Paul Cavalier's present supervisor at the New Haven Police Department.

**ANSWER:** For Officer Cavalier's regular present assignment, his supervisor is Sgt. Ricardo Rodriguez.

2

8.    During Officer Paul Cavalier's employment at the New Haven Police Department, pt until May of 2005, did any civilians file complaints and lawsuits against Officer Paul Cavalier for a violation of civil rights, if the answer is yes please state the name, address and date of complaint and how it was resolved.

**OBJECTION:**  The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence.  Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of personal data requested.

9.    Please state the party names, addresses, and court docket numbers of any civilian complaints filed in federal or superior court from December of 2002 until May of 2005 against any employee of the New Haven Police Department.

**OBJECTION:**   The information requested by this interrogatory overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. The above is especially true in light of the fact that the information requested by this interrogatory is not limited as to the nature of the case and seeks information about matters that occurred after the incident that forms the basis of plaintiff's complaint.

10.    From the years of 2000-2005 state the party names and addresses of any lawsuits filed against the New Haven Police Department, that were settled or awarded a

3

judgment in Federal or Superior court against the City of New Haven and also state the dollar amounts of each settlement or judgment against the City of New Haven for same.

**OBJECTION:** The information requested by this interrogatory is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. The above is especially true in light of the fact that the information requested by this interrogatory is not limited as to the nature of the case and seeks information about matters that may have occurred after the incident that forms the basis of plaintiff's complaint. However, without waiving said objection, a listing of civil rights actions against police officers that have been disposed of between January 1, 2000 and June 30, 2005 is attached hereto. This list shows under the column denoted as "settlement" either a zero or a dollar figure. If zero is shown, this means that the case was resolved in favor of the defendant police officer and/or the City of New Haven. If a dollar figure is shown, then this represents either the amount the case settled for, or the amount of the judgment.

11.    Name the New Haven Police Department's present Human Resource employee who is in charge of hiring New Haven Police Officers and their educational background.

**ANSWER:** Pursuant to Section 110 of the Charter of the City of New Haven, the Board of Police Commissioners have the sole power of appointment of police officers. Therefore there is no Human Resource employee responsible for the hiring of police officers.

4

12.     State the names of the New Haven Police Department's Human Resource personnel who hired Officer Paul Cavalier and Sargent Kevin Emery.

**ANSWER:**     Pursuant to Section 110 of the Charter of the City of New Haven, the Board of Police Commissioners have the sole power of appointment of police officers. Therefore would have been no Human Resource personnel responsible for the hiring of these respective individuals.

13.     Produce a copy of the New Haven Police Department's hiring application packet with the required qualifications to be a New Haven Police Officer.

**ANSWER:**     Complied with.

14.     Produce a copy of the New Haven Police Department's present policy and procedure manual for making a warrantless arrest in the City of New Haven.

**ANSWER:**     With respect to Family Violence situations see General Order 86-2, a copy of which is provided.  With respect to warrantless arrest in general guidelines are provided by Section 54-1f of the General Statutes and decisional law.  Copies of pages from the Connecticut Law Enforcement Officers' Field Manual concerning this subject, though not exhaustive, are also provided.

15.     Produce a copy of the New Haven Police Department's present policy and procedure manual for making a warrantless arrest outside the jurisdiction of the City of New Haven.

**ANSWER:**     With respect to Family Violence situations see General Order 86-2, a copy of which is provided.  With respect to warrantless arrest in general, guidelines are

provided by Section 54-1f of the General Statutes and decisional law.  Copies of pages from the Connecticut Law Enforcement Officers' Field Manual concerning this subject, though not exhaustive, are also provided.

16.   Produce a current copy of Officer Paul Cavalier's personnel file with his current earnings.

**OBJECTION:**  The information requested by this discovery request is overly broad, unduly burdensome and not relevant to any of the issues raised in the complaint, is not likely to lead t  admissible evidence, and invades certain privacy rights.

17.   Produce a copy of Sargent Kevin Emery's personnel file with the New Haven Police Department and state his earnings at the time of termination and state his New Haven Police Department retirement income.

**OBJECTION:**  The information requested by this discovery request is overly broad, unduly burdensome and not relevant to any of the issues raised in the complaint, is not likely to lead to admissible evidence, and invades certain privacy rights.

18.   Produce a copy of any internal affairs complaints filed against Sargent Kevin Emery.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence.  Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of

personal data requested.   Furthermore, the request is not limited to a time period relevant to this action.

19.    Produce a copy of any internal affairs complaints filed against Officer Paul Cavalier up until May of 2005.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence.  Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of personal data requested.   Furthermore, the request is not limited to a time period relevant to this action.

20.    Produce a copy of any internal affairs complaints filed against any New Haven Police Officer from October, 2000 thru May of 2005.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence.  Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of personal data requested.   Furthermore, the request is not limited to a time period relevant to this action.

21.    Produce a copy of the present internal affairs policy and procedure manual for resolving internal affairs complaints.

**ANSWER:**   Complied with.

22.    Produce a copy of the City of New Haven and New Haven Police Department's insurance policy with policy limits which provides insurance for lawsuit judgments against the City of New Haven and New Haven Police Department.

**ANSWER:**    Objected to as to production of policy as being irrelevant and immaterial. Complied with as to policy limits and declarations page.

23.    Produce a copy of any civilian complaints filed with the New Haven Police Department against the Defendant's witness, Christopher Santos, from the years of 2000 thru May of 2005.

**ANSWER:**    As of now it would appear that on or about March 7, 2001, the above named individual was a suspect in a simple assault, CN# 01-013471.    Further information will be forwarded when obtained.

24.    Produce any written policy or procedure for New Haven police officers for determining if there is probable cause to make an arrest and how the New Haven police officers determine the credibility of witnesses.

**ANSWER:**    No written policy or procedure.

25.    Produce any written policy or procedure for New Haven Police Department for the retraction of false statements or any statements made in New Haven Police Departments Reports after charges have been dismissed and/or nollied against an arrestee.

**ANSWER:**    No written policy or procedure.  Would follow state's policy, with exception of actions brought against officers by arrestees.

8

THE DEFENDANTS, PAUL CAVALIER
AND THE CITY OF NEW HAVEN

/s/: _Michael G. Wolak_

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510
Tel. #: (203) 946-7970 or 7958
Fax #: (203) 946-7942
E-mail: mwolak@newhavenct.net
Fed. Bar #ct12681
His Attorney

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered and/or mailed, postage prepaid, on July 11, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT 06852

/s/ _Michael G. Wolak_

Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D015\P003\00011802.DOC

9