UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARTY CALDERON** | : | **CASE NO.: 3:02CV1767 (SRU)** |
| **VS.** | : | |
| **PAUL CAVALIER, ET AL.** | : | **AUGUST 23, 2005** |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S
### MOTION TO COMPEL REQUEST FOR PRODUCTION

Defendants object to plaintiff's motion to compel request for production dated August 16, 2005 and filed with the court on that date. At the outset it should be noted that plaintiff's motion does not contain the certification required by Fed.R.Civ.P. 37(a)(2)(A) that she has in good faith conferred or attempted to confer with the undersigned in an effort to secure the disclosure without court action. Beyond this infirmity, the preponderance of defendants' objections to plaintiffs' production requests are predicated on the belief that they are patently beyond the scope of discovery as set forth in Fed.R.Civ.P. 26(b)(1). Many of the requests to which objections have been interposed seek information that is not relevant to the claims or defenses of any party, would not be admissible at trial, and would not appear to be reasonably calculated to lead to the discovery of admissible evidence. A copy of defendants' responses and objections to plaintiffs' discovery request covered by his motion to compel is attached hereto as Exhibit A.

**ORAL ARGUMENT REQUESTED**

-2-

        THE DEFENDANTS, PAUL CAVALIER
        AND THE CITY OF NEW HAVEN

/s/:_____
        Michael A. Wolak, III
        Assistant Corporation Counsel
        City of New Haven
        165 Church Street
        New Haven, CT  06510
        Tel. #:  (203) 946-7970 or 7958
        Fax #:  (203) 946-7942
        E-mail: mwolak@newhavenct.net
        Fed. Bar #ct12681
        Their Attorney

## **CERTIFICATION**

    **THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered and/or mailed, postage prepaid, on August 23, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT  06852

/s/_____
        Michael A. Wolak, III

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARTY CALDERON** | : | **CASE NO.: 3:02CV1767 (SRU)** |
| **VS.** | : | |
| **PAUL CAVALIER, ET AL.** | : | **JULY 11, 2005** |

**ANSWERS, RESPONSES AND OBJECTONS TO PLAINTIFF'S INTERROGATORIES AND  REQUEST FOR PRODUCTION DATED MAY 20, 2005**

1. How long was Sargent Kevin Emery (ret.), Officer Cavalier's supervisor, employed by the New Haven Police Department – please state the years.

**ANSWER:** February 23, 1987 to May 1, 2003.

2. What was Sargent Kevin Emery's salary prior to retiring from the New Haven Police Department and what is Sargent Kevin Emery's present pension from the New Haven Police Department.

**OBJECTION:** The information requested by this interrogatory is not relevant to any issue raised by plaintiff's complaint and is not likely to lead to admissible evidence.

3. What is Sargent Kevin Emery's level of education.

**ANSWER:** Bachelor's degree, and it is believed that he now has a master's degree.

4. Who was Sargent Kevin Emery's supervisor on October 6, 2000 and does he still work for the New Haven Police Department.

**ANSWER:** It is believed that Sgt. Emery's supervisor on October 6, 200 was then Captain Francisco Ortiz, who was then in charge of the Patrol Division, and who is now Chief of the New Haven Department of Police Service.

5. Did Sargent Kevin Emery authorize Officer Paul Cavalier on October 6, 2000 to make a warrantless arrest on the Plaintiff at her home in East Haven, Connecticut.

**ANSWER:** Sgt. Emery authorized Officer Paul Cavalier to arrest plaintiff at her residence in East Haven, Connecticut.

6. During Sargent Kevin Emery's employment at the New Haven Police Department, did any civilians file complaints and lawsuits against Sargent Kevin Emery for a violation of civil rights, if the answer is yes please state the name, address and date of complaint and how it was resolved.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of personal data requested.

7. Please state the name of Officer Paul Cavalier's present supervisor at the New Haven Police Department.

**ANSWER:** For Officer Cavalier's regular present assignment, his supervisor is Sgt. Ricardo Rodriguez.

8.  During Officer Paul Cavalier's employment at the New Haven Police Department, pt until May of 2005, did any civilians file complaints and lawsuits against Officer Paul Cavalier for a violation of civil rights, if the answer is yes please state the name, address and date of complaint and how it was resolved.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of personal data requested.

9.  Please state the party names, addresses, and court docket numbers of any civilian complaints filed in federal or superior court from December of 2002 until May of 2005 against any employee of the New Haven Police Department.

**OBJECTION:** The information requested by this interrogatory overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. The above is especially true in light of the fact that the information requested by this interrogatory is not limited as to the nature of the case and seeks information about matters that occurred after the incident that forms the basis of plaintiff's complaint.

10. From the years of 2000-2005 state the party names and addresses of any lawsuits filed against the New Haven Police Department, that were settled or awarded a

judgment in Federal or Superior court against the City of New Haven and also state the dollar amounts of each settlement or judgment against the City of New Haven for same.

**OBJECTION:** The information requested by this interrogatory is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. The above is especially true in light of the fact that the information requested by this interrogatory is not limited as to the nature of the case and seeks information about matters that may have occurred after the incident that forms the basis of plaintiff's complaint. However, without waiving said objection, a listing of civil rights actions against police officers that have been disposed of between January 1, 2000 and June 30, 2005 is attached hereto. This list shows under the column denoted as "settlement" either a zero or a dollar figure. If zero is shown, this means that the case was resolved in favor of the defendant police officer and/or the City of New Haven. If a dollar figure is shown, then this represents either the amount the case settled for, or the amount of the judgment.

