UNITED STATES DISTRICT COURT   **FILED**
DISTRICT OF CONNECTICUT

2005 AUG 31  P 12: 38

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**MARTY CALDERON**                    CASE NO.: 3:02CV1767(SRU)
  **PLAINTIFF**
**VS.**

**PAUL CAVALIER, ET AL.**             **AUGUST 29, 2005**
  **DEFENDANTS**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER TO THE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTED MAY 20, 2005

The Plaintiff hereby responds to the Defendant's Objections to the Plaintiff's Motion to Compel.

The Plaintiff claims that the she has called the Defendant's counsel, Michael Wolak to request production of documents voluntarily, however, Attorney Michael Wolak is on vacation until approximately, September 6, 2005.

The record clearly states that the Defendants have objected to stated Plaintiff's Request for Production and Interrogatories on July 11, 2005 and August 23, 2005, after the Defendants filed a Motion of Extension of Time to answer the Plaintiff's Interrogatories and Request for Production dated, May 20, 2005.

According to the Federal Rules of Civil Procedure 26 et sequence and 37 et sequence and the FRE 401, 403, 404(b), 406, and 803, the Plaintiff has the right to request documents related and relevant to her claims that the Defendants engage in a custom, policy, and/or practice to violate the civil rights

1

of citizens, either by making illegal and/or false arrests of other citizens and by using excessive force on other citizens which also proves a custom, policy, and/or practice to violate the civil rights of citizens. The Plaintiff claims these type of reports are admissible, see <u>Galindez v. Miller</u>, 285 F.Supp. 2d. 190, 198, 199 (D. Conn. 2003).

The Plaintiff claims that to deny the Plaintiff her right to compel production of such relevant evidence would constitute reversible error should there be an appeal regarding these same issues.

The Plaintiff claims that the defendants are attempting to not disclose the requested information in an effort to "cover up," and/or hide the the past and present violations of civil rights in which the Defendants have committed against other civilians in the course of their police business and that they engage in a "habit," of violating the civil rights of others by engaging in improper police practices. The Plaintiff claims that the Defendants have violated the civil rights of other civilians and have been sued for excessive force, false arrest, false imprisonment and malicious prosecution, see <u>Hamilton v. City of New Haven</u>, 213 F.Supp.2d. 125 (D. Conn. 2002).

In that the Defendants are the keepers of their own civilian complaints, personnel files of police officers, disciplinary reports against their own police officers, the Plaintiff has no other way in which to retrieve these type of reports which are relevant to her "Monell," claims of the practice and policy of the Defendants. Therefore, the Plaintiff requests that the court order the Defendants to disclose the documents requested in the interest of justice and pursuant to

standard 42 U.S.C. Section 1983 litigation.

In addition, the Defendants on July 11, 2005 have claimed that they would turn over a complaint against their main witness, Christopher Santos, for simple assault which occurred in March of 2001, but the Plaintiff has not received any such report from the Defendants and the Plaintiff claims that the Defendants are not disclosing this information in good faith.

The Plaintiff claims that any reports related to use of excessive force during an arrest by the Defendants during their regular course of police business is relevant to the following factors: 1) the supervisor failed to supervise or train the officers properly; 2) proves a causal connection existed between the failure to supervise or train; 3) such failure to supervise or train amounted to gross negligence or deliberate indifference, see Hinshaw v. Daffer, 785 F.2d. 1260 (5th Circuit 1986).

A history of violent behavior by the Defendants is relevant pursuant to the FRE 406, see Brandon v. Holt, 469 U.S. 464, 105 S.CT. 873 (1985), Jacobs v. Payner, 727 F.Supp. 1212 (1989), and Martin v. Lamb, 122 F.R.D. 143 (1988).

The Plaintiff also claims that other civilian complaints regarding meritless or false and illegal arrests are relevant to the Plaintiff's claims, see Carr v. City of Chicago, 660 F.Supp. 375 (1975).

In addition the Plaintiff claims that evidence of other similar acts may be highly probative to show a custom or practice and is admissible pursuant to the FRE 406. Refer to Eagleston v. Guido, 41 F.3d. 865 (2nd Circuit 1994), Parrish v. Luckie, 963 F.2nd. 201 (8th Circuit 1992), Busby v. City of Orlando, 931 F.2d. 764

(11th Circuit 1991), Fletcher v. O'Donnell, 867 F.2d. 690 (3rd Cir.), Watson v. Kansas City, 857 F.2d. 690 (10th Cir. 1988), Morgan v. District of Columbia, 824 F.2d. 1049 (1987), Webster v. City of Houston, 735 F.2d. 838 (5th Cir. 1984), Pennsylvania v. Porter, 659 F.2d. 306 (3rd Cir. 1981), Anthony v. Sacramento, 898 F.Supp. 1435 (E.D. Cal. 1995), Washington v. Vogel, 880 F.Supp. 1534 (M.D. Fla. 1995).

According to the Commonwealth v. Porter, 659 F.2d. 306 (3d. Cir. 1981), cert. Denied, 458 U.S. 1121 (1982), the court held that it was not admissible error in admitting evidence of police misconduct in that the this type of evidence is relevant to claims under 42 U.S.C. Section 1983.

The Plaintiff also claims that evidence of other bad acts of the Defendants is relevant for impeachment purposes that the Defendants do not engage in improper practices or customs, see Wilson v. City of Chicago, 6 F.3d. 1233 (7th Cir. 1993), certiorari denied, 114 S.CT. 1844 (1994).

Discovery of other complaints, police personnel files, and internal affairs records if relevant and admissible pursuant to the FRE 401, 403, 4049b) and 406, see Beck v. City of Pittsburgh, 89 F.3d. 966 (3rd Cir. 1996), Williams v. City of Boston, 213 F.R.D. 99 (D.Mass. 2003), and Huddleston v. United States, 485 U.S. 681, 688-689, (1988).

In addition, the Plaintiff claims that denial of discovery of personnel files is appealable error, see Jalilie v. Superior Court, 195 Cal. App. 3d. 487, (1987).

The Plaintiff also claims that reports related to any other false claims made by the Defendants are admissible pursuant to the FRE 608(b), see

Haynes v. Coughlin, 79 F.3d. 285(2d. Cir. 1996) and Deary v. City of Gloucester, 9 F.3d. 191 (1st Cir. 1993).

For the foregoing reasons, the Plaintiff respectfully requests the court to compel the Defendants to produce the documents requested on May 20, 2005 in that the documents requested are relevant to the Plaintiff's claims against both the Defendant, Officer Paul Cavalier and the Defendant, City of New Haven, in that they engage in a custom and/or practice to violate civil rights of citizens.

PLAINTIFF *[signature]*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

## CERTIFICATION

I certify that the aforementioned motion was sent via U.S. Mail on August 29, 2005 to the following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Telephone: (203) 946-7970 or 7958
Fax: (203) 946-7942
E-mail: mwolak@newhavenct.net

PLAINTIFF *[signature]*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

5

## ORDER

The Plaintiff's motion to compel is hereby granted.

_____
Honorable Judge Stefan R. Underhill