UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

MARTY CALDERON

VS.

PAUL CAVALIER, ET AL.

CASE NO.: 3:02 CV 1767 (SRU)

SEPTEMBER 12, 2005

2005 SEP 14  P 2: 21

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The plaintiff hereby submits to this court the Plaintiff's Proposed Jury
Instructions for the trial scheduled date of October 31, 2005.

The Plaintiff respectfully submits the following Jury Instructions pursuant
to, Martin Scwartz and George C. Pratt, "Section 1983 Litigation, Jury
Instructions," Volume 4, 2005 Supplement, Aspen Publishers.

**Plaintiff's Proposed Jury Instructions**

**Custom or Practice**

In order to establish her 42 U.S.C. Section 1983 claim against the City of
New Haven, the Plaintiff is required to establish an additional element that she
need not prove against the individual defendants.  To hold the City liable under
42 U.S.C. Section 1983, the Plaintiff must prove by a preponderance of the
evidence that the violation of her federally protected rights was pursuant to the
enforcement of a custom or practice of the City.

If you have found that any of the individual defendants violated the
plaintiff's federally protected rights, then you must also consider Plaintiff's claim

1

against the City.

The fact that an employee or employees of the City deprived the plaintiff of his federally protected rights is not itself a sufficient basis for imposing 42 U.S.C. Section 1983 liability against the City.

Plaintiff alleges that the City of New Haven has held a long-standing custom or practice of violating civilians constitutional rights to be free of unconstitutional searches and seizures in violation of the fourth Amendment of the U.S. Constitution and to be free from illegal arrests without probable cause. The Plaintiff alleges the Defendant City of New Haven has had a long standing custom and/or practice of violating civilians civil rights to be free from illegal arrests and unreasonable searches and seizures in violation of the U.S. Constitution Fourth Amendment.

A custom or practice is a well settled, persistent, widespread course of conduct by municipal officials having the force of law. Whether there was such a practice or custom is a question of fact for you, the jury, to determine. In making this determination you may consider how long the alleged practice existed, the number and percentage of police officers engaged in the practice, and the similarity of the conduct engaged in by its employees.

A municipal practice or custom has the force of law when it has been approved, either expressly or implicitly, by the municipality entity's policy makers, or when the policy makers, after being placed on notice of a practice or custom of unlawful conduct, are deliberately indifferent to it. I am instructing you as a matter of law that Sargent Kevin Emery and Officer Paul Cavalier, are the policy

makers for ordering the City of New Haven police officers to engage in a custom and/or practice to deprive a civilian of their constitutional rights to be free from unwarranted search and seizures in violation of the U.S. Constitution Fourth Amendment and to be free from false and illegal arrests. Therefore, in order to find in favor of the plaintiff and against the City of New Haven you must find, 1) that the individual Defendants violated the plaintiff's federally protected rights, 2) the violation of the plaintiff's rights were pursuant to a long standing custom or practice of the City of New Haven, and 3) that Sargent Kevin Emery and Officer Paul Cavalier either approved or were deliberately indifferent to the custom or practice. If you find that the plaintiff has failed to establish any of these elements, your verdict must be for the City of New Haven.

Inadequate Training-Single Violation of Federal Rights-Special Verdicts

The Plaintiff seeks to hold the defendant police officers who used excessive force while arresting him liable under 42 U.S.C. Section 1983. He also seeks to hold the city liable for that use of excessive force because, he claims, the city inadequately trained its police officers about how to handle armed mentally ill and emotionally disturbed persons. I have already instructed you about the constitutional standard for an individual police officer's us of force in making arrests.

To recover on his claim against the city, in addition to showing that the individual officers violated his federally protected rights, the Plaintiff must also demonstrate, by a preponderance of the evidence:(1) specific inadequacies in the way the city trained its police officers in handling armed mentally ill and

3

emotionally ill persons; (2) that the inadequate training was the result of deliberate indifference on the part of the city toward the federal rights of persons with whom the police officers come into contract; and (3)that the inadequate training was the proximate cause of the violation of the Plaintiff's federally protected rights.  Proximate cause means a close causal connection between inadequate training and the violation of the Plaintiff's federally protected rights.

