UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 SEP 21  A 11: 36

US DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| **MARTY CALDERON**<br>　　**PLAINTIFF**<br>VS. | CASE NO.: 3:02 CV 1767 (SRU) |
| **PAUL CAVALIER, ET AL.**<br>　　**DEFENDANTS** | SEPTEMBER 17, 2005 |

### PLAINTIFF'S MOTION FOR A HEARING ON THE DEFENDANT'S OBJECTION TO EXCLUDE THE PLAINTIFF'S POLYGRAPH EXPERT AND REPORT

Pursuant to the Federal Rules of Evidence 701 and 702 and Gruca v. Alpha Therapeutic Corp., 51 F.3d. 638, 643 (7th Circuit 1995), the Plaintiff respectfully requests a hearing on the Defendant's Objection to the Plaintiff's Polygraph Expert testimony and Report.

On November 10, 2000, the Plaintiff voluntarily submitted to a Polygraph Test administered by the reputable, Bernie Soldate Private Investigators & Forensic Polygraph Center in Simsbury, Connecticut in regards to the Defendant's claim that the Plaintiff made a threat to her ex-husband, Christopher Santos on October 6, 2000. The Plaintiff claims that this evidence and testimony is relevant pursuant to FRE 401, 402, and admissible to the fact that the Plaintiff was willing to submit to the test and it is relevant to the issues in this case. The Plaintiff claims that she has a right to request a hearing on this issue.

The Plaintiff has attached to this motion a copy of the results of the Polygraph Examination (see Exhibit #1, 3 pages).

1

The Plaintiff claims that her expert, Bernie Soldate, is an expert in this areas, does serious lie detector testing for serious matters and for police departments. He has well over 15 years experience and has testified at other trials.

The Plaintiff therefore respectfully requests that the court hold a hearing on the Defendant's Objection to the this Expert's testimony and report and the Plaintiff's Objection to the Defendant's Objection.

The Plaintiff also claims the jury selection will be held on October 14, 2005 and the Plaintiff requests the court to hold a hearing on this issue prior to or on October 14, 2005.

For the foregoing reasons the Plaintiff respectfully requests the court to hold a hearing.

**HEARING REQUESTED**

PLAINTIFF *Marty Cald*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

**EXHIBIT #1**

**BERNIE SOLDATE**
**PRIVATE INVESTIGATIONS**
**& FORENSIC POLYGRAPH CENTER**
136 STRATTON BROOK ROAD     SIMSBURY, CONNECTICUT 06070-2309
SIMSBURY # (860) 651-4200   HARTFORD # (860) 249-1500   FAX # (860) 651-7700
e-mail address berniesoldate@pobox.com          Web site www.soldateinvestigations.com

# CONFIDENTIAL REPORT

November 11, 2000

Ms. Marty Calderone
43 Prospect Place Ext.
East Haven, Connecticut 06512

**Polygraph Report Re:**                                      **Marty Calderone    File # P-1110-00**

On Friday November 10, 2000, at 10:25 A.M., Ms. Marty Calderone, D/O/B 7-03-61 voluntarily came to us for the purpose of taking a polygraph examination. The main issues under consideration was whether or not, Ms. Calderone was telling the truth regarding whether or not she threatened to get a gun and shoot her ex-husband Christopher Santos.

In the pretest interview, the subject stated she was taking this test voluntarily and signed a standard polygraph release form. This examiner noted, after attaching the blood pressure cuff, pneumo tubes, GSR electrodes, and heart rate monitor to the subject.

I told her my only responsibility here was to determine if she was being truthful or if she was lying to her test questions. I assured her that this test would be fair, and that if she was telling the truth, the lie detector will show it, and if not, it would show that too.

She was then told the issues for which she was being tested. Her demeanor remained calm and her attitude was cooperative. She maintained she was telling the truth throughout the pretest interview.

A five pen Lafayette Factfinder, Model 762-96GA Polygraph, along with a Lafayette Model 77608 Poly Cardiotach Heart Rate Monitor, was utilized to register changes in blood pressure, pulse rate, strength of pulse-beat, galvanic skin response, and the respiration pattern.

Calderone Poly Page 2

At this time the subject was told that the cuff on her arm will record his blood pressure, the heart rate monitor clip on her finger will measure his pulse rate, the electrodes on her fingers will record changes in her skin resistance, and the pneumo tubes around her chest will measure her breathing. Final adjustments were made to the instrument, and the subject indicated she felt comfortable. She was instructed to answer either YES or NO to her test questions.

In the first chart, the following relevant questions were asked, and the indicated answers given:

| 1. On October 6, 2000, did you threaten Christopher Santos by saying you were going to get a gun and kill him? | ANS: NO |

| 2. On October 6, 2000, did you go to Christopher Santos residence for any purpose other than to see your daughter Linda? | ANS: NO |

| 3. To the best of your knowledge was Linda Santos at her father's house when you were there on October 6, 2000? | ANS: NO |

A stimulation test was administered immediately following the first chart. The subject was told that this test was very important to show that the instrument was working properly, that she was a testable subject, and it would also show me, what her lie pattern looks like.

In this test, the subject was given five cards, numbered one through five, she was then instructed to choose a card from one of the five, and to remember that number. She was then told to place that card under his right leg, and the other four under her left leg. I told her that when I ask you, regarding that card under your right leg, did you choose card number "?", she was to answer no to each and every card number, including the card number she had chosen. I said to her, it was all right to lie this time, and that in fact I wanted her to lie this time only.

Upon the completion of his stimulation test, the subject was told she had chosen the card number four, and the chart was so noted. The subject was asked to show me the card she had under her right leg, and it was card number four. She was then told she was a testable subject.

The subject appeared impressed that I could tell which number she lied to, and seemed to be comfortable that the test worked. I told her how easy it was for me to determine that she lied about card number four, and how it showed he was telling the truth to the other four numbers. The Stimulation test was effective.

She was then told, that from now on she must be completely truthful to all the rest of the questions in this test as it will have a bearing on this matter.

After a short break, and prior to running the second chart, the subject was asked if she fully understood all the questions. She said that she did. I told her that I was going to run one more charts using the same questions as the first test, and that it was for continuity, and to better help me score the test. This examiner then ran a second chart with the same three questions.

In the Polygraph charts, there were no indications of deception. In the post test interview the examinee maintained she had told the truth to her relative questions.

It is the opinion of this Polygraph examiner, based upon the polygraph examination of Ms. Calderone, that she was telling the truth to her pertinent test questions.

This examination was concluded this date at 1:30 P.M.

Respectfully submitted

*[signature: Bernard J. Soldate]*

Bernard J. Soldate
Polygraphist
Licensed Private Detective
CT. Lic. # I-587

This report is furnished at your request by your agent and Bernie Soldate, for your exclusive use, as merely an opinion concerning the person interviewed and absolutely no other reason or purpose. Disclosure to anyone else is the responsibility of the person receiving this confidential report.

## CERTIFICATION

I certify that the aforementioned motion was sent via U.S. Mail on September 19, 2005 to the following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510
Telephone:  (203) 946-7970 or 7958
Fax:  (203) 946-7942
E-mail:  mwolak@newhavenct.net

PLAINTIFF *Marty Calderon* (signature)

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

3

## ORDER

The Plaintiff's motion to compel is hereby granted.

_____
Honorable Judge Stefan R. Underhill

4