UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 OCT -4  A 10: 44

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MARTY CALDERON          CASE NO.: 3:02 CV 1767 (SRU)
     PLAINTIFF
VS.

PAUL CAVALIER, ET AL.          OCTOBER 4, 2005
     DEFENDANTS

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CIVILIAN COMPLAINTS FILED AGAINST THE DEFENDANTS

The Plaintiff submits this supplemental Motion to Compel production of civilian complaints filed against the Defendants as requested in the Plaintiff's Interrogatories and Requests for Production dated May 20, 2005.

According to the Federal Rules of Civil Procedure 26 et sequence and 37 et sequence and the FRE 401, 403, 404(b), 406, and 803, the Plaintiff has the right to request documents related and relevant to her claims that the Defendants engage in a custom, policy, and/or practice to violate the civil rights of citizens, either by making illegal and/or false arrests of other citizens and by using excessive force on other citizens which also proves a custom, policy, and/or practice to violate the civil rights of citizens.

The Plaintiff claims that she has been attempting to obtain Civilian Complaints filed against the Defendants on her own pursuant to the Freedom of Information Act, however, she has been unable to obtain the documents from the City of New Haven Police Department Internal Affairs Officer Patrick Redding

1

(see Exhibit #1-3 pages).

The Plaintiff respectfully requests the court to order the Defendants to produce the civilian complaints the Plaintiff has requested on May 20, 2005

The Plaintiff claims that to deny the Plaintiff her right to compel production of such relevant evidence would constitute reversible error should there be an appeal regarding these same issues.

The Plaintiff claims in addition to the other case law she has cited in her previous Motions to Compel, that other civilian complaints against the Defendants are relevant to her claims against the Defendants pursuant to Walter Vann v. The City of New York Police Dept., Docket No. 95-7155 (1995).

PLAINTIFF *[signature]*

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

## CERTIFICATION

I certify that the aforementioned motion was delivered on October 4, 2005 to the following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510
Telephone:  (203) 946-7970 or 7958
Fax:  (203) 946-7942
E-mail:  mwolak@newhavenct.net

PLAINTIFF  _/s/ Marty Calderon_

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(800)593-3592

# **EXHIBIT #1**

Case 3:02-cv-01767-SRU    Document 161    Filed 10/04/2005    Page 4 of 8

October 4, 2005

Marty Calderon
P.O. Box 503
Norwalk, CT 06852

Honorable Judge Stefan R. Underhill
U.S. Federal District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

Re: Marty Calderon v. Officer Paul Cavalier & City of New Haven, et al
Docket#3:02cv01767(SRU)

## AFFIDAVIT (MARTY CALDERON) 3 pages

1.) This is the affidavit of Marty Calderon and I believe in the honor of an oath.

2.) I am 44 years old and have been living in the State of Connecticut all of my life until I recently moved to the State of New York to find employment in June of 2005.

3.) I presently reside in Ossining, New York.

4.) I claim that on August 30, 2005 pursuant to the Freedom of Information Act I sent by certified mail to the New Haven Police Department, Chief Francisco Ortiz a FOI request made pursuant to CT Gen. Statutes, Section 1-7, 1-19(a) and 1-212 for the following documents:

a.) FOI request for all documents and reports and memorandum concerning any civilian complaints made to internal affairs or patrol and operations departments against Sargent Kevin Emery while he was employed by the NHPD who is now retired from the NHPD.

b.) FOI request for all documents and reports and memorandum concerning any civilian complaints made to internal affairs or patrol and operations departments against Officer Paul Cavalier while he was and is employed by the NHPD.

c.) FOI request for all documents and reports and memorandum concerning any civilian complaints made to internal affairs or patrol and operations

1

departments against all New Haven Police Dept. officers for false or illegal arrest between the dates of January, 2000 and December of 2004.

d.) FOI request for all documents and reports and memorandum concerning any civilian complaints made to internal affairs or patrol and operations departments against all New Haven Police Dept. officers for use of excessive force between the dates of January, 2000 and December of 2004.

e.) FOI request for all documents and reports and memorandum concerning any civilian complaints made to internal affairs or patrol and operations departments against all New Haven Police Dept. officers for civilian deaths between the dates of January, 2000 and May of 2005.

5.) According to the Freedom of Information Commission, the New Haven Police Department is supposed to respond to FOI requests within four (4) days.

6.) Since August 30, 2005, the City of New Haven Police Department has not released any of the civilian complaints that I requested.

7.) I have made at least three attempts to speak with the New Haven Police Department Internal Affairs Officer Patrick Redding in order to meet him and to obtain copies of civilian complaints against the New Haven Police Department Officers.

8.) When I call Officer Patrick Redding, all I am told to do is leave a message and he does not return my phone calls.

9.) I left a message for Officer Patrick Redding on October 3, 2005.

10.) I claim that I cannot obtain the Internal Affairs Civilian Complaints to offer for proof at trial of a New Haven Police Dept. municipal policy, custom, or practice to violate the civil rights of civilians.

11.) I claim that according to Ricciuti v. N.Y.C. Transit Authority, 941 F.2d. 119, 122-123 (2d. Cir. 1991) and Fiacco v. City of Rensselaer, 783 F.2d. 319, 326-328 (2d Cir. 1986) that I may as a Plaintiff demonstrate through proof of repeated complaints of civil rights violations, the need for better supervision at the City of New Haven Police Department.

12.) I claim that in that no one from the New Haven Police Department Internal Affairs Department has contacted me in order to set up a time and place in which I can retrieve these Internal Affairs Records of the civilian complaints that I have been attempting to retrieve from the New Haven Police Department.

13.) I claim that I have also filed a Freedom of Information Request Complaint against the New Haven Police Department, however I was told that they cannot begin an investigation of my complaint for at least another three weeks.

14.) I claim that there is no other way to obtain copies of the Civilian Complaints filed against the City of New Haven Police Department Officers than through a Federal Court Order compelling the Defendants in the above mentioned case to release the records to me as the Plaintiff.

15.) I claim that according to the case law cited in my Motions to Compel and Objections to the Defendant's Objections to offering civilian complaints that civilian complaints against the Defendants are relevant to my federal claims against the Defendants pursuant to 42 U.S.C. Section 1983.

10/4/05
Date

State of Connecticut }
County of Fairfield  } ss
Subscribed and Sworn to Before me,
this 4TH day of OCTOBER 19, 2005
Notary Attest: [signature]

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592
misscalderon@yahoo.com

3

## **ORDER**

The Plaintiff's motion to compel is hereby granted.

_____
Honorable Judge Stefan R. Underhill