United States District Court
District of Connecticut
FILED AT                    BRIDGEPORT
9-28-05
Kevin F. Bowe, Clerk
By: [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTY CALDERON                          CASE NO.: 3:02 CV 1767 (SRU)
    PLAINTIFF
VS.

PAUL CAVALIER, ET AL.                   SEPTEMBER 21, 2005
    DEFENDANTS

## PLAINTIFF'S SUPPLEMENTAL COMPLAINT

1.  The Plaintiff submits this Supplemental Complaint pursuant to the Federal Rules of Civil Procedure 15 et sequence.

2.  The basis for the court's subject matter jurisdiction for this Supplemental Complaint is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code and the U.S. Constitution Fourth Amendment, U.S. Constitution Fourthteenth Amendment, Article 1 Section 7, Section 9 of the Connecticut Constitution, 42 U.S.C. 1983, 28 U.S.C. Section 1331, concurrent jurisdiction pursuant to Connecticut General Statutes Section 54-1F, 52-73, and 7-465.

2.  The Plaintiff claims that issues in this Supplemental Complaint were discovered upon the Defendant's partial answers to her discovery requests on or about July 11, 2005. The Plaintiff claims the Defendants have refused to answer all of the Plaintiff's discovery requests in relation to Sargeant Kevin Emery's personnel file and any civilian complaints made against Sargeant Kevin Emery that the Plaintiff requested on May 20, 2005 and the Plaintiff claims that these

1

these files are relevant in that Sargeant Kevin Emery was an employee and policymaker of the Defendant, City of New Haven on October 6th and October 7, 2000 and the supervisor of the Defendant, Officer Paul Cavalier.

3.     The Plaintiff claims that the on the relevant dates of October 6, 2000 and October 7, 2000, the Defendant's City of New Haven Police Officer, Sargeant Kevin Emery, who is a policymaker for the City of New Haven, instructed the Defendant, Officer Paul Cavalier to make an unconstitutional warrantless arrest of the Plaintiff outside of the Defendant's jurisdiction which is the City of New Haven at the Plaintiff's residence which was located at 43 Prospect Place Ext., East Haven, Connecticut.

4.     The Plaintiff claims that the Defendants violated the Plaintiff's U.S. Constitution Fourth Amendment and 14th Amendment rights to be free from search and seizure in her place of residence at 4:30 a.m. on October 7, 2000.

5.     The Plaintiff claims that Defendants engaged in the practice and custom and policy which is unconstitutional of making illegal warrantless arrests outside of their jurisdiction.

6.     The Plaintiff claims the Defendants have a policy, custom, and practice to arrest citizens without a warrant outside of their jurisdiction for alleged complaints by individuals who claim they have been the victims of domestic violence.

7.     The Plaintiff claims the Defendants arrest citizens without a warrant outside of their jurisdiction for alleged criminal incidents that were not and could not have been committed in the presence of the Defendant's police officers and

the Plaintiff claims this policy, practice, and custom is an unconstitutional policy and in direct violation of the Plaintiff's U.S. Constitution Fourth Amendment and U.S. Constitution 14th Amendment right to be free from unreasonable search and seizure in a citizens place of residence and home where she lives.

8.     The Plaintiff claims that the Defendants should have known that the practice of arresting a citizen without a warrant for an alleged crime the Defendants never witnessed was an outright violation of the U.S. Constitution Fourth Amendment right to be free from unreasonable search and seizure.

9     The Plaintiff claims she also suffered a False Imprisonment caused by the Defendants unconstitutional policy and practice in that on October 7, 2000 at 4:30 a.m. she was taken from her home by the Defendant, Officer Paul Cavalier in his Defendant police vehicle and forced to be incarcerated at the Defendant, City of New Haven police lockup until she was bailed out by her friend, Bonita Yarsborough Smith.

10.    The Plaintiff claims that due to the Defendant's policymakers, Sargaent Kevin Emery and Officer Paul Cavalier, on October 7, 2000 she was both illegally arrested and illegally falsely imprisoned based on a complaint by third parties of which the Defendants never witnessed.

11.    The Plaintiff claims that the Defendants should have properly investigated Christopher Santos' complaint and his extensive criminal background but instead they illegally arrested and disregarded the Plaintiff's version of October 6, 2000, which the Plaintiff claims is a violation of the U.S. Constitution 14th Amendment Equal Protection of the Law, in that they discriminated against the Plaintiff

3

because she is a female and denied her the Equal Protection of the Laws to be free from an unreasonable search and seizure, false arrest, and false imprisonment just because she is a woman, alone, and defenseless in her home on October 7, 2000 despite the fact that Christopher Santos has an extensive criminal background mainly from assaults and crimes against the Plaintiff.

12.     The Plaintiff claims the damages as stated in her Amended Complaint already filed with this court.

**HEARING REQUESTED**

PLAINTIFF _Marty Calderon_

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

**CERTIFICATION**

I certify that the aforementioned motion was sent via U.S. Mail on September 21 2005 to the following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Telephone: (203) 946-7970 or 7958
Fax: (203) 946-7942
E-mail: mwolak@newhavenct.net

PLAINTIFF _Marty Calderon_

Marty Calderon
P.O. Box 503
Norwalk, CT 06852
(860)593-3592

## ORDER

The Plaintiff's motion to compel is hereby granted.

_____
Honorable Judge Stefan R. Underhill