**EXHIBIT #1**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CYNTHIA HAMILTON | : |
| | : |
| PLAINTIFF | : |
| | : |
| VS. | : CIVIL NO. 300CV00099 (JCH) |
| | : |
| CITY OF NEW HAVEN, FEDERAL BUREAU | : DECEMBER 12, 2000 |
| INVESTIGATION; MELVIN WEARING; | : |
| DET. TROCCHIO; DET. FOTI; DET. BASHTA; | : |
| DET. COTTO: DET. SEGARRA; SGT. PETERSON | : |
| SGT. WARDROP; | : |
| | : |
| DEFENDANTS | : |

## AMENDED COMPLAINT

### FIRST COUNT

1. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitution, the laws of the United States and the State of Connecticut. The defendants have caused the plaintiff to be subjected to a brutal attack as a result of which she has suffered injuries.

2. Jurisdiction of the Court is invoked under provisions of section 1331, 1343(3) and 1367(a) of Title 28 and sections 1983 and 1988 of Title 42 of the United states Code.

3. The amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

4. Venue is proper in this district because it is where the acts complained of occurred.

5. At all times relevant to this action, defendant Wearing was the Police Chief of the New Haven Police Department located at 1 Union Avenue, New Haven, Connecticut. He is sued in his individual and official capacity.

6. At all times relevant to this action, defendant Troccio was a detective of the New Haven Police Department located at 1 Union Avenue, New Haven, Connecticut. He is sued in his individual and official capacity.

7. At all times relevant to this action, defendant Foti was a detective of the New Haven Police Department located at 1 Union Avenue, New Haven, Connecticut. He is sued in his individual and official capacity.

8. At all times relevant to this action, defendant Cotto was a detective of the New Haven Police Department located at 1 Union Avenue, New Haven, Connecticut. He is sued in his individual and official capacity.

9. At all times relevant to this action, defendant Segarra was a detective of the New Haven Police Department located at 1 Union Avenue, New Haven, Connecticut. He is sued in his individual and official capacity.

10. At all times relevant to this action, defendant Bashta was a detective of the New Haven Police Department located at 1 Union Avenue, New Haven, Connecticut. He is sued in his individual and official capacity.

11. At all times relevant to this action, Wardrop was a Sergeant of the New Haven Police Department located at 1 Union Avenue, New Haven, Connecticut. He is sued in his individual and official capacity.

12. At all times relevant to this action, defendant Peterson was a detective of the New Haven Police Department located at 1 Union Avenue, New Haven, Connecticut. He is sued in his individual and official capacity.

13. On January 16, 1998, the plaintiff moved into her apartment at 45 Sheldon Terrace, New Haven, Connecticut.

14. On January 20, 1998, defendants Foti and Troccio obtained a search warrant for the plaintiff's apartment.

15. The purpose of the warrant was to seize a weapon that was used in a homicide. The defendants' warrant was based on out of date, unverified information received from a co-conspirator, Ricky Beckford, on January 18, 1998.

16. The co-conspirator advised the defendants that he observed the homicide weapon on a bed at 45 Sheldon Terrace on December 24, 1997 a day before the homicides took place. Further, Ricky Beckford advised the defendants that the weapon was used on December 25, 1997.

17. On January 20 at 11:00 a.m., the defendant conducted their search of the plaintiff's apartment. The defendants forced open the door of the apartment where they encountered the plaintiff coming out of the bathroom.

18. The defendants secured the apartment to make sure that the plaintiff was the only person in it.

19. For the next several minutes, the plaintiff attempted to explain to the defendants that she recently moved into said apartment. The plaintiff then attempted to get her lease out off a bag. The defendants Peterson and Gentile physically restrained and pushed on the ground and forcefully pushed their feet into her back so that she would not move.

20. The defendants caused the plaintiff injuries to her neck and back in addition to causing post traumatic stress syndrome for the intrusion into her home.

## SECOND COUNT

1-20. Plaintiff restates and realleges paragraph 1-20 of First Count as fully set forth herein.

21. By virtue of the foregoing, defendants knowingly and intentionally did falsely imprison plaintiff.

## THIRD COUNT

1-20. Plaintiff restates and realleges paragraph 1-20 of First Count as fully set forth herein.

21. By virtue of the foregoing, defendant Wearing failed to properly supervise defendants Peterson, Wardrop, Trocchio, Cotto, Bashta, Segarra and Foti.

