UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

MARTY CALDERON

CASE NO.: 3:02CV1767 (SRU)

VS.

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

PAUL CAVALIER, ET AL.

OCTOBER 14, 2005

## PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to the Federal Rules of Civil Procedure, the Plaintiff Objects to the Defendant's Proposed Jury Instructions for the following reasons.

On Page 6 of the Defendant's Proposed Jury Instructions dated April 20, 2005, the Defendant does not quote the Connecticut General Statute Section 54-1f correctly. The Defendant incorrectly quotes the "pursuit" part of this statute and to give this instruction in this way is prejudicial to the Plaintiff and does not properly explain the law and rules of an arrest of an individual outside of the jurisdiction of the Defendants.

The Plaintiff claims that the statute should be quoted verbatim as the law states in C.G.S. Section 54-1(f) which states I quote the following:

See Exhibit #1.C.G.S. Section 54-1(f). Arrest without warrant. Pursuit outside precincts.(a) For purposes of this section, the respective precinct or jurisdiction of a state marshal or judicial marshall shall be wherever such marshal is required to perform duties. Peace officers, as defined in subdivision (9) of section 53a-3, in their respective precincts, shall arrest,

1

without previous complaint and warrant, any person for any offense in their jurisdiction, when the person is taken or apprehended in the act or on the speedy information of others, provided that no constable elected pursuant to the provisions of section 9-200 shall be considered a peace officer for the purposes of this subsection, unless the town in which such constable holds office provides, by ordinance, that constables shall be considered peace officials for the purposes of this subsection.

(b) Members of the Division of State Police within the Department of Public Safety or of any local police department or any chief inspector or inspector in the Division of Criminal Justice shall arrest, without previous complaint and warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony.

(c) Members of any local police department or the Office of State Capitol and constables and state marshalls who are certified under the provisions of sections 7-294a to 7-294e, inclusive, and who perform criminal law enforcement duties, when in immediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest. Such person may then be returned in the custody of such officer to the precinct in which the offense was committed.

(d) Any person arrested pursuant to this section shall be presented with

reasonable promptness before proper authority.

The Plaintiff claims that this jury instruction is vital to the Plaintiff's claims in that the Plaintiff a)was arrested for an alleged claim by Defendant, Officer Paul Cavalier that the Plaintiff committed a crime not in Officer Cavalier's presence in the City of New Haven on October 6, 2000 and b) the Defendant' Officer Paul Cavalier called the East Haven Police Department and reported at 4:16 a.m. in the morning of October 7, 2000 that he wanted to make an arrest of the Plaintiff at her residence in East Haven, Connecticut. The Defendant' Officer Paul Cavalier was not in immediate pursuit of the Plaintiff when he arrested her at her residence at approximately 4:30 a.m. on October 7, 2000.

The Plaintiff also claims that according to the U.S. Constitution Fourth Amendment, a police officer has no constitutional legal authority to cause an illegal search and seizure of a citizen in her home without a)first procuring a warrant or b) there must be exigent circumstances to justify the forced entry into a citizen's home without a warrant in order to forcibly arrest an individual.

Therefore, in the Plaintiff's case not only must there must have been probable cause to arrest the Plaintiff in her home on October 7, 2000 without a warrant, but there must have been exigent circumstances to justify such an arrest outside of the Defendant's jurisdiction. The Plaintiff also claims that the Defendant's have the burden of proving that there was exigent circumstances at the time the Defendants arrested the Plaintiff in order to satisfy the requirements

of the U.S. Fourth Amendment which states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath and affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The Plaintiff claims that whether exigent circumstances existed to justify a warrantless arrest is a question for the jury, so long as, given the evidence, there is room for a difference of opinion.  See O'Brien v. Grand Rapids, 23 F.3d. 990, 998 (6th Circuit 1994).

In Dubner, v. San Francisco, 266 F.3d. 959, 965 (9th Circuit 2001), the Ninth Circuit ruled that although the Plaintiff bears the ultimate burden of proof to show an unconstitutional arrest, "she can make a prima facie case simply by showing that the arrest was conducted without a valid arrest warrant.  At that Point, the burden shifts to the Defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest.  The Plaintiff still has the ultimate burden of proof, but the burden of production falls on the Defendant."  Therefore, additionally the Plaintiff claims that it is the Defendant's burden to prove that they had probable cause and exigent circumstances to arrest the Plaintiff, Marty Calderon on October 7, 2000.

In addition, the Plaintiff has set forth in her Amended complaint dated July 28, 2003, page 3, paragraph 14 the following claim: "In defense to the Plaintiff's prior complaints the Defendants gave responded that they had probable cause to arrest her without a warrant which the Plaintiff claims is not a legally sufficient

defense to her complaint and to an arrest outside of the Defendant's jurisdiction without a warrant."

Additionally, the Plaintiff claims that in the Defendant's Jury Instructions page 8, the Defendants have asked the court to instruct the jury the following: "In judging the Defendant's conduct you are to consider only the facts and circumstances which existed at the very time the proceedings were instituted. Facts subsequently occurring or information subsequently acquired are to be disregarded by you."

