UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARTY CALDERON** | : | **CASE NO.: 3:02CV1767 (SRU)** |
| **VS.** | : | |
| **PAUL CAVALIER, ET AL.** | : | **OCTOBER 17, 2005** |

### DEFENDANTS' MOTION IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE, DATED SEPTEMBER 24, 2005, THAT SEEKS TO OFFER EVIDENCE OF OTHER FEDERAL AND INTERNAL AFFAIRS CIVIILAN COMPLAINTS AND JUDGMENTS AGAINST THE DEFENDANTS

Defendants oppose and object to plaintiff's motion in limine, dated September 24, 2005, by which she seeks to offer as evidence at the trial this matter other federal and internal affairs civilian complaints and judgments involving the defendants. It would appear that plaintiff seeks the admission of this evidence in support of her claim against the municipal defendant; brought pursuant to 42 U.S.C. Section 1983, whereby she is alleging some unspecified unconstitutional practice, policy and custom on the part of the municipal defendant.

The items that the plaintiff claims that she should be allowed to put into evidence are complaints, with some associated documents, that pertain to five lawsuits brought against the City of New Haven and/or police officers employed said City. A variety of factual situations and alleged constitutional violations are presented by these five

**ORAL ARGUMENT REQUESTED**

different lawsuits. To the best of the undersigned's knowledge and belief, two of the lawsuits, <u>Session v. Freeman, et al.</u> and <u>Colton v. Ortiz</u>, resulted in verdicts in favor of the defendant police officers; two of the other cases, <u>Salatto v. Bombalicki</u> and <u>Greene v. Officer Young</u>, were settled for nominal amounts without any admission of liability on the part of the defendants; and in only one case, <u>Hamilton v. Trocchio, et al</u>, was there a verdict and judgment in favor of a plaintiff. It should be noted that none of these lawsuits involved the individual defendant in this matter, Paul Cavalier.

Plaintiff also seeks to offer into evidence other "similar Federal Complaints, Judgments and civilian Complaints" which she does not identify.

In order for a municipality to be liable under 42. U.S.C. Section 1983 for the violation of a person's civil rights, there must be an identified municipal policy or practice that was the moving force behind the constitutional violation. The only label that the plaintiff has attached to her claims against the defendant municipality is the vague and general one of "unconstitutional practices."

The "scatter gun" nature of the so-called evidence that the plaintiff seeks to introduce through her motions in limine makes it inadmissible pursuant to Rules 402 and 403 of the Federal Rules of Evidence. These materials are irrelevant, of no probative value, prejudicial and confusing.

THE DEFENDANTS, PAUL CAVALIER
AND THE CITY OF NEW HAVEN

/s/:_____
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
Tel. #:  (203) 946-7970 or 7958
Fax #:  (203) 946-7942
E-mail: mwolak@newhavenct.net
Fed. Bar #ct12681
Their Attorney

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered and/or mailed, postage prepaid, on October 17, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT  06852

/s/_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D015\P003\00014052.DOC

-3-