## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARTY CALDERON** | : | **CASE NO.: 3:02CV1767 (SRU)** |
| **VS.** | : | |
| **PAUL CAVALIER, ET AL.** | : | **OCTOBER 17, 2005** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR  MOTION IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE, DATED  SEPTEMBER 24, 2005, THAT SEEKS TO OFFER EVIDENCE OF OTHER FEDERAL AND INTERNAL AFFAIRS CIVIILAN COMPLAINTS AND JUDGMENTS AGAINST THE DEFENDANTS**

**STATEMENT OF FACTS**

Plaintiff seeks to offer as evidence at the trial of this matter other federal and internal affairs civilian complaints and judgments involving Defendant City of New Haven and/or members of its police force.  It would appear that plaintiff desires the admission of this evidence to support her claim against the municipal defendant brought pursuant to 42 U.S.C. Section 1983, whereby she is alleging some unspecified unconstitutional practice, policy and custom on the part of the municipal defendant.

Plaintiff's position is that she should be permitted to put into evidence complaints, along with some associated documents, that pertain to five lawsuits brought against the City of New Haven and/or police officers employed by said City.  A variety of factual situations and alleged constitutional violations are presented by these five different lawsuits.  To the best of the undersigned's knowledge and belief, two of the lawsuits, Session v. Freeman, et al. and Colton v. Ortiz, resulted in verdicts in favor of the

defendant police officers; two of the other cases, <u>Salatto v. Bombalicki</u> and <u>Greene v. Officer Young</u>, were settled for nominal amounts without any admission of liability on the part of the defendants; and in only one case, <u>Hamilton v. Trocchio, et al</u>, was there a verdict and judgment in favor of a plaintiff.  It should be noted that none of these lawsuits involved the individual defendant in this matter, Paul Cavalier.

Plaintiff also seeks to offer into evidence other "similar Federal Complaints, Judgments and Civilian Complaints" that she does not identify.

## LAW AND ARGUMENT:

"The Supreme Court has held that a municipality may be held liable under § 1983 for constitutional deprivations caused by the execution of a policy or custom of the municipality.  (Citation omitted.)  Consequently, municipal liability under § 1983 requires proof of three elements:  (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom.  Thus, municipal liability is limited to actions for which the municipality is actually responsible.  (Citation omitted.)"  <u>Jane Doe II v. City of Hartford</u>, No. Civ. 3:01 CV1026, 2005 WL 2009051 at #4 (Nevas, J.) (D. Conn. August 22, 2005).

To establish the liability of the Defendant City of New Haven under Section 1983, the plaintiff must show that an identified municipal policy or practice was the "moving force [behind] the constitutional violation. (Citation omitted.)"  <u>Capasso v. Metropolitan Transportation Authority of the State of New York,</u> 198 F.Supp. 2d 452, 463 (S.D.N.Y. 2002).  In the absence of the existence of a municipal policy, liability may nonetheless

arise from "a course of action tailored to a particular situation" by a municipal decision maker, provided that "the decision maker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L.Ed.2d (1986).

The district court has wide discretion in controlling the admissibility of evidence at the trial of a matter. Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995). The mere fact that claims have been filed against a municipality, standing alone, do not establish a pattern, policy, or practice that can be causally related to a constitutional violation, and does not constitute evidence of the violation of Constitutional rights. Mendoza v. City of Rome, 872 F.Supp. 1110, 1118-19 (N.D. N.Y. 1994). "The mere making of a complaint does not necessarily call for discipline," and "[t]he fact of a complaint and a failure to discipline an officer in relation thereto is an insufficient basis on which to predicate liability on the City." Stengel v. City of Hartford, 652 F.Supp. 572, 574 (D. Conn. 1987). See also, Thomas v. Roach, 165 F.3d 137, 145 (2d Cir.) where it was decided that unfounded and unsubstantiated civilian complaints against defendant police officers were not sufficient to defeat a defendant municipality's motion for summary judgment. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell [that is liability under 42 U.S.C. Section 1983 against a municipality], unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105

S.Ct. 2427, 85 L.Ed.2d 791 (1985).  Lastly, the settlement of claims by a municipality, even where additional police office framing was required, will not justify a later claim against a municipality under 42 U.S.C. Section 1983 on claims of failure to train, supervise and investigate.  See <u>Fincher v. County of Westchester</u>, 979 F. Supp. 989, 1006 (S.D.N.Y. 1997).

Plaintiff has failed to identify the municipal policy or practice of the defendant city of New Haven that was the moving force behind the constitutional violation to which she was allegedly subjected.  The only label that the plaintiff has attached to her claims against the Defendant City of New Haven is the vague and non-specific one of "unconstitutional practices."  She does not show a causal connection between the alleged policies of the municipal defendant as supposedly evidenced by the complaints from these five lawsuits and the alleged deprivation of her constitutional rights.  See <u>Monell v. Department of Soc. Servs. Of the City of New York</u>, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  This "scatter gun" nature of the evidence that the plaintiff seeks to introduce through her motion in limine makes it inadmissible under Rules 402 and 403 of the Federal Rules of Evidence.  These complaints and associated paperwork from the five lawsuits, as are the unidentified "similar Federal Complaints, Judgments and Civilian Complaints, standing alone, are irrelevant pursuant to Fed.R. Evid. 402.  Even if some relevance could be ascertained from such evidence, Fed.R.Evid. 403 would act to bar its inclusion since its probative value is substantially

outweighed by the danger of unfair prejudice.  <u>Berkovich v. Hicks</u>, 922 F. 2d 1018, 1022

(2d Cir. 1991).

<u>**CONCLUSION**</u>:

       Plaintiff's motion in limine should be denied.

                     THE DEFENDANTS, PAUL CAVALIER
                     AND THE CITY OF NEW HAVEN


/s/:_____
          Michael A. Wolak, III
          Assistant Corporation Counsel
          City of New Haven
          165 Church Street
          New Haven, CT  06510
          Tel. #:  (203) 946-7970 or 7958
          Fax #:  (203) 946-7942
          E-mail: mwolak@newhavenct.net
          Fed. Bar #ct12681
          Their Attorney


<u>**CERTIFICATION**</u>

       **THIS IS TO CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on October 17, 2005, to the following pro se party:

Marty Calderon
P.O. Box 503
Norwalk, CT  06852


/s/_____
          Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D015\P003\00014071.DOC