**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2005 OCT 25  A 10: 08

MARTY CALDERON                          CASE NO.: 3:02 CV 1767 (SRU)
    PLAINTIFF
VS.


PAUL CAVALIER, ET AL.                    OCTOBER 25, 2005
    DEFENDANTS


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ALL OF HER PRIOR PROPOSED JURY INSTRUCTIONS FOR TRIAL DATE OF OCTOBER 31, 2005

    The Plaintiff submits the following memorandum of law in support of all her prior proposed jury instructions for the trial date of October 31, 2005.

    In Golino v. City of New Haven, 950 F.2d. 864, (1991), the court held that the Appellee/Plaintiff, did not have the opportunity at his criminal trial to have a full blown probable cause hearing and therefore the Appellee-Plaintiff was entitled to have the jury determine the factual issue of probable cause, not the court in that there were factual issues of whether probable cause existed in that among other things, the Appellants/Defendants gave false and misleading testimony in their affidavit.

    This case is similar to the Plaintiff's case in that the Plaintiff claims that Officer Paul Cavalier's Police Report has conflicting statements of the alleged witnesses and there are genuine issues of material fact that need to be resolved.

1

In addition, in the Plaintiff's case she has a witness, Joshua Santos, who can testify to impeachment evidence of Officer Paul Cavalier's hearsay statements in his police report.

In Joshua Santos affidavit, that the Plaintiff has submitted to this court, Mr. Santos received a call from an alleged witness, Linda Santos about the alleged October 6, 2000 incident.  In the phone call conversation, from Linda Santos to Joshua Santos about the October 6, 2000 alleged incident claimed by the Defendants, Joshua Santos was told by Linda Santos that Linda Santos was never at 125 Oakley Street, New Haven, CT when Linda Santos, biological father, Christopher Santos claimed the Plaintiff, Marty Calderon made a threat to him.  Linda Santos is the biological sister of Joshua Santos and at the time of the alleged October 6, 2000 incident, Linda Santos was working at Home Depot which is on Universal Drive in North Haven, Connecticut.

Although the Defendants have listed Linda Santos as a possible witness for their defense, they presumably will not call her as a witness.

The Plaintiff claims the Defendants have two legal evidentiary problems with their defense that they had probable cause to make an arrest of the Plaintiff on October 7, 2000.

First, the Plaintiff claims that the Defendants will not be able to offer into evidence for the jury, Officer Paul Cavalier's police report of his arrest of the Plaintiff on October 7, 2000 because it cannot be offered for the truth of the matter asserted in that Officer Paul Cavalier's police report is double hearsay and the statements allegedly made by Christopher Santos, Iris Santos, and

2

Linda Santos cannot be offered into evidence for the truth of the matter asserted. They can be offered into evidence to prove that the police report is not factual and is a lie.

The Plaintiff claims that for the Defendants to establish that they had probable cause to arrest the Plaintiff based on Officer Paul Cavalier's Police Report, the Defendants have to offer evidence that Officer Paul Cavalier was actually given a complaint by Christopher Santos, Linda Santos, and Iris Santos. The Plaintiff claims if those three witnesses do not take the stand to testify, the Defendants have not sustained their burden of proof for the defense that they indeed had probable cause to make an arrest of the Plaintiff on October 7, 2000.

The Plaintiff also claims that even if Christopher Santos, Iris Santos, and Linda Santos were to take the stand and testify, the Defendants still would have to prove under the laws of the U.S. Constitution Fourth Amendment that a)the Defendants had probable cause to arrest the Plaintiff on October 7, 2000, and b) there were exigent circumstances for the Defendants to make an arrest of the Plaintiff at the Plaintiff's home in East Haven, CT, outside of their jurisdiction of New Haven, CT. The Plaintiff claims that the Defendants cannot sustain their burden of proof of these two elements because a)their police report of the October 7, 2000 incident is not factual or credible and, b)there were no exigent circumstances to justify a Fourth Amendment violation of seizure in a citizen's home without a warrant.

