UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

MARTY CALDERON

CASE NO.: 3:02 CV01767(SRU)

2005 NOV -9  P 12: 44

VS.

U.S. DISTRICT COURT
BRIDGEPORT, CONN

PAUL CAVALIER, ET AL.

NOVEMBER 7, 2005

## MOTION FOR A NEW TRIAL FOR THE PLAINTIFF BECAUSE JURY VERDICT WAS WRONG ON CLAIM OF FALSE ARREST PURSUANT TO THE FRCP 59 ET SEQUENCE

The Plaintiff respectfully asks the court to set aside the verdict of the jury and grant the Plaintiff a Motion for a New Trial as matter of law on her claims of false arrest pursuant to the Federal Rules of Civil Procedure 59 et sequence for the foregoing reasons.

The Plaintiff claims that on November 1, 2005, after a motion by the Defendants on the Plaintiff's malicious prosecution claims and municipal liability claims and claims for defamation, the court awarded a directed verdict without trial to the Defendants over the Plaintiff's objections.

On November 1, 2005 the Plaintiff's remaining claim of false arrest was submitted to the jury for judgment, after a trial on October 31, 2005 and November 1, 2005 of the factual disputes and the Jury returned a verdict on November 1, 2005 that the Defendant's did not falsely arrest the Plaintiff.

On November 1, 2005, the Honorable Judge Stefan R. Underhill held a Jury Instruction conference on the record with Susan Catucci, the court reporter, the Plaintiff, Marty Calderon, and the Defendant's counsel, Attorney Michael Wolak.

1

At the jury instruction conference on November 1, 2005, Judge Stefan R. Underhill gave the Plaintiff and the Defense his version of his jury instructions which was a total of 29 pages. No where in Judge Stefan R. Underhill's jury instructions did the Judge instruct the jury of a)that exigent circumstances must exist to arrest the Plaintiff in her home without a warrant and, b) the element and necessity that an alleged misdemeanor crime not committed in an officer's presence does not justify a warrantless arrest in the Plaintiff's home.

On November 1, 2005, at the jury instruction instruction conference the Plaintiff objected to Judge R. Underhill's jury instructions not containing the instructions regarding exigent circumstances to make an arrest and also not containing the instructions of the necessity that the alleged crime must be committed in an officer's presence in order to make a warrantless arrest of the Plaintiff in her home. After the Plaintiff stated her objections, Judge Stefan R. Underhill, overuled the Plaintiff's objections. The Plaintiff claims she preserved her jury instructions objections for the record at the jury instruction conference.

Judge Stefan R. Underhill did submit to the jury his jury instructions which contained the instruction of, "If you find the Defendant arrested the Plaintiff in her home, then you must find for the Plaintiff."

Due to Judge Stefan R. Underhill's instructions to the jury, the Plaintiff claims that the jury was incorrect in their verdict that the Defendants did not falsely arrest the Plaintiff on October 7, 2000.

The trial lasted which lasted the two days of October 31, 2005 and November 1, 2005, included testimony by the Plaintiff, Marty Calderon, the Defendant, Officer Paul

Cavalier, and East Haven Police Department Officer Brian Kelly, who was basically an escort for Officer Paul Cavalier when he came to the Plaintiff's home on October 7, 2000 between 4:30 and 4:50 am on October 7, 2000 as exhibited by the Plaintiff's Exhibit # 57, East Haven Police Dispatch Report of Officer Paul Cavalier Looking to Make an Arrest of the Plaintiff, with times of 4:16 -4:49 am dated October 7, 2000 and also as exhibited by the Plaintiff's Exhibit #166, Superior Court Uniform Arrest Report with dated of October 7, 2000 and time of arrest is 4:50 a.m.

Officer Paul Cavalier took the witness stand on October 31, 2005 and November 1, 2005. The Plaintiff elicited direct testimony from Officer Paul Cavalier on these trial days. The Defendant Officer Paul Cavalier testified that he arrested the Plaintiff in her home at 43 Prospect Place, Ext. in East Haven, CT sometime after 4:16 am on October 7, 2000. The Defendant Officer Paul Cavalier testified that he came into the Plaintiff's home, the Plaintiff was dressed in her housecoat upon arrival, and that he was arresting the Plaintiff for making a threat to her ex-husband, Christopher Santos, just like his police report states. The Defendant Officer Paul Cavalier testified that after he came into the Plaintiff's house on October 7, 2000, he had to wait for the Plaintiff to change into clothes and that the Plaintiff took about twenty minutes to get dressed. The Defendant Officer Paul Cavalier testified that the Plaintiff made a phone call.

The Plaintiff testified that when the Defendant Officer Paul Cavalier came to her house, that he rang her doorbell and knocked on her door at around 4:30 am and when the Plaintiff looked out the window, the Defendant Officer Paul Cavalier yelled at the Plaintiff to open the door or he will break it down. Both Officer Paul Cavalier and the East Haven Police Officer, Brian Kelly testified that after the Plaintiff opened her house

3

door, they both came into the house and waited for the Plaintiff to change her clothes. The Plaintiff Marty Calderon testified that she told Officer Paul Cavalier that she did not threaten her ex-husband.