     11.    Name the New Haven Police Department's present Human Resource employee who is in charge of hiring New Haven Police Officers and their educational background.

**ANSWER:** Pursuant to Section 110 of the Charter of the City of New Haven, the Board of Police Commissioners have the sole power of appointment of police officers. Therefore there is no Human Resource employee responsible for the hiring of police officers.

12. State the names of the New Haven Police Department's Human Resource personnel who hired Officer Paul Cavalier and Sargent Kevin Emery.

**ANSWER:** Pursuant to Section 110 of the Charter of the City of New Haven, the Board of Police Commissioners have the sole power of appointment of police officers. Therefore would have been no Human Resource personnel responsible for the hiring of these respective individuals.

13. Produce a copy of the New Haven Police Department's hiring application packet with the required qualifications to be a New Haven Police Officer.

**ANSWER:** Complied with.

14. Produce a copy of the New Haven Police Department's present policy and procedure manual for making a warrantless arrest in the City of New Haven.

**ANSWER:** With respect to Family Violence situations see General Order 86-2, a copy of which is provided. With respect to warrantless arrest in general guidelines are provided by Section 54-1f of the General Statutes and decisional law. Copies of pages from the Connecticut Law Enforcement Officers' Field Manual concerning this subject, though not exhaustive, are also provided.

15. Produce a copy of the New Haven Police Department's present policy and procedure manual for making a warrantless arrest outside the jurisdiction of the City of New Haven.

**ANSWER:** With respect to Family Violence situations see General Order 86-2, a copy of which is provided. With respect to warrantless arrest in general, guidelines are

provided by Section 54-1f of the General Statutes and decisional law. Copies of pages from the Connecticut Law Enforcement Officers' Field Manual concerning this subject, though not exhaustive, are also provided.

16. Produce a current copy of Officer Paul Cavalier's personnel file with his current earnings.

**OBJECTION:** The information requested by this discovery request is overly broad, unduly burdensome and not relevant to any of the issues raised in the complaint, is not likely to lead to admissible evidence, and invades certain privacy rights.

17. Produce a copy of Sargent Kevin Emery's personnel file with the New Haven Police Department and state his earnings at the time of termination and state his New Haven Police Department retirement income.

**OBJECTION:** The information requested by this discovery request is overly broad, unduly burdensome and not relevant to any of the issues raised in the complaint, is not likely to lead to admissible evidence, and invades certain privacy rights.

18. Produce a copy of any internal affairs complaints filed against Sargent Kevin Emery.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of

personal data requested. Furthermore, the request is not limited to a time period relevant to this action.

     19.    Produce a copy of any internal affairs complaints filed against Officer Paul Cavalier up until May of 2005.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of personal data requested. Furthermore, the request is not limited to a time period relevant to this action.

     20.    Produce a copy of any internal affairs complaints filed against any New Haven Police Officer from October, 2000 thru May of 2005.

**OBJECTION:** The information called for is overbroad, unduly burdensome and not relevant to any of the issues raised in the complaint and is not likely to lead to admissible evidence. Furthermore, individual complainants have a constitutional and statutory right to the privacy of such information and are entitled to the non-disclosure of personal data requested. Furthermore, the request is not limited to a time period relevant to this action.

     21.    Produce a copy of the present internal affairs policy and procedure manual for resolving internal affairs complaints.

**ANSWER:**    Complied with.

22. Produce a copy of the City of New Haven and New Haven Police Department's insurance policy with policy limits which provides insurance for lawsuit judgments against the City of New Haven and New Haven Police Department.

**ANSWER:** Objected to as to production of policy as being irrelevant and immaterial. Complied with as to policy limits and declarations page.

23. Produce a copy of any civilian complaints filed with the New Haven Police Department against the Defendant's witness, Christopher Santos, from the years of 2000 thru May of 2005.

**ANSWER:** As of now it would appear that on or about March 7, 2001, the above named individual was a suspect in a simple assault, CN# 01-013471. Further information will be forwarded when obtained.

24. Produce any written policy or procedure for New Haven police officers for determining if there is probable cause to make an arrest and how the New Haven police officers determine the credibility of witnesses.

**ANSWER:** No written policy or procedure.

25. Produce any written policy or procedure for New Haven Police Department for the retraction of false statements or any statements made in New Haven Police Departments Reports after charges have been dismissed and/or nollied against an arrestee.

**ANSWER:** No written policy or procedure. Would follow state's policy, with exception of actions brought against officers by arrestees.

-12-

                    THE DEFENDANTS, PAUL CAVALIER
                    AND THE CITY OF NEW HAVEN

/s/:_____
      Michael A. Wolak, III
      Assistant Corporation Counsel
      City of New Haven
      165 Church Street
      New Haven, CT  06510
      Tel. #:  (203) 946-7970 or 7958
      Fax #:  (203) 946-7942
      E-mail: mwolak@newhavenct.net
      Fed. Bar #ct12681
      His Attorney

## **CERTIFICATION**

    **THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered and/or mailed, postage prepaid, on July 11, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT  06852

/s/_____
      Michael A. Wolak, III