Deliberate indifference does not require you to find that any of the city's officials in charge of training the police had a wrongful motive or state of mind. Rather, deliberate indifference is defined by what the Supreme Court calls an "objective obviousness" test.  Let me explain.  A Plaintiff might establish deliberate indifference by showing a pattern of certain specific violations of federally protected rights that puts the city's policymakers on notice that its training program was inadequate.  The Plaintiff in this case, however, has not introduced any evidence to show a pattern of constitutional wrongdoing by the city's police officers, so he may not show deliberate indifference through a pattern.

A Plaintiff, however, may also establish the city was deliberately indifferent by showing that his federally protected rights were violated and that the city failed to train its employees to handle recurring situations that present an obvious potential for such a violation.

## Proximate Cause

If the plaintiff proves the first two elements of his 42 U.S.C. Section 1983 claim, that one or both of the Defendants acted under color of state law, and that

4

one or both of the defendants deprived her of her constitutional right to be free from unwarranted search and seizures in violation of the U.S. Constitution Fourth Amendment and to be free from false and illegal arrests then you must determine whether the plaintiff has proved the third element of the claim that the conduct of the defendant was a proximate cause of her injuries.  An injury is proximately cause by the defendant's conduct whenever it appears from the evidence that 1) the conduct played a substantial role in bringing about the injury, and 2) the injury was either a direct result of a reasonably probable consequence of the defendant's conduct.  Stated differently, the issue is whether a reasonable person would view the defendant's conduct as the cause of the plaintiff's injuries.

To recover damages for an injury, the plaintiff must show by a preponderance of the evidence that the conduct of the defendants was the proximate cause of her injuries.

If you find that the plaintiff complains about an injury that was not proximately caused by the defendant's conduct, you may not award the plaintiff damages for that injury.

Reference:Adapted from Draves v. Reed, S.D.N.Y. 93 Civ. 1405 (Judge Michael B. Mukasey), Cross-Reference:1A Schwartz, 42 U.S.C. Section 1983 Litigation: Claims and Defenses Section 6.3 (3d ed. 1997).

**Proximate Cause-Multiple Causes-Intervening Cause**

The plaintiff must prove by a preponderance of the evidence that the defendant's conduct was a proximate cause of his injuries.

5

Proximate cause means that there must be a sufficient causal connection between the conduct of the defendant and the plaintiff's injuries. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injuries. The plaintiff's injury or damage must be a reasonably foreseeable consequence of a defendant's act. Stated differently, the issue is whether a reasonable person would view the defendant's conduct as the cause of the plaintiff's injuries.

The law recognizes that there may be more than one proximate cause of an injury or damage. Multiple factors, or the conduct of two or more people, may operate at the same time to cause an injury. In such a case, each factor may be a proximate cause of a plaintiff's injuries.

The defendant is not liable if the plaintiff's injuries were the result of an independent cause that interviewed between the defendant's conduct and the plaintiff's injury, and that produced injuries that were not reasonably foreseeable by the defendant whom you are considering.

Reference:Adapted from Rao v. New York City Health & Hosps. Corp., S.D.N.Y. 89 Civ. 2700 (Judge John G. Koeltl) (December 6-7, 1994).Cross-Reference:1A Schwartz, Section 193 Litigation:Claims and Defenses Section 6.3 (3d ed. 1997).

## Warrantless Arrest-Multiple Criminal Charges-Probable Caused

The plaintiff claims that she was unlawfully arrested on October 7, 2000, without probable cause to believe she committed an offense or crime. The Fourth Amendment to the United States Constitution provides as follows;

The right of the people to be secure in their persons, houses, papers, and

6

effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment thus prohibits the police from carrying out unreasonable seizures. An arrest is considered a "seizure" within the meaning of the Fourth Amendment. Under the Fourth Amendment an arrest may be made only when a police officer has probable cause believe that the person arrested has engaged in criminal conduct. An arrest without probable cause is an unreasonable seizure.