## FOURTH COUNT

1-20. Plaintiff restates and realleges paragraph 1-20 of First Count as fully set forth herein.

23. By virtue of the foregoing, defendants negligently inflicted emotional distress on the Plaintiff.

**WHEREFORE**, the plaintiff claims judgment against the defendants and each of them, jointly and severally, in their individual and official capacities as follows:

- a. compensatory damages in an amount this Court shall deem fair and reasonable by a jury of 6 jurors;

- b. punitive damages in amount this Court deems fair and reasonable to be determined by a jury;

- c. costs;

**WHEREFORE**, the plaintiff claims judgment against the defendants and each of them, jointly and severally, in their individual and official capacities requiring said defendants to pay her costs and attorney fees pursuant to 42 U.S.C. Section 1988.

The Plaintiff

BY _____
Anthony A. Wallace
Federal Bar No. CT08881
419 Whalley Avenue
New Haven, CT 06511
(203)562-5448



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 APR 16 A 11: 12

US DISTRICT COURT
BRIDGEPORT CT

CYNTHIA HAMILTON,
    Plaintiff,

v.

DET. TROCCHIO, DET. FOTI;
DET. BASHTA; DET. COTTO;
DET. SEGARRA; SGT. PETERSON;
AND SGT. WARDROP

3:00CV099 (JCH) (WWE)

## RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE LAW OR FOR A NEW TRIAL ON THE CLAIM OF FALSE IMPRISONMENT

This matter came on trial before a jury in this Court on March 17, 2003. After deliberation, the jury returned a verdict on March 20, 2003, in favor of the plaintiff Cynthia Hamilton for false imprisonment in the amount of $50,000 in compensatory damages. Pending before the Court is the renewal, post-trial, of defendants' motion for judgment on the law as to the claim of false imprisonment pursuant to Rule 50(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P"). In the alternative, the defendants move for a new trial only on the claim of false imprisonment pursuant to Rules 50(c) and 59(a) and (b) of the Federal Rules.

For the reasons set forth below, the defendants' motion for judgment on the law will be denied, and the verdict of the jury will stand. The motion for a new trial on only the claim of false imprisonment will also be denied.

1

**FACTS**

The Court assumes familiarity with the facts of this case from the Court's prior ruling on the defendants' motion for summary judgment (Doc.# 30), which was filed on July 1, 2002.

**DISCUSSION**

<u>MOTION FOR JUDGMENT AS A MATTER OF LAW</u>

Rule 50(b) of the Federal Rules of Civil Procedure states in pertinent part that "[i]f, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment – and may alternatively request a new trial or join a motion for a new trial under Rule 59." If a verdict is returned in the case, the court may (a) allow the judgment to stand; (b) order a new trial; or (c) direct entry of judgment as a matter of law.

"The standard for granting a motion for judgment as a matter of law is appropriately strict. In order to grant such a motion the Court cannot consider the credibility of the witnesses or the weight of the evidence but rather must determine whether, viewing the evidence in the light most favorable to the non-moving party, the verdict was one that reasonable persons could not have

reached. In considering a Rule 50 motion the District Court is required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in her favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." Only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or where there is such an overwhelming amount of evidence in favor of the movant that a reasonable and fair minded jury could not arrive at a verdict as it did may the Court properly grant the motion. Newtown v. Shell Oil Co., 2000 WL 49357 *2 (D.Conn. 2000). The Court does not find that the defendants have shown overwhelming evidence in their favor sufficient to set aside the jury's verdict.

In the Court's prior ruling on the defendants' motion for summary judgment, it held that the facts do not allow the Court to hold that as a matter of law the restraint of Hamilton by the defendant officers was reasonable under the Fourth Amendment. Hamilton v. City of New Haven, 213 F.Supp.2d 125, 133 (D.Conn. 2002) This is the law of the case, and the jury's verdict will be allowed to stand.

The defendants attempt to base their argument for judgment as a matter of law on comments made by the trial judge out of the

3

presence of the jury. These comments are dictum, are not binding, and cannot be used to set aside a verdict any more than comments made by the attorneys out of the hearing of the jury could be used to set aside a verdict. Defendants are reminded that "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Tennant v Peoria & Pekin Union R. Co., 321 U.S. 29, 35 (1994) quoted in Sentilles v. Inter-Caribbean Shipping Corp., 361 U.S. 107, 110 (1959). See Saloomey v. Jeppeson & Co., 707 F.2d 671, 677 (2d Cir. 1983).