The Plaintiff claims that this jury instruction is erroneous and inapplicable to the Plaintiff's claims in her Amended Complaint dated July 28, 2003 against the Defendants. The Plaintiff claims that on page 9 of her complaint paragraph 49, the Plaintiff claims the Defendants have failed to retract any defamatory statements made against her and that these statements amount to slander and have caused harm to her reputation, interference in her job and education, embarassment and humiliation, lost wages, and chest pains of which she has had to seek medical treatment. Therefore, as to the Plaintiff's claims of damages by the Defendants for defamation of the Plaintiff, the Plaintiff claims that a failure of the Defendants to retract the false complaint is relevant to the Plaintiff's claim for damages.

Additionally, the Plaintiff claims that in her Amended Complaint dated July 28, 2003, pages 3-6 and paragraphs 16-30, the Plaintiff basically claims that the Defendant' Officer Paul Cavalier should have known that the Plaintiff's ex-husband was not a credible witness in that the New Haven Police should have

known the New Haven Police should have known about their witness, Christopher Santos violent history with the Plaintiff because Christopher Santos acts against the Plaintiff were on record with the New Haven Police Department and the Plaintiff has supported her Amended Complaint with an Exhibit of Christopher Santos Criminal Record as of 10/11/2000. Therefore, the Plaintiff has claimed in her Amended Complaint that the Defendants have no legitimate corroborating witnesses to verify any of Christopher Santos alleged statements that were allegedly made to Officer Cavalier nor do the Defendants have any evidence that Mr. Santos' statements are true, (see Plaintiff's July 28, 2003 Amended Complaint, page 3, paragraph 17).

The Plaintiff claims that her claims in her Amended Complaint have stated sufficiently that she is claiming that the Defendant Officer Paul Cavalier was not justified in his illegal warrantless arrest of the Plaintiff in her home on October 7, 2000 because in addition to Plaintiff's other claims, Officer Paul Cavalier should have known that Christopher Santos was not a credible witness due to his conviction record based on arrests by the New Haven Police Department. Therefore, basically the Plaintiff is claiming that the proposed Defendant's jury instructions is a little misleading in that part of the facts and circumstances that occurred at the time of the Defendant's arrest of the Plaintiff was that their main witness, Christopher Santos was a known felon convicted of New Haven assaults against the Plaintiff and a cocaine drug conviction stemming from a New Haven Police drug sting of which Christopher Santos just finished serving his sentence in 1995.

In addition, the Plaintiff claims that on pages 18-19 of the Defendant's Jury Instructions, in particular the last full paragraph of page 19, the Defendant's claim that the only way for the Plaintiff to recover on the defamation claim is that the Plaintiff must first show by a preponderance of the evidence that the Defendant Officer Paul Cavalier fabricated what he wrote in his police report, and did not report what was told to him by Christopher Santos. The Plaintiff claims that on October 6, 2000, the Defendant Officer Paul Cavalier took hearsay statements from the following three individuals (according to his police report):

1. Christopher Santos

2. Iris Santos

3. Linda Santos

The Plaintiff has claimed in her Amended Complaint dated July 28, 2003, page 3, paragraph 18 the following:"Linda Santos the Plaintiff's daughter could not have been a corroborating witness to any of Mr. Santos claims in that according to Mr. Santos own statement she was not at home at 125 Oakley Street, New Haven, CT at the time Mr. Santos claims the Plaintiff made a threat against him."

Therefore, the Plaintiff claims that the Defendant's Jury Instruction should properly state, "Therefore, in order for the Plaintiff to recover on this claim she must first show by a preponderance of the evidence that Defendant Paul Cavalier fabricated what he wrote in his police report, and did not report what was told to him by Christopher Santos, Iris Santos, and Linda Santos, thereby

7

losing the immunity of privilege.

The Plaintiff claims that she will be proving to the jury that Officer Paul Cavalier's statements were false in his police report and that the hearsay statements of the witnesses were also false. Therefore, the Plaintiff claims that all of the Defendant's Officer Paul Cavalier's double hearsay statements in his police report regarding his alleged three witnesses are relevant to the Plaintiff's claims that she was defamed by the Defendant Officer Paul Cavalier and the Plaintiff has a right to inform the jury of the proper instruction regarding the Plaintiff claims of defamation by the Defendant' Officer Paul Cavalier's police report.

The Plaintiff claims the jury has the right to be given proper jury instructions according to the laws of the state of Connecticut, federal law, and the U.S. Supreme Court's case law. The Plaintiff claims the jury has the right to know the truth, nothing but the truth, and the full truth, not have of the truth of what happened to the Plaintiff on October 6 and October 7, 2000 in order for the jury to properly determine the outcome of the Plaintiff's claims against the Defendants.

Therefore, for the foregoing reasons the Plaintiff respectfully requests that the court properly instruct the jury according to the law and disputed facts of this case.

THE PLAINTIFF

BY: *Marty Calder*

Marty Calderon, Pro Se
P.O. Box 503
Norwalk, CT 06852

## CERTIFICATION

I certify that the Plaintiff has delivered the Plaintiff's Objections to the Defendants Jury Instructions on October 14, 2005 by U.S. mail to:

> Michael A. Wolak, III
> Assistant Corporation Counsel
> 165 Church St., 4th floor
> New Haven, CT 06510
> Federal Bar # ct12681
> Telephone: (203) 946-7970 or 7958
> Fax # (203) 946-7942
> E-mail: mwolak@newhavenct.net
> Their Attorney

THE PLAINTIFF

BY: *Marty Calde*

Marty Calderon, Pro Se
P.O. Box 503
Norwalk, CT 06852