The Plaintiff claims that the Defense cannot come into court and try to defend an alleged incident that they claimed occurred not in their presence

3

without any witness testimony. The Plaintiff claims that the case law is clear that an officer cannot make an arrest in a citizen's home without a warrant for an alleged crime that he did not witness.

The Plaintiff claims that the Defendants cannot sustain their burden of proof for their defense of the Plaintiff's case.

The Plaintiff claims that in her criminal case of the matter, there never was a probable cause hearing at her criminal proceedings of the matter, and the Plaintiff has a right for the jury to decide a)if probable cause existed at the time Officer Paul Cavalier arrested the Plaintiff on October 7, 2000, and b)if there were exigent circumstances to arrest the Plaintiff in her home without a warrant in violation of the U.S. Constitution Fourth Amendment.

The Judge cannot make this determination because there are genuine factual disputes as to what really happened on October 6, 2000 and if Officer Paul Cavalier is a credible witness.

In the present case the Plaintiff claims that the Defendants will not be able to prove the affirmative defense of qualified immunity for constitutional violations of the Plaintiff in that they violated the Plaintiff's U.S. Constitution Fourth Amendment rights to be free from unreasonable search and seizure of the Plaintiff in her home on October 7, 2000. The Plaintiff also claims that it was not objectively reasonable for the Defendants to arrest the Plaintiff in her own home on October 7, 2000 without a warrant based on an alleged complaint by allegedly three witnesses. If all Officer Paul Cavalier is going to do is take the stand and testify that he was told by an alleged three witnesses that the Plaintiff threatened

4

Christopher Santos on October 6, 2000, the Plaintiff claims that even if Officer

Paul Cavalier is telling the truth which the Plaintiff claims that he is not being

totally truthful, he still must sustain his burden of proving that their existed

exigent circumstances at approximately 4:30-4:50 a.m. on the morning of

October 7, 2000 as to justify arresting the Plaintiff in her home without a warrant.

The Plaintiff claims that he will not be able to prove this factually so in

essence the Defendants have no defense.

If the Defendants chose to present Christopher Santos, Iris Santos, and

Linda Santos, as additional witnesses to support the Defendants claims then the

Plaintiff has the right to cross examine them and impeach them on the stand.

The Plaintiff claims that even if these three alleged witnesses take the

stand, their testimony will be proven false and the Plaintiff claims that she has

the right to offer impeaching evidence of these type of alleged witnesses

because the credibility of complainants that the Defendants claims supports their

case that they had probable cause to arrest the Plaintiff is a factual issue that is

relevant to Officer Paul Cavalier's defense that he had probable cause to arrest

the Plaintiff without a warrant.

The Plaintiff claims that this is the reason that the State of Connecticut did

nolle prosequi the charges against her on September 17, 2002 with Judge

Conway presiding in New Haven, CT, Superior Court, because they were

unfounded and could not be proven.

The Plaintiff claims that according to the law, which is meant to protect the

innocent, Police Officers cannot make arrests in people's homes outside of their

5

jurisdiction without a warrant. This is the case in felony matters and none the less in alleged misdemeanor matters. The law allows this protection based on the U.S. Constitution Fourth Amendment because if the law would allow police officers to randomly seize people in their homes without a warrant for an alleged crime that they did not witness it would allow a lot of innocent people to be abused by the system.

The Fourth Amendment safeguards "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Constitution, Amendment IV; <u>Atwater v. City of Lago Vista</u>, 532 U.S. 318, (2001).

The law clearly states that police officers can only make such arrest based on credible witnesses and that is why the law allows for impeachment evidence of witnesses to be introduced in civil cases and criminal cases to determine probable cause and exigent circumstances. The law is not complex and it is standard criminal law procedure of which every police officer in the U.S. of America should be well versed on. If an officer of the law intentionally or negligently makes errors in judgment and violates a citizens Fourth Amendment right to be free from unreasonable seizure in her home, then the Plaintiff has a right to sue for redress from the courts and to be properly heard in a court of law as afforded by our constitution that our forefathers could so eligantly see in the future that we all have the right to life, liberty, and due process.