Officer Brian Kelly testified on November 1, 2005 that it took about ten (10) minutes for the Plaintiff to get dressed. Officer Brian Kelly testified that Officer Paul Cavalier told the Plaintiff that she was under arrest. Officer Brian Kelly testified after the Plaintiff asked the question, "Was the Plaintiff, Marty Calderon free to leave?"---Officer Brian Kelly testified, "No." Officer Brian Kelly also looked at the Plaintiff's Exhibit #57, East Haven Police Dispatch Report dated October 7, 2000 and testified that he was dispatched to the Plaintiff's house at 43 Prospect Place Extension, East Haven, CT by Officer Paul Cavalier because the town of East Haven is not within the jurisdiction of the New Haven Police Department. Officer Brian Kelly also testified that the East Haven Police Department also calls the New Haven Police Department when they are making arrests in New Haven, CT.

On November 1, 2005, after Judge Stefan R. Undherhill gave the jury instructions to the jury and read them to the jury, the jury was sent to the jury deliberation room after 4:00 pm and deliberated until shortly before 5:00 pm. During the jury deliberation, the jury foreman came back into the courtroom with one question for the court which was, "When is a person arrested?"---after which Judge Stefan R. Undherhill had the jury come back into the courtroom from deliberating so that he could answer this question.

When the jury came back into the courtroom, Judge Stefan R. Undherhill gave the instruction to the jury that a person is under arrest when, "They are not free to leave."

The Plaintiff claims that is is clear from the trial testimony and police records

4

what happened on October 7, 2000 between 4:30 am and 4:50 am. Officer Paul Cavalier and Officer Brian Kelly came to the Plaintiff's house to arrest the Plaintiff for allegedly threatening her ex-husband after the Officer Paul Cavalier had taken a statement from the Plaintiff's ex-husband, Christopher Santos, at about 11:30 pm on October 6, 2000.

It is clear from the trial testimony that the Plaintiff was not free to leave after both Officer Paul Cavalier and East Haven Police Department Officer Brian Kelly came into the Plaintiff's home on October 7, 2000 in that Officer Brian Kelly testified to that and both Defendant Officer Paul Cavalier and Officer Brian Kelly admitted that they were waiting for the Plaintiff to change her clothes in that she was presumably sleeping when they came because the Plaintiff was in her housecoat. Officer Paul Cavalier testified that he had to wait (20) twenty minutes for the Plaintiff to get dressed, and Officer Brian Kelly testified that he had to wait (10) ten minutes for the Plaintiff to get dressed. It was also admitted during trial testimony that the Plaintiff made a phone call while she was getting dressed. There is no doubt that once Officer Paul Cavalier and Officer Brian Kelly came into the Plaintiff's house on October 7, 2000 at about 4:30 am that the Plaintiff was not free to leave in that Officer Paul Cavalier was making an arrest of the Plaintiff for allegedly threatening her ex-husband on October 6, 2000 and an alleged simple trespass of 125 Oakley Street, New Haven, CT on October 6, 2000. The Plaintiff claims that there is no doubt that the Plaintiff was forced to change her clothes because she was being arrested by the Defendant Officer Paul Cavalier and had to go with him because she was under arrest.

Therefore, the Plaintiff claims that even according to the jury instructions that Judge Stefan R. Underhill chose to give the jury which were his own, "If you find the

Defendants arrested the Plaintiff in her own home, then you must find for the Plaintiff," the jury's verdict that the Defendants did not falsely arrest the Plaintiff could not have been correct because it was clear from the trial that the Plaintiff was arrested in her own home and the jury verdict was wrong according to the jury instruction that Judge Stefan R. Undherhill gave them.

It is for the aforementioned mentioned reasons that the Plaintiff respectfully requests the court to grant the Plaintiff a Motion for a New Trial on her false arrest claim, as a matter of law, because the jury verdict was wrong based on Judge Stefan R. Unerhill's instructions to them on November 1, 2005.

**HEARING REQUESTED**

THE PLAINTIFF

BY: *Marty Cal* [signature]

Marty Calderon, Pro Se
P.O. Box 503
Norwalk, CT  06852

## **CERTIFICATION**

I certify that the Plaintiff has mailed her FRCP 59 Motion for a New Trial, on November 7, 2005 by U.S. mail to:

>Michael A. Wolak, III
>Assistant Corporation Counsel
>165 Church St., 4th floor
>New Haven, CT  06510
>Federal Bar # ct12681
>Telephone: (203) 946-7970 or 7958
>Fax # (203) 946-7942
>E-mail: mwolak@newhavenct.net
>Their Attorney

>THE PLAINTIFF/
>BY: *Marty Ca* [signature]

>Marty Calderon, Pro Se
>P.O. Box 503
>Norwalk, CT  06852

## ORDER

The aforementioned Plaintiff's FRCP 59 Motion for a New Trial is hereby granted.

---

Judge Stefan R. Undherhill