I will refer to a traffic infraction or traffic, violation as an "offense." The critical question for you to decide is whether the plaintiff's arrest on October 7, 2000 was lawful. Whether the arrest was lawful depends upon whether the defendant police officer had probable cause to believe that the plaintiff was committing the offenses of double parking, or failure to obey a lawful order, or the crime of assaulting a police officer.

In this case, the defendant police officer did not have an arrest warrant. An arrest without a warrant is presumptively unlawful. Whether the arrest was lawful depends upon whether the defendant officer had "probable cause" to believe that the plaintiff was committing or had committed an offense or a crime.

What does the law mean by probable cause? Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict. Neither, however, is it mere speculation or surmise. Probable cause exists when the facts and

7

circumstances within the knowledge of the police officer at the time the arrest was made were sufficient to warrant a police officer of reasonable prudence to believe that an offense or a crime was being committed by the person arrested in the presence of the arresting.

The jury instructions should not require a jury determination of the arresting officer's subjective motivation. The instructions should stress that the officer's subjective motivation is irrelevant to the probable cause determination, Whren v. United States. 517 U.S. 806 (1996).

Most circuit courts hold that as long as reasonable jurors can disagree about the facts and circumstances facing the officer, probable cause is a question of fact for the jury. See, e.g., Kelly v. Serna, 87 F.3d. 1235 (7th Cir. 1996).

Whether exigent circumstances existed to justify a warrantless arrest is a question for the jury, so long as, given the evidence, there is room for a difference of opinion. See O'Brien v. Grand Rapids, 23 F.3d. 990, 998 (6th Circuit 1994).

In Dubner v. San Francisco, 266 F.3d. 959, 965 (9th Circuit 2001), the Ninth Circuit ruled that although the Plaintiff bears the ultimate burden of proof to show an unconstitutional arrest, "she can make a prima facie case simply by showing that the arrest was conducted without a valid warrant. At that point, the burden shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest. The Plaintiff still has the ultimate burden of proof, but the burden of production falls on the Defendant."

8

## Qualified Immunity-Objective Reasonableness

The Defendant whom you are considering has the burden of demonstrating that his conduct did not violate the clearly established federal law about which I have instructed you. The fact that a Defendant acted with subjective good faith does not entitle the Defendant to the protection of qualified immunity. A particular defendant is entitled to qualified immunity only if a reasonable public official in the Defendant's position would not have been expected at the time to know that her conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of her conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the Defendant or not known to the Defendant or not known to the Defendant at the time of the incident in question, and the events that confronted the Defendant.

Thus, you must ask yourself what a reasonable official in the particular defendant's situation would have believed about the legality of her conduct. As I stated to you earlier, you should not, however, consider the Defendant's subjective good faith or bad faith.

If you find that a reasonable official the Defendant's situation would have believed that her conduct was lawful, the official is protected from liability by qualified immunity.

To Summarize, if the Defendant whom you are considering convinces you by a preponderance of the evidence that her conduct did not violate clearly

9

established federal law on a particular claim, then you must return a verdict for that Defendant on that claim. This is so even though you may have previously found that the Defendant in fact violated the Plaintiff's federally protected rights. If you find that the Defendant has not proved that he is entitled to qualified immunity on a particular claim, then you should proceed to consider the issue of damages.

Attribution: Adapted from instructions submitted by Mitchell A. Karlan, Esq, Gibson, Dunn & Crutcher, New York, New York, Plaintiff's counsel in Jolly v. Coughlin, S.D.N.Y. 92 Civ 9026 (JGK) (Hon. John G. Koelti) (1997).

The objective reasonable standard comes from cases concerning the use of excessive force during an arrest or traffic stop under the 14th Amendment protect against unreasonable search and seizure. See Graham, 490 U.S. At 388.

## Pain, Suffering, and Emotional Distress

In assessing, compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case. We all know that the nature and degree of pain and mental distress my differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors.

You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate the plaintiff to the actual pain, suffering, and emotional distress you find that he endured as the direct result of any constitutional deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

Reference: Adapted from Perla v. Viillage of Hempstead, E.D.N.Y. 90 Civ. 3182 (ADS). (Hon. Arthur D. Spatt). (February 11, 1993). Cross-Reference:!C Schwartz, Section 1983 Litigation:Claims and Defenses Chapter 16 (3d ed. 1997).