MOTION FOR NEW TRIAL

The defendants have moved, in the alternative, for a new trial pursuant to Fed.R.Civ.P. Rule 59(a) and (b), and Rule 50(c). Because the Court will not grant the motion for judgment as a matter of law, Rule 50(c) need not be considered.

Rule 59(a) of the Federal Rules provides, in pertinent part, that "[a] new trial may be granted ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A motion for a new trial should be granted when the trial court concludes that the jury has reached a seriously erroneous result, or that the verdict is a miscarriage of justice. Consequently, a new trial may be granted when the jury's verdict is against the weight of the evidence. The standards governing a district court's consideration of a Rule

59 motion for a new trial on the grounds that the verdict was against the weight of the evidence differs in two significant ways from the standards governing a Rule 50 motion for judgment as a matter of law. First, unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Second, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner.... A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is "egregious." ... Accordingly, a court should rarely disturb a jury's evaluation of a witness's credibility. Safir v. Jowett, 214 F.Supp. 2d 226, 244 (D.Conn. 2002).

In the present case, the Court does not view the jury verdict as egregious, and will not disturb the jury's verdict.

**CONCLUSION**

For the reasons set forth above, the defendants' motion for judgment on the law, or in the alternative, for a new trial (Doc.# 77), is DENIED.

SO ORDERED this 16th day of April, 2003, at Bridgeport, Connecticut.

WARREN W. EGINTON, Senior U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROBERT SALATTO             :    Civil Action No.

   Plaintiff

V.                                              3:00 CV378 SRU

LEO BOMBALICKI

   Defendant              :    February 24, 2000

FILED
FEB 29  11 18 AM '00
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## COMPLAINT

1. This is an action to redress the deprivation by the defendant of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut. The defendant arrested the plaintiff unlawfully, without a warrant and without probable cause. In the course of the arrest, the defendant unlawfully searched the plaintiff's automobile and person and used unreasonable force against the plaintiff.

2. Jurisdiction of this Court is invoked under the provisions of §§ 1331, 1343(3) and 1367(a) of Title 28 and §§ 1983 and 1988 of Title 42 of the United States Code.

3. During all times mentioned in this Complaint, the plaintiff was an adult citizen of the United States residing in Branford, Connecticut. He is currently incarcerated at Osborn Correctional Institute in Somers, CT.

4. During all times mentioned in this Complaint, the defendant, Leo Bombalicki, was a duly appointed officer in the police department of New Haven, Connecticut,

acting in his official capacity. He is sued, however, in his individual capacity.

5. During all times mentioned in this Complaint, the defendant was acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of New Haven.

6. Approximately 1:00 p.m. on February 26, 1998, the plaintiff was operating an automobile in the vicinity of Kimberly Avenue and Lamberton Street in the City of New Haven with a passenger Gino Ferri. At that time and place, the plaintiff was operating a motor vehicle lawfully and had violated no criminal or traffic law whatsoever.

7. Although the plaintiff had violated no law and although the defendant had no reasonable suspicion or probable cause to believe that the plaintiff violated any law, the defendant, who was in a New Haven Police vehicle followed plaintiff's vehicle and activated his overhead lights, thereby ordering the plaintiff to stop his car. The plaintiff complied immediately. Upon information and belief, the defendant stopped the plaintiff solely because of his association with Gino Ferri.

8. The defendant approached plaintiff's vehicle with his gun drawn. Pointing his gun at the plaintiff's face, the defendant ordered the plaintiff to exit his car. Plaintiff again complied with defendant's order.

9. Although he had no reasonable suspicion to justify such a search, the defendant then conducted a "pat down" search of the plaintiff. Although the search revealed nothing, the defendant proceeded to handcuff the plaintiff and ordered him to sit down the curb. The plaintiff again complied with the defendant's order.

10. The defendant then ordered plaintiff's passenger, Gino Ferri, out of the automobile stated among other things "I know you're dirty. Do you have any weapons?"

11. Although he had no probable cause to justify a search the defendant proceeded to search the plaintiff's automobile thoroughly. In the course of searching the automobile, the defendant repeatedly asked plaintiff's passenger Ferri, "Where are the drugs?"

12. Having found nothing illegal in the plaintiff's automobile, the defendant proceeded to search plaintiff's person again, searching his pockets, undoing plaintiff's pants and searching his genital area. During the period of the search, the plaintiff remained handcuffed. Once again the defendant had no probable cause to justify this search.