Courts apply the reasonable person standard to determine whether a

6

seizure under the Fourth Amendment has occurred.  See, <u>Sampson v. The city of Schenectady</u>, 160 F.Supp. 2d. 336, (2001), (Exhibit #1).


The Plaintiff claims that making certain that the officer has seen the crime committed, greatly reduces the chance of mistaken arrest.  See <u>Gramenos</u>, 797 F.2d. At 441,<u> People v. Dixon</u>, 222 N.W. 2d. 749, 751 (Mich. 1974).  According to <u>Penn. v. Commonwealth</u>, 412 S.E.2d. 189, 191 (Va. Ct. App. 1991), the court claims that the present day importance of the presence requirement to be that a police officer may not utilize information received from third persons as a basis for a warrantless misdemeanor arrest. The purpose behind the presence requirement is to prevent officers from making warrantless misdemeanor arrests based on information received from third parties.  See, <u>U.S. v. Watson</u>, 423 U.S. 411, 426-427, (1976)(Powell, J., concurring).

According to <u>Trupiano v. U.S.</u>, 334 U.S. 699, 705(1948), the dangers of unlimited and unreasonable arrests are not present where a felony plainly occurs before the eyes of an officer of law.

The court held that the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest.  See <u>Payton v. New York</u>, 445 U.S. 573, 576 (1975) and <u>Collidge v. New Hampshire</u>, 403 U.S. 443, 4747-475 (1971) (a search and seizure carried out on a suspect's premises without a warrant is per se unreasonable, unless the police can show the presence of exigent circumstances).  Also see, <u>Steagald v. U.S.</u>, 451 U.S. 204, 211-212 (1981);

McDonald v. U.S., 335 U.S. 451, 456 (1948); Boyd v. U.S., 116 U.S. 616, 630
(1886).

In Welsh v. Wisconsin, 466 U.S. 740 (1984), the court held that a
warrantless arrest of petitioner in his home violated U.S. Constitution Fourth
Amendment because the state, although demonstrating probable cause to
arrest, had not established the existence of exigent circumstances. The Court
also noted that application of the exigent-circumstances exception in the context
of a home entry was rarely appropriate when only a minor offense had been
committed. Quoting from *Welsh,*

*"To prevail in this case, the state must prove the co-existence of probable
cause and exigent circumstances, justifying the officer's conduct at the
defendant's residence. We hold that there was ample evidence supporting the
trial court's ruling that the officer's entry was justified on the basis of both
probable cause and exigent circumstances. Entry to effect a warrantless arrest
in a residence is subject to the limitations imposed by both the United States and
the Wisconsin Constitutions."*

See Payton v. New York, 445 U.S. 573 (1980), warrantless arrests only
allowed in felonies. Before agents of the government may invade the sanctity of
the home, the burden is on the government to demonstrate exigent
circumstances that overcome the presumption of unreasonableness that
attaches to all warrantless home entries. Payton, supra, at 586. See also, State
v. Guertin, 190 Conn. 440, 453, (1983),(The exigent circumstances exception is
narrowly drawn to cover cases of real and not contrived circumstances);

Commonwealth v. Forde, 367 Mass. 798, 806, (1975); Commonwealth v. Derosia, 402 Mass. 284, (1988); Commonwealth v. Huffman; 385 Mass. 122, 124, 91982), Commonwealth v. Acosta; 416 Mass. 279, 281-282 (1993). See also Connecticut law, C.G.S. Section 54-1f. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant. See Commonwealth v. Midi, 46 Mass. App. Ct. 591, 594, 708 N.E.2d. 12491999). See also, State v. McAteer, 340 S.C. 644, 646-650, 532 S.E.2d. 865, 866-868 (2000). Off-Duty Officer had no Common law or Statutory Right to Make Warrantless Arrest Outside of Jurisdiction for Misdemeanor, even if misdemeanor occurred.

Quoting from Commonwealth v. Forde, 367 Mass. At 805, "The right of police officers to enter into a home, for whatever purpose, represents a serious governmental intrusion into one's privacy. It was just the sort of intrusion that the Fourth Amendment was designed to circumscribe. For example, if a statutory, warrantless arrest for murder requires exigent circumstances to be constitutional, surely a statutory, warrantless entry to suppress loud music requires the same. See Commonwealth v. Derrick C. Kiser, 724 N.E. 2d. 348, (2000).

The Plaintiff claims that the Police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests. Indeed, the Court has recognized only a few such emergency conditions, see, e.g., Welsh v. Wisconsin, 466 U.S. 740, 750, 91984), Warden v. Hayden, 387 U.S. 294, 298-299, (1967), Schmerber v. California, 384 U.S. 757, 770-771 (1966), Michigan v. Tyler, 436 U.S. 499, 509(1978).

9

It is crucial that the court take a look at the case law and the Supreme Court opinions of related case law so that the court has an understanding of constitutional law.  Without a clear understanding of the constitutional protections of the Fourth Amendment, this court cannot properly try this case.

42 U.S.C. Section 1983 imposes liability only if there has been a deprivation of any rights, privileges, or immunities secured by the Constitution and laws.  An arrest in violation of the Fourth Amendment gives rise to a 42 U.S.C. Section 1983 claim for relief.  Dennis v. Warren, 779 F.2d. 245, (5th Cir. 1985), Guenther v. Holmgren, 738 F.2d. 879, 883 (7th Cir. 1984), 469 U.S. 1212, (1985), Landrigan v. City of Warwick, 628 F.2d. 736, 743 (1st Cir. 1980), Whitley v. Seibel, 613 F.2d. 682 (7th Circuit 1980), 676 F.2d. 245, 459 U.S. 942 (1942).

The Plaintiff claims that favorable termination of the criminal proceedings is not an element of a 42 U.S.C. Section 1983 false arrest claim, see Singer v. Fulton County Sheriff, 63 F.3d. 110 (2d. Cir. 1995).  However is there is any question as to a favorable termination of criminal proceedings for the purpose of a malicious prosecution claim should be resolved in favor of the Plaintiff and the Defendant should carry the burden to prove otherwise. See, 8 Suffolk J. Trial & App. Adv. 39.

The Fourth Amendment right implicated in a Plaintiff's malicious prosecution action is the right to be free from unreasonable seizure of the person, the right to be free of unreasonable or unwarranted restraints on liberty consistent with the concept of seizure. See Albright v. Oliver, 510 U.S. 266,

10

(1994), <u>Washington v. County of Rockland</u>, 373 F.3d. 310 (2004).

Also note that assessing witness credibility in determining probable cause police determination of witness credibility plays a prominent role in probable cause anlysis. 28 Fordham Urban Law Journal 2005.

Unlike claims for false arrest, in claims for malicious prosecution, the Plaintiff must prove that the criminal charges held against her were terminated in her favor. If the court has any question as to this element, the issue must be tried before a jury because it then becomes a factual issue for their determination.

The Plaintiff claims that to prevail on a claim for malicious prosecution she only needs four elements: 1)the Defendant initiated a prosecution against Plaintiff, 2) without probable cause to believe the proceeding can succeed, 3) the proceeding was begun with malice and, 4) the matter terminated in Plaintiff's favor. See <u>Brian v. Alexander</u>, 101 F.3d. 1479, 1484 (2d. Cir. 1996).

Under Connecticut law, any time criminal charges are dropped without some trade-off from the Defendant, or any time a civil action is resolved without payment from or order against the Defendant, the disposition is considered favorable for malicious prosecution or vexacious litigation claims. The Plaintiff claims that if the criminal action is terminated without any adjudication against the Plaintiff, the favorable termination prong is satisfied under Connecticut law. Thus, the termination of the criminal action need not indicate innocence-merely, it must not indicate guilt. See 8 Suffolk J. Trial & App. Adv. 39.

In Monell v. New York City Dept. of Social Services, 436 U.S. 658, the court established a two-part requirement for liability in official-capacity suits or suits against a governmental entity.  First, Monell required that the entity or supervisor "cause" an employee to subject another to a deprivation of the other's federal rights.  Second, Monell required that a governmental entity "policy or custom" must play a part in the deprivation of federal rights.  See Schaefer, Ann v. Wilcock, 676 F. Supp. 1092, (1987).

In Pembaur v. Cincinnati, 475 U.S. 469 (1986), Justice Brennan stated in part II-A of his plurality opinion that Monell is a case about responsibility, and that "municipal liability is limited to actions of which the municipality is actually responsible.  In Pembaur, 106 S.Ct. At 1297-1298, he stated, "Where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly.  Thus, in any supervisory liability case under 42 U.S.C. Section 1983 the proper question is whether the supervisor may fairly be said to be responsible for the deprivation of a person's civil rights.

The Plaintiff claims that qualified immunity does not extend to suits against officials in their official capacity, which is what the Plaintiff's case is.  She is not suing Officer Paul Cavalier personally.  She is suing him in his official capacity and is concurrently suing the City of New Haven for damages for Officer Paul Cavalier's conduct and the conduct of the City of New Haven Police Department.  See the following cases.  Brandon v. Holt, 469 U.S. 464, 472-473 (1985), Owen v. City of Independence, 445 U.S. 622, (1980), McKay v.

12

<u>Hammock</u>, 730 F.2d. 1367, 1374 (10th Cir. 1984).

In <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, (1982) the Supreme Court held that, "government officials performing discretionary functions generally are shielded from liability to civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  See, <u>Anderson v. Creighton</u>, 483 U.S. 635, 641 (1987).

The Plaintiff claims that the right to be free from arrest or prosecution in the absence of probable cause is a long established constitutional right.  A Police officer is entitled to qualified immunity shielding him or her from a claim for damages for false arrest where (1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest, 2)reasonably competent police officers could disagree as to whether there was probable cause to arrest.  See <u>Golino v. City of New Haven</u>, 950 F.2d. 864 (2d. Cir. 1991).

A police officer only has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers.  See <u>O'Neill v. Krzeminski</u>, 839 F.2d. 9, 11(2d. Cir. 1988).  Failure to intercede to prevent an unlawful arrest can be grounds for 42 U.S.C. Section 1983 liability.  A police officer cannot be held liable in damages for failure to intercede unless such failure permitted fellow officers to violate a suspect's clearly established statutory or constitutional rights of which a reasonable person would have known.  See <u>Ricciuti v. N.Y.C. Transit Authority</u>, 124 F.3d. 123 (1997).

13

No arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee.  See Ricciuti v. N.Y.C. Transit Authority, 124 F.3d. 123 (1997).  The Plaintiff claims in the present case, that Officer Paul Cavalier made a police report that was not factual and not based on credible witnesses. The Plaintiff therefore claims based on the evidence before the jury, they could reasonably find that the Defendants violated the Plaintiff's clearly established constitutional rights by conspiring to fabricate evidence of which was forwarded to a prosecutor for prosecution.

Causation can be shown by a municipality's failure to act once it was on notice that its procedures were constitutionally deficient, Bielevicz v. Dubinan, 915 F.2d. 845, 851 (3d. Circuit 1990); Linden v. Spagnola, 2002 U.S. Dist. Lexis 14573.

An official who fabricates evidence for use in a criminal proceeding violates the Fourth Amendment, see Miller v. Pate, 386 U.S. 1, 7 (1967), Washington v. Buraker, 322 F. Supp. 2d. 702, (2004); City of Clarksburg, 81 F.3d. 416.

The Plaintiff will claim in her testimony at trial that she never made a threat or criminally trespassed Christopher Santos' property as stated in Officer Paul Cavalier's Police Report.  Therefore, the Plaintiff then claims that it will be the Defendant's burden to prove that they had probable cause and exigent circumstances to arrest the Plaintiff in her home in violation of the U.S. Fourth Amendment.

14

PLAINTIFF _Marty C_
Marty Calderon
P.O. Box 503
Norwalk, CT 06852

## CERTIFICATION

I certify that the aforementioned was delivered on October 25, 2005 to the
following Defendant's counsel:

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Telephone:  (203) 946-7970 or 7958
Fax:  (203) 946-7942
E-mail:  mwolak@newhavenct.net

PLAINTIFF _Marty_
Marty Calderon
P.O. Box 503
Norwalk, CT 06852