### Compensatory Damages-Causation

If you find the Defendants guilty of violating the Plaintiff's civil rights pursuant to the 42 U.S.C. Section 1983 and the U.S. Constitution Fourth Amendment, then you can award the Plaintiff compensatory damages to compensate her for lost wages, personal injuries, costs, and lost future wages, and legal fees.

The plaintiff is entitled to recover the total amount of damages that he actually sustained as a direct consequence of the defendants' deliberate indifference to his serious medical needs. These are known as compensatory, or actual damages. A plaintiff who prevails is entitled to compensatory damages

11

for physical injury, pain, and suffering, as well as for emotional distress, fear, personal humiliation, and indignation, and any loss of enjoyment resulting from a shortened life span.

If you decide that the plaintiff sustained actual damages, your award of compensatory damages must encompass only those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you must award compensatory damages only for those injuries that you find the plaintiff has proven to be a proximate result of defendants' conduct in violation of Section 1983. That is , you may not simply compensate plaintiff for any injury suffered by him; you must compensate plaintiff only for those injuries that are a direct result of defendant's conduct that violated the plaintiff's constitutional rights.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his constitutional rights. You may, however, compensate the plaintiff to the extent that you find that he was further injured by defendants' violations of his constitutional rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. If you find the Defendants guilty of violating the Plaintiff's civil rights pursuant to the 42 U.S.C. Section 1983 and the U.S. Constitution Fourth Amendment, then you can award the Plaintiff compensatory damages to compensate her for lost wages, personal injuries, costs, and lost future wages, and legal fees. Reference: Adapted from <u>Kaminsky v. Rosenblum</u>, S.D.N.Y. 88 Civ. 1840 (LAK).

12

(Hon. Lewis A. Kaplan) (undated).Cross-Reference: 1C Schwartz, 42 U.S.C. Section 1983 Litigation; Class and Defenses Chapter 16 (3d ed. 1997).

## Punitive Damages

In addition to either actual damages or nominal damages, the law permits the jury, under certain circumstances to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to the Defendant and others not to engage in that conduct.

If you find from a preponderance of the evidence that the Plaintiff is entitled to a verdict for either actual damages or nominal damages, and you further find that the conduct of the Defendant, which proximately caused injury or damage to the Plaintiff, was done maliciously, or wantonly, or oppressively, then you may add to the award of actual or nominal damages such amount, as you unanimously agree to be proper, as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the Plaintiff individually, or toward all persons in the group or category of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of , or indifference to, the rights of one or more persons, including the Plaintiff.

An act or a failure to act is "oppressively done, if done in a way or manner that injures, or damages, or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, as by misuse of abuse of authority or power,

13

or by taking advantage of some weakness or misfortune of the Plaintiff.

If you unanimously find, from a preponderance of the evidence in the case, that the Defendant's conduct, which proximately caused actual or nominal damage to the Plaintiff, was done maliciously, or wantonly, or oppressively, it is within your discretion to decide whether to award punitive damages. However, such extraordinary damages may be allowed only if you should first unanimously award the Plaintiff a verdict for either compensatory damages or nominal damages.

The amount of any punitive damages awarded must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to an party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded. In this respect you have considerable discretion. You may decide that even though compensatory damages or nominal damages have been awarded, you believe that no punitive damages are called for.

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the Defendants and to create a deterrent example. The amount of punitive damages should be fair and reasonable . It should take into account the degree of reprehensibility of the Defendant's conduct and the relationship to the actual harm inflicted on the Plaintiff. It should be proportionate to the need to punish the Defendant and to

14

deter him and others from like conduct; it should not be based on whim or on

unrestrained imagination.

Attribution:Adpated from <u>Perla v. Village of Hempstead</u>, E.D.N.Y. 90 Civ. 3182

(ADS)(Hon. Arthur D. Spatt)(February 11, 1993).

Punitive damages just as nominal damages are allowed without proof of

injury, a punitive award my stand in the absence of actual damages where there

has been a constitutional violation, but punitive damages may be awarded when

the Defendant's conduct is motivated by evil intent or demonstrates reckless or

callous indifference to a person's constitutional rights.  The latter standard

requires recklessness in its subjective form, "a subjective consciousness of a risk

of injury or illegally and a criminal indifference to civil obligations.

To determine whether punitive damages are excessive, the Supreme

Court requires consideration of three factors, see <u>BMW of America</u>, 517 U.S.

559 (1996).

Police officers are liable for punitive damages for their misconduct, see

<u>Scott v. Donald</u>, 165 U.S. 58, 77-89 (1897)

The court further explained the standard for punitive damages in

<u>Milwaukee and St. Paul R. Co. Arms.</u> 91 U.S. 489 (1876), reckless, willful

indifference to the rights of others which is equivalent to an intentional violation

of them.  The entire want of care which would raise the presumption of a

conscious indifference to consequences.

The standard for punitive damages with the rationale for them.  Punitive

damages are justified by the moral culpability of evil intent or by the equivalent

15

culpability of reckless indifference to the rights of others, see <u>Cowen v. Winters</u>, 916 F.2d. 929, (1899).

     <u>Welch v. Durand</u>, 36 Conn. 182 (1869), deterrence of future egregious conduct is a primary purpose of both Section 1983, <u>Owen v. City of Independence</u>, 445 U.S. 622, 651 (1980), <u>Robertson v. Wegmann</u>, 436 U.S. 584, 591 (1978). Restatement of Torts, Section 908, J. Ghiardi and J. Kircher, "Punitive Damages, Law and Practice, K. Redden Punitive Damages, "Punitive damages are awarded in the jury's discretion to punish the Defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future.

     Punitive damages may be the only significant remedies available in some 42 U.S.C. Section 1983 actions where constitutional rights are maliciously violated but the victim cannot prove compensable injury, <u>Carlson v. Green</u>, 446 U.S. 14, 22 (1980).

     See 2001 U.S. App. Lexi 19663, 264 F.3d. 86 (2nd Circuit), <u>Jackson Davis v. Paul Rennie</u>, $100,000 compensatory, $1.55 million in punitive damages.

## Nominal Damages

     Therefore, if you return a verdict for the Plaintiff on a Federal Section 1983 claim, but find that the Plaintiff has failed to prove, by a preponderance of the evidence, that he suffered any actual damages, then you must return an award of nominal damages not to exceed the sum of one dollar, on the particular claim.

## **False Arrest Instructions**

In this action the plaintiff seeks damages for false arrest. A false arrest is committed when one intentionally and without the right to do so arrests, or takes into custody, a person who is aware of such arrest and does not consent to it.

Plaintiff claims that the defendants arrested him without a warrant for the crimes of simple trespass and threatening. Whenever an arrest is effected without a warrant, the police officers have acted extrajudicially, and the presumption arises that such an arrest and subsequent or unlawful.

Under the law of this state, If you find that Officer Paul Cavalier arrested the Plaintiff in her home without probable cause and in violation of the U.S. Constitution Fourth Amendment to be free from unreasonable search and seizure in a citizen's home and C.G.S. Section 54-1f(c), which states members of any local police department or the office of state capitol security, sheriffs, deputy sheriffs, special deputy sheriffs and constables who are certified under the provisions of sections 7-294a to 7-294e, inclusive, and who perform criminal law enforcement duties, when in immediate pursuit of one who may be arrested under the provision of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest. Such person may then be returned in the custody of such officer to the precinct in which the offense was committed, then you may find for the Plaintiff that Defendants are guilty of violating the Plaintiff's civil rights to be free from an unwarranted arrest inside her home.

In addition, if the jury finds that the Plaintiff had not committed any crime

17

in the presence of the Defendant Officer Paul Cavalier on the night of October 6, 2000 in the Town of New Haven, the jurisdiction of the Defendants, then the jury must find that Officer Paul Cavalier did not have authority to arrest the Plaintiff in her home outside of the jurisdiction of the City of New Haven.

**Impeachment by Inconsistent Statements or Conduct**

The testimony of a witness may be discredited or impeached by showing that he previously made statements that are inconsistent with his present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**Credibility of Witnesses and Discrepancies to Testimony**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may  believe all that a witness says or you may believe nothing that a witness says, or you may believe a part of what a witness says and disbelieve the remainder of what that same witness says.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to support whether a witness is worthy of belief. Consider each witness's

18

intelligence, motive, and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified and whether he impresses you as having an accurate recollection of these mattes. Consider the witness's ability to observe the matters as to which he has testified and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transcription may see or hear it differently; and innocent misrecollection, like failure of recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit which testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results form innocent error or

intentional falsehood.

Jury Instructions on the charge:

**1.) Plaintiff's Charge against Defendant Officer Paul Cavalier and**

**Defendant, City of New Haven:**

If you find that Officer Paul Cavalier arrested the Plaintiff in her home without

probable cause and in violation of C.G.S. Section 54-1f(c), which states

members of any local police department or the office of state capitol security,

sheriffs, deputy sheriffs, special deputy sheriffs and constables who are certified

under the provisions of sections 7-294a to 7-294e, inclusive, and who perform

criminal law enforcement duties, when in immediate pursuit of one who may be

arrested under the provision of this section, are authorized to pursue the

offender outside of their respective precincts into any part of the state in order to

effect the arrest.  Such person may then be returned in the custody of such

officer to the precinct in which the offense was committed, then you may find for

the Plaintiff that Defendants are guilty of violating the Plaintiff's civil rights to be

free from an unwarranted arrest inside her home.

In addition, if the jury finds that the Plaintiff had not committed any crime

in the presence of the Defendant Officer Paul Cavalier on the night of October 6,

2000 in the Town of New Haven, the jurisdiction of the Defendants, then the jury

must find that Officer Paul Cavalier did not have authority to arrest the Plaintiff in

her home outside of the jurisdiction of the City of New Haven.

**2.)Plaintiff's Charge against the Defendant Officer Paul Cavalier and the**

**City of New Haven:**

20

If you find that the Defendants Officer Paul Cavalier and the City of New Haven violated the Plaintiff's U.S. Constitution Fourth Amendment rights and 42 U.S.C. Section 1983 to be free from unreasonable search and seizure in the Plaintiff's home and place of residence at 4:30 a.m., then the jury must find for the Plaintiff.

### 3.)Plaintiff's Charge against the City of New Haven (Municipal Liability):

Plaintiff's Charge against the Defendant's City of New Haven, if you find that the Defendant, City of New Haven, had a policy and custom or practice to violate civilian's civil rights such as making illegal arrests and causing personal injury to civilians in violation of 42 U.S.C. Section 1983 and the U.S. Constitution Fourth Amendment, C.G.S. Section 54-1F, 52-73, and 7-465 and the Plaintiff's injuries resulted from such execution of an official policy and/or custom then you must find for the Plaintiff.

Plaintiff's Charge against the Defendant's City of New Haven and Officer Paul Cavalier, if you find that the Defendants libeled and slandered the Plaintiff causing damage to her reputation for the accusations made in Officer Paul Cavalier's Police Report dated October 6-7, 2000 against the Plaintiff and such accusations were in reckless and/or negligent disregard for the truth, then you must find for the Plaintiff.

THE PLAINTIFF

BY: _Marty Calon_

Marty Calderon, Pro Se
P.O. Box 503
Norwalk, CT 06852
Telephone: (860) 593-3592

21

## **CERTIFICATION**

I certify that the Plaintiff has mailed the Plaintiff's Proposed Jury Instructions to the Defendants on September 12, 2005 by U.S. mail to:

> Michael A. Wolak, III
> Assistant Corporation Counsel
> 165 Church St., 4th floor
> New Haven, CT  06510
> Federal Bar # ct12681
> Telephone: (203) 946-7970 or 7958
> Fax # (203) 946-7942
> E-mail:  mwolak@newhavenct.net
> Their Attorney

THE PLAINTIFF

BY: _Marty Cale_

Marty Calderon, Pro Se
P.O. Box 503
Norwalk, CT  06852
Telephone:  (860) 593-3592