13. The plaintiff questioned defendant regarding his authority to perform such a search. The defendant ordered the plaintiff to "shut up" and repeated that he knew "Gino is dirty".

14. The plaintiff then requested, if he was not to be charged with a crime, that the defendant release him. The defendant again told the plaintiff to "shut up". A verbal argument ensued between the plaintiff and the defendant during which the plaintiff exercised his right to freedom of speech which is protected by the United States and Connecticut Constitutions.

15. The defendant responded by forcing the plaintiff to the ground, pushing the plaintiff's face into the pavement and striking the plaintiff in the head more than once with a heavy object, probably the defendant's gun, causing the plaintiff to lose consciousness.

16. The defendant then arrested the plaintiff and charged with larceny in the 3rd degree in violation of Connecticut General Statutes 53a-124 and Interfering with a Police Officer in violation of Connecticut General Statute 53a-167a.

17. The arrest of the plaintiff was for the purpose of punishing him of his exercise of his right to free speech and to cover up the defendant's beating of the plaintiff. The plaintiff had committed no crime and the defendant knew the plaintiff had committed no crime.

18. Although he had a duty to do so, defendant Bombalicki failed to investigate whether the automobile driven by plaintiff Salatto had been stolen. He had investigated, defendant Bombalicki would have learned that the automobile had not been stolen.

19. The defendant then prepared a false police report, which he knew and intended would be forwarded to a prosecuting attorney and relied upon by the prosecuting attorney in deciding whether or not to prosecute the plaintiff and, if so, the manner in which the plaintiff's prosecution should be handled. In preparing the report, the defendant acted maliciously and willfully.

20. As a direct and proximate result of the acts and omissions of the defendant described in this Complaint, the plaintiff was incarcerated for a period of approximately one hour, was required to appear in the Connecticut Superior Court as an accused criminal, was required to spend money to retain the services of an attorney to defend himself against the false charges, was caused to suffer great physical pain and agony and to undergo medical care and treatment to his economic loss, suffered bruises, contusions and lacerations to his head and face,

suffered loss of blood, pain, dizziness and fear, suffered loss of consciousness, lost for a time the ability to enjoy life in the manner customary for him, was caused great mental and emotional pain and anguish and suffering, and has been chilled in the exercise of his rights of freedom of speech and association and to petition for the redress of grievances under the First and Fourteenth Amendments to the United States Constitution, and in addition has suffered the loss of all the Constitutional rights in this Complaint.

21. On March 25, 1998, all the criminal charges against the plaintiff were nolled. The charges were subsequently dismissed pursuant to Connecticut law.

22. In the manner described in this complaint, the defendant acted with reckless disregard to the plaintiff's constitutional rights.

23. The defendant knew or should have known that his actions would or probably would inflict extreme emotional distress upon the plaintiff.

24. The actions of the defendant described in this complaint are extreme and outrageous.

25. In the manner described in this complaint, the defendant deprived the plaintiff to his rights of freedom of speech, freedom of association, freedom to petition for redress of grievances, freedom from unreasonable arrest, search and seizure, freedom from warrantless arrest, freedom from arrest without probably cause, freedom from the use of unreasonable force by a police officer, freedom from malicious prosecution, and due process of law. All of these rights are secured to the plaintiff by the provisions by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by Title 42 U.S.C. Section

1983 and Section 1988.

26. In the manner described in this complaint, the defendant deprived plaintiff of his rights to be free from assault and battery, false imprisonment, negligence, malicious prosecution and intention infliction of emotional distress. All of these rights are secured to the plaintiff by the provisions of Connecticut law which are invoked under the supplementary jurisdiction of this court.

27. In the manner described in this complaint, the defendant deprived the plaintiff of his rights to be free from unreasonable seizure, his right of personal liberty and his right to freedom of speech. These rights are secured to the plaintiff by the provisions of the Connecticut Constitution Article I, Sections 4, 7 and 8 and are invoked under the supplementary jurisdiction of this court.

WHEREFORE, the plaintiff claims judgment again the defendant as follows:

a. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

b. Punitive damages in an amount this court shall consider to be just reasonable and fair;

c.  Attorneys fees and the costs of this action;

d.  Such other relief as this Court shall consider to be fair and equitable.

> THE PLAINTIFF
>
> BY: _____
> David B. Bachman
> Law Offices of David B. Bachman, LLC
> 51 Elm Street, Suite 408
> New Haven, CT 06510
> Telephone: (203) 785-0186
> Federal Bar No.